IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LEVI LAPP STOLTZFOOS
    Petitioner

13-2688

Docket No.

v.

Judge:

JOHN E. WETZEL, SECRETARY,
COMMONWEALTH OF PENNSYLVANIA;
DEPARTMENT OF CORRECTIONS;
KATHLEEN KANE, ESQUIRE,
ATTORNEY GENERAL OF
COMMONWEALTH OF PENNSYLVANIA
    Respondent[s]

FILED
SCRANTON
NOV 01 2013
PER _____
DEPUTY CLERK

## PETITION FOR WRIT OF HABEAS CORPUS

### AND

### MEMORANDUM OF LAW

Submitted By;

Levi Lapp Stoltzfoos
Inmate Number HR-7274
Unit G
1 Kelley Drive
Coal Township, PA 17866-1021

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LEVI LAPP STOLTZFOOS
    Petitioner

                                      Docket No.

    v.                             Judge:

JOHN E. WETZEL, SECRETARY,
COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF CORRECTIONS:
KATHLEEN KANE, ESQUIRE,
ATTORNEY GENERAL OF
COMMONWEALTH OF PENNSYLVANIA
    Respondent[s]

## PETITION FOR WRIT OF HABEAS CORPUS

### AND

## MEMORANDUM OF LAW IN SUPPORT THERETO

### PETITIONER

1. Petitioner, Levi Lapp Stoltzfoos, [hereinafter Petitioner], inmate number, HR-7274, is presently incarcerated at SCI-Coal Township, Unit G, 1 Kelley Drive, Coal Township, Pennsylvania 17866-1021.

### RESPONDENT[s]

2. John E. Wetzel, Secretary for the Commonwealth of Pennsylvania, Department of Corrections, with his principle office located at 2620 Lisburn Road, P.O. Box 598, Camp Hill, Pennsylvania 17001-0598.

- 1 -

3. Kathleen Kane, Esquire, Attorney General, for the Commonwealth of Pennsylvania, with her principle office located at 15th Floor, Strawberry Square, Harrisburg, Pennsylvania, 17120.

## JURISDICTION

4. Jurisdiction of this Honorable Court to review and determine the legality of the conviction against this Petitioner, and the claims set forth within this Petition and Memorandum of Law is under 28 U.S.C. § 2254, 18 U.S.C. § 3006A, [known as the Innocence Protection Act] and 28 U.S.C. § 2403, Challenge to the Constitutionality of 18 Pa. C.S.A. § 5111, subsection [a][2][3].

## STATEMENT OF THE CASE

**Procedural History**

5. Petitioner, Levi Lapp Stoltzfoos, was arrested on October 26, 2006, by the Office of Attorney General, and charged with fifty eight [58] counts of Dealing in Proceeds of Unlawful Activities, under Pennsylvania Criminal Statue, 18 Pa. C.S.A. § 5111, subsection [a][2][3], and one count [1] of Intentionally receiving, retaining, or disposing of movable property of another, under Pennsylvania Statue, 18 Pa. C.S.A. § 1925, subsection [a].

Petitioner, upon arrangement before the Honorable Rodney H. Hartman, Jr., Magistrate Judge, posted the required surety, and was released pending disposition of the instant case.

Petitioner, after a jury trial was found guilty of all fifty eight counts under 18 Pa. C.S.A. § 5111, and not guilty of 18 Pa. C.S.A. § 1925, subsection [a]. On July 22, 2008, the Court of Common Pleas of Lancaster County, Pennsylvania, Honorable Howard F. Knisely,

Presiding Judge in this instant case, sentenced this Petitioner to an aggravated term of incarceration of one [1] to five [5] years for count one [1], and a consecutive term of incarceration of one [1] to five [5] years for the remaining counts of two through fifty eight, inwhich the total term of incarceration for all counts is two [2] to ten years [10] years.

Included with the term of incarceration, the Court of Common Pleas levied a fine upon this Petitioner, in the amount of Five Hundred and Forty Thousand Dollars [$540,000.00], the entire amount that was obtained from this Petitioners savings accounts at all of the banks involved.

Petitioner, after demanding that defense counsel file a appeal with the Superior Court of Pennsylvania, and no response to these demands, filed a Petition For Post-Conviction Collateral Relief on December 5, 2008, included with this petition was a Motion For Appointment of Counsel.

On December 31, 2008, the Honorable Howard F. Knisely, Presiding Judge in this case, re-instated this Petitioner's appeal right to the Superior Court, in which said Notice of Appeal was filed with the Superior Court on the same date of December 31, 2008.

On July 8, 2011, the Supreme Court of Pennsylvania denied this Petitioner's, Petition for Allowance of Appeal and accordingly, on July 13, 2011, this Petitioner filed with the Court of Common Pleas of Lancaster County, a Petition for Post-Conviction Collateral Relief and as required under this PCRA Act, Judge Knisely appointed Vincent J. Quinn, Esquire as counsel for the within PCRA.

On August 29, 2011, PCRA counsel, Vincent Quinn, filed a amended PCRA petition, and on November 9, 2011, Judge Knisely, issued a order denying the PCRA filed by this Petitioner. and accordingly, a Notice of Appeal to the Superior Court of Pennsylvania, Middle District was filed on December 6, 2011. On December 8, 2011, Judge Knisely entered an Order directing this Petitioner to file with the Lower Court, Petitioner's Statement of Matters Complained of on Appeal. On December 22, 2011, Petitioner served on Judge Knisely, said matters complained of on Appeal. On February 3, 2012, Judge Knisely entered his opinion Pursuant to Pa. R.A.P. 1925.

Since this Petitioner was denied a Evidentiary Hearing, the facts set forth for purposes of this Petition For Writ of Habeas Corpus are contained within this timely petition.

The criminal statue that this Petitioner was charged under 18 Pa. C.S.A. § 5111 [a][3], was amended by the Pennsylvania Legislature in 2002, which is identified as 2002-82, Senate Bill Number 1109.

Under Pennsylvania Constitution, Article III, subsection [3], states the following:

> No bill shall be passed containing more than
> one subject, which shall be clearly expressed
> in its title, except a general appropriate bill
> or a bill codifying or compiling the law or a
> part thereof.

This Petitioner was found guilty by the jury and subsequently sentenced based on violating the provisions of this criminal statue, 18 Pa. C.S.A. § 5111, [a][3], which was included in the amendment

- 4 -

under Act 2002-82, Senate Bill Number 1109.

The issues raised in this Petition For Writ of Habeas Corpus concerning the constitutionality of the enactment of Pa. C.S.A. § 511, [a][3], and not meeting the elements of the crime, have been preserved for review by this Honorable Court.

**Summary of Argument**

6. Trial counsel was totally ineffective for failing to challenge the legality of Pa. C.S.A. § 5111, [a][3] as being unconstitutional as enacted, in particular, this piece of legislation violated the provision of Pennsylvania Constitution, Article III, subsection [3], which clearly provides that no bill shall be passed containing more than one subject. This Act contains various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, and other mentioned crimes. These portions of this amended crimes code, neither sufficiently germane nor bear a proper legislation relation to dealing in proceeds of unlawful activities.

This Petitioner was prejudiced in that trial counsel failed to litigate the constitutionality of 18 Pa. C.S.A. § 5111, [a][3].

7. This Petitioner was unlawfully prosecuted for the offense as stated, whereas, this Petitioner is not guilty of any criminal activity. The records of the case, conclude that this Petitioner, was not conducting any criminal activity, just taking advantage of his Constitutional Right to do his banking as he sees fit, not as the

government wants you to do. This would infringe upon a persons right to be free from **"Government Control of a persons wish."**

## Constitutional Challenge

In Pennsylvania Criminal Statue, 18 Pa. C.S.A. § 5111, subsection [a][3], it is clearly identified that this criminal statue, as amended, is unconstitutionally overbroad. This subsection [a][3] divorces it self from the title of the mentioned statue, **"Dealing in proceeds of unlawful activities."** The clear purpose of the statue is to prevent criminals and criminal organizations, including drug dealers and terrorist groups from hiding their assets. Although the title of a statue does not control, it must be assumed **"In interpreting any Act of the Assembly"**. Commonwealth v. Derstine, 418 Pa. 186, 189, 210 A.2d 266, 268 [1965].

In **City Stores Co. v. City of Philadelphia, 376 Pa. 482, at pages 487-488, 103 A.2d 664, at page 667,** the Court said **"The title is always a part of a statue or ordinance and, as such, must be considered in construing the enactment[.]"**

In this Petitioner's case, there was absolutely no allegation, nor was it ever proved at trial, that this Petitioner's funds were derived from any unlawful activities. This Petitioner's allegedly criminal conduct consisted solely of structuring his financial transactions in such a way as to avid generating a currency transaction report.

Theoretically, an perfectly law-abiding person, such as this

- 6 -

Petitioner, with no criminal intent other than to simply avoiding a CTR, could make a cash deposit of $9,900. of honest hard working funds into a savings account at a local bank and spend the next twenty years in a state penitentiary.

This was not the intention of the General Assembly, to convict a hard working person of a crime by avoiding the CTR. This would be unconscionable and absorb. The Failing to consider the statue's title, "Dealing in proceeds of unlawful activities."

The General Assembly's intention of this statue is a strict liability statue, which prohibits constitutionally protected activity.

> Unconstitutional over-breadth only pertains relative to First Amendment free speech concerns. However, the term is sometimes used in non-speech cases to mean that the challenged statue either sweeps excessively broadly so as to be beyond the state's legitimate police powers, and/or by criminalizing a significant amount of constitutionally protected activity, or is arbitrary and capricious because it leads to the imposition of punishment bearing little relation to any legitimate government interest.

There is absolutely no compelling state interest in punishing a person who knowingly evades the reporting requirements. Business owners themselves do this every day so as to avoid this reporting requirement.

In **Ratziaf v. United States, 510 U.S. 135, 114 S.Ct. 655 [1994]** expressly rejected the argument "That by their very conduct, a person avoiding a reporting requirement, does not exhibit a purpose to do wrong". The United States Supreme Court pointed out that structuring

a financial transaction is not an **"inevitable nefarious"** activity. Law abiding citizens frequently structure transactions to avoid a report, regulation, or tax without violating the law. See <u>Helvering v. Gregory</u>, 69 F.2d 809, 810 [2nd Cir. 1934]. [L. Hand, J.] ["Anyone may so arrange his affairs that his taxes shall be as low as possible' he is not bound to choose that pattern which will best pay the treasury; there is not even a patriotic duty to increase one's taxes"]. aff'd, 23 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 [1935].

In <u>United States v. Ismall</u>, 97 F.3d 50, 57 [4th Cir. 1996], the Court stated that in the absence of some underlying criminal purpose, and absolutely no evidence introduced at this Petitioner's trial, the exact same issue pertains to this Petitioner's case. Whereas, this Petitioner stated very clearly, **"that he don't want any part of government investigation or harassment"**.

The Supreme Court of Pennsylvania has acknowledged that a person has a legitimate expectation of privacy in banking records. **<u>Commonwealth v. Dejohn</u>**, 486 Pa. 32,. 459, 403 A.2d 1283, 1291 [1979].

The disclosure of the substantive bank records that was the subject of the standing decision in **Dejohn**, on its face of the criminal statue that this Petitioner was charged under, and without due consideration of the title of the statue, subsection 5111[a][3] applies to a wide range of constitutionally protected activity.

In the absence of any nexus established at the trial of this Petitioner, between the funds deposited by this Petitioner, and

absolutely no criminal activity was submitted by the Commonwealth in the trial, and in line with the title of the statue and its purpose in preventing criminal wrongdoers from hiding their criminal activity and the fruits thereof by avoiding reporting requirements, this Petitioner's contention is that Pennsylvania Criminal Statue, 18 Pa. C.S.A. 5111, subsection [a][3], is unconstitutional whereas it is overbroad as this criminal statue was applied to this Petitioner's case.

## INEFFECTIVE COUNSEL CLAIM

The importance of reasonable investigation and preparation in whether or not this Petitioner received effective counsel through out his case is determined by several issues. Whereas, in determining whether this Petitioner received effective counsel that meets the constitutional standards is emphasized by the United States Supreme Court in <u>Powel v. Alabama</u>, 287 U.S. 45, 57-58, 53 S.Ct. 55, 77 L.Ed. 158 [1932].

This Petitioner after submitting all of the evidence to counsel of record, and demanding that counsel challenge the constitutionality of the statue that this Petitioner's was charged under and counsel's failure to do so, denied this Petitioner his constitutional right of Equal Protection of the Law and right to Due Process.

## CONCLUSION

This Petitioner has submitted documentation, evidence, and exhibits that will prove that this Petitioner is an innocent person who was unlawfully convicted under a unconstitutional statue.

## PRAYER FOR RELIEF

This Petitioner prays to this Honorable Court for the relief requested.

Petitioner requests that this Court grant any and all relief to correct this Petitioner's unlawful conviction.

Respectfully submitted

*[signature]*

Levi Lapp Stoltzfoos
Inmate Number HR-7274
Unit G
1 Kelley Drive
Coal Township, PA 17866-1021

# AFFIDAVIT

I, Levi Lapp Stoltzfoos, sware under penalty of perjury, that all information and statements contained within the foregoing Petition For Writ of Habeas Corpus and Memorandum of Law are true and correct.

Executed on this __25__ day of __October__, 2013, at SCI-Coal Township, 1 Kelley Drive, Coal Township, PA 17866-1021

Notary Seal

_____
Levi Lapp Stoltzfoos