IN THE SUPERIOR COURT OF PENNSYLVANIA
MIDDLE DISTRICT

---

### No. 2148 MDA 2011

---

COMMONWEALTH OF PENNSYLVANIA
Appellee

V.

LEVI LAPP STOLTZFOOS
Appellant

---

### BRIEF FOR APPELLEE

---

Appeal from the Order Entered November 8, 2011, at No. 5995-2006 in the Court of Common Pleas of Lancaster County, denying post conviction relief

LINDA KELLY
Attorney General

RICHARD A. SHEETZ, Jr.
Executive Deputy Attorney General
Director, Criminal Law Division

JAMES P. BARKER
Chief Deputy Attorney General
Appeals and Legal Services Section

ANDREA F. McKENNA
Senior Deputy Attorney General
Appeals and Legal Services Section
Attorney ID 39717

Office of Attorney General
Appeals and Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-6348
Date: March 28, 2012

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................................i

TABLE OF AUTHORITIES ................................................................................................ii

SCOPE AND STANDARD OF REVIEW ............................................................................1

COUNTER-STATEMENT OF THE CASE.........................................................................2

    *Facts Supporting The Conviction*........................................................................................3

SUMMARY OF ARGUMENT .............................................................................................4

ARGUMENT .........................................................................................................................5

  The PCRA Court Did Not Error In Dismissing The Petition Without A Hearing As

  Determination Of The Sole Issue Turned On A Matter Of Law....................................5

CONCLUSION .......................................................................................................................9

CERTIFICATE OF SERVICE............................................................................................10

AVERMENT REGARDING COMPACT DISC

APPENDIX "A" – Superior Court Opinion dated October 26, 2010

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Philadelphia v. Commonwealth*, 838 A.2d 566 (Pa. 2003). .................................................. 6

*Commonwealth v. Davidson*, 595 Pa. 1, 938 A.2d 198 (2007). ...................................................... 6

*Commonwealth v. Jones*, 571 Pa. 112, 131, 811 A.2d 994 (2002) ................................................ 8

*Commonwealth v. Jones*, 912 A.2d 268 (Pa. 2006). ....................................................................... 1

*Commonwealth v. Legg*, 669 A.2d 389 (Pa. Super.1995) ................................................................ 1

*Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). ...................................................... 8

*Commonwealth v. Stoltzfoos*, No. 30 MDA 2009 (Pa. Super. October 25, 2010) ......................... 5

*Commonwealth v. Stoltzfoos*, No. 30 MDA 2009 (Pa. Super. October 26, 2010) ......................... 2

*Commonwealth v. Strong*, 563 Pa. 455, 761 A. 2d 1167 (2000). .................................................... 1

*Commonwealth v. Washington*, 927 A. 2d 586 (Pa. 2007). ............................................................ 8

*Payne v. School Dist. Of Borough of Coundersport*, 168 Pa. 386, 31 A. 1072 (Pa. 1895). ............ 6

*Stilp v. Commonwealth*, 588 Pa. 539, 601, 905 A.2d 918 (Pa. 2006) ............................................ 6

**Statutes**

18 Pa.C.S. §5111 .............................................................................................................. 2, 3, 5

## SCOPE AND STANDARD OF REVIEW

The standard of review of the denial of post conviction relief is whether the findings of the PCRA court are supported by the record and are free of legal error. *Commonwealth v. Strong*, 563 Pa. 455, 761 A. 2d 1167, 1170 n.3 (2000). When the findings of a post conviction court are supported by the record, the reviewing court will not disturb those findings. *Commonwealth v. Legg*, 669 A.2d 389, 391 (Pa. Super.1995); *Commonwealth v. Jones*, 912 A.2d 268 (Pa. 2006).

## COUNTER-STATEMENT OF THE CASE

Levi Lapp Stoltzfoos appeals from the denial of post conviction relief.

Stoltzfoos was prosecuted by the Office of Attorney General and convicted in 2008 after a jury trial. He was found guilty of 58 counts of conducting a financial transaction to avoid a transaction recording requirement under state or federal law, 18 Pa.C.S. §5111(a)(3). He was sentenced July 22, 2008 by the Honorable Howard F. Knisely of the Court of Common Pleas of Lancaster County to an aggregate term of two to ten years in a state correctional facility. Stoltzfoos, through counsel, filed a motion to modify sentence which alleged that the lower court erred in applying an offense gravity score of "eight." The lower court denied the motion.

Stoltzfoos did not file a timely direct appeal. However, on December 5, 2008, Stoltzfoos filed a counseled petition pursuant to the Post Conviction Relief Act and requested the restoration of his right to direct appeal. The lower court granted relief by order of December 5, 2008, and Stoltzfoos timely filed a notice of appeal. On appeal, Stoltzfoos raised ten issues, including two claims that the offense of conducting a financial transaction to avoid a transaction recording requirement under state or federal law, 18 Pa.C.S. §5111(a)(3), was unconstitutional in various regards.

Judgment of sentence was affirmed by memorandum opinion. *Commonwealth v. Stoltzfoos*, No. 30 MDA 2009 (Pa. Super. October 26, 2010), Ford-Eliot, J. dissenting. Stoltzfoos sought allowance of appeal in the Pennsylvania Supreme Court. The petition was denied June 16, 2011.

Stoltzfoos timely filed a *pro se* petition for post conviction relief;[1] counsel was appointed and an amended, counsel petition was filed August 29, 2011. Upon representation of PCRA counsel, Stoltzfoos is now serving his sentence on parole. In accordance with Pa.R.Crim.P. 907, the lower court, by Judge Knisely, reviewed the record and found that the petition presented no genuine issues of material fact and that no purpose would be served by further proceedings. The lower court then issued a notice of intent to dismiss the petition and did so by order of February 3, 2012.

Stoltzfoos then brought this appeal.

### *Facts Supporting The Conviction*

During a six-week period in 2006, Stoltzfoos made bank deposits totaling $542,000 in cash. He made a total of 58 cash deposits at ten different banks. Each cash deposit was just under $10,000. Superior Court opinion on direct appeal, pp.1-5, appended herein. Stoltzfoos had known since 1999 that a cash deposit in excess of $10,000 triggered reporting requirements. N.T. 90-92; Commonwealth Trial Exhibit 20. Based on his banking activity and his knowledge of the law, Stoltzfoos was convicted of section 5111(a)(3) of the Crimes Code which provides that is it a first degree felony to conduct a financial transaction so as "[t]o avoid a transaction reporting requirement under State or Federal law." 18 Pa.C.S. §5111(a)(3).

---

[1] Because the first PCRA petition filed by Stoltzfoos resulted in the restoration of direct appeal rights, this second petition for post conviction relief is to be treated as an initial petition. *Commonwealth v. Karanicolas*, 836 A. 2d 940 (Pa. Super. 2003). The petition, filed in August of 2011, is timely in that it was filed within one year of the date the judgment of sentence became final. *See* 42 Pa.C.S. §9545(b)(1). For purposes of the PCRA, a judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. §9545(b)(3). For Stolzfoos, the judgment of sentence became final 90 days after the Pennsylvania Supreme Court denied allowance of appeal on June 16, 2011 and the period in which to seek certiorari in the U.S. Supreme Court expired. See U.S.S.Crt. R. 13.

## SUMMARY OF ARGUMENT

Because the sole issue raised on post conviction relief could be resolved as a matter of law, the lower court did not error in denying post conviction relief without a hearing. The lower court conducted a thorough analysis of the state constitutional claim on which the allegation of ineffective assistance was based. The lower court properly determined there was no arguable merit to the claimed constitutional infirmities and, accordingly, properly denied post conviction relief.

## ARGUMENT

### I.    The PCRA Court Did Not Error In Dismissing The Petition Without A Hearing As Determination Of The Sole Issue Turned On A Matter Of Law.

The sole issue raised on post conviction relief is whether the lower court erred in denying the PCRA petition without holding a hearing on the claim of whether trial counsel was ineffective for failing to argue that 18 Pa.C.S. §5111, dealing in proceeds of unlawful activities, violates the Pennsylvania Constitution, on grounds that the bill contained more than one subject, and that the subject of the bill is not clearly expressed in the title. Amended PCRA Petition, ¶ 18.

The procedural rules are clear that a PCRA petition may be disposed of without a hearing "[i]f the judge is satisfied from [a review of the petition and response, if any] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief. . . and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1). The issue of the effective assistance of trial counsel turns on a matter of law: that is, whether there is arguable merit to the claimed unconstitutionality of section 5111 of the Crimes Code. The determination of this question does not depend on obtaining facts from witnesses. It is a matter of record that trial counsel did not raise this particular claim of unconstitutionality, but instead raised the claims that the statute violated the federal constitution in that it was overbroad and void for vagueness. (These constitutional claims were rejected on direct appeal. *Commonwealth v. Stoltzfoos*, No. 30 MDA 2009 (Pa. Super. October 25, 2010), Ford-Eliot, J., dissenting.) The current constitutional issue, like the others, turns on legal analysis. For these reasons, the lower court did not error in disposing of the petition without a hearing.

Further, the lower court correctly found no reasonable basis to the claimed ineffectiveness. Duly enacted legislation is presumed valid and unless it clearly, palpably and plainly violates the Constitution, it will not be declared unconstitutional. *Commonwealth v. Davidson*, 595 Pa. 1, 938 A.2d 198 (2007). Judge Knisely conducted a thorough an analysis of the constitutional issue underlying the claimed ineffectiveness. The Commonwealth relies on that analysis which is set out below:

> Article 3, § 3 of the Pennsylvania Constitution, commonly referred to as the single subject rule, provides:
>
>> § 3. Form of bills.
>>
>> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.
>
> Pa. Const. Art. 3, § 3. The single-subject rule serves to prevent intentionally disguising the purpose of a bill through a misleading title or by hiding unfavored measures in popular bills that are likely to pass. *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 586 (Pa. 2003). In other words, the purpose of the rule is to provide fair notice to legislators and the public of all proposed enactments and their true effects. *See id.*
>
> Generally, considering bills are frequently amended through the legislative process, the single-subject rule is satisfied where the provisions added "assist in carrying out a bill's main objective or are otherwise 'germane' to the bill's subject as reflected in its title." *Stilp v. Commonwealth*, 588 Pa. 539, 601, 905 A.2d 918, 955 (Pa. 2006)(citing *PAGE*, supra). Indeed, "[f]ew bills are so elementary in character that they may not be subdivided under several heads; and no two subjects are so wide apart that they may not be brought into a common focus." *Payne v. School Dist. Of Borough of Coundersport*, 168 Pa. 386, 31 A. 1072 (Pa. 1895). However, defining a constitutionally-valid subject too broadly risks stripping the single-subject rule of its purpose. *PAGE, supra*, at 395.
>
> With these principles in mind, the Court turns to Act 82, Senate Bill 1109 ("SB 1109"). SB 1109, printer's no. 1389, was first referred to the Judiciary Committee on October 9, 2001. At that time, SB 1109's short title listed the titles of the sections of the Crimes Code that the bill was amending:
>
> "AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for terroristic threats, for bomb threats,

for false alarms to agencies of public safety and for harassment and stalking by communication." *See* S.B. 1109, 2001-2002 Sess. (Pa. 2001)(printer's no. 1389), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm? txtType=PDF&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109 &pn=1389. While the sections listed in SB 1109's short title are contained in differing chapters of the Crimes Code, each specific title of the sections amended are listed. *Id.* Also, this version of the bill was a little over three pages long, consisting of the four sections listed in the short title. *Id.*

The history of the bill reveals it was amended several times before the final version of SB 1109, printer's no. 2105, was concurred on by the House and Senate amendments (by a vote of 198-0) and referred to the Senate Rules Committee on June 18, 2002.[2] The final version, concurred on House amendments by the Senate on June 26, 2002 (by a vote of 50-0), was eighteen pages and included six additional sections of the Crimes Code. *See* S.B. 1109, 2001-2002 Sess. (Pa.2002)(printer's no. 2105), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txttype=PD F&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109&pn=2105. The titles of the additional sections were added to the bill's short title:

> AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for DOUBLE JEOPARDY, FOR terroristic threats and for bomb threats; providing for weapons of mass destruction; and further providing for false alarms to agencies of public safety, for false reports to law enforcement authorities, FOR DEALING IN PROCEEDS OF UNLAWFUL ACTIVITIES, for facsimile bombs, for interception of communications and for possessing or dealing in firearms.

*Id.*

As in the first version, SB 1109 contained sections that are part of different chapters of the Crimes Code; however, every title of the sections amended by the bill was included in the short title. The bill, totaling eighteen pages and amending ten total sections of the Crimes Code, is not particularly voluminous. *See City of Philadelphia, supra,* at 589 (voluminous legislation under review consisting of 127 pages. Contrary to Defendant's assertion, the bill does not contain topics unrelated to a single subject. Rather, the Court finds that SB 1109 serves the single unifying purpose of amending specified sections of the Crimes Code.

---

[2] The history of SB 1109 is a matter of public record." *See* S.B. 1109, 2001-2002 Sess. (Pa.2001), http://wwwlegis.state.pa.us/cfdocs/billinfo/bill_history.cfm?syear=2001&sind=0&body=S&type=B&bn= 1109.

Further, regarding the challenge to the title of SB 1109, the *PAGE* Court explained, "[O]ne who seeks to declare a title unconstitutional under this provision must demonstrate either (1) that the legislators and the public were actually deceived as to the act's contents at the time of passage, or (2) that the title on its face is such that no reasonable person would have been on notice as to the act's contents." *PAGE*, 877 A.2d at 406. Here, no sections of the Crimes Code were contained in the bill that were not listed in the bill's short title. The bill went through multiple revisions before passing in the House and Senate unanimously. There is nothing to suggest that the legislature was deceived as to SB 1109's content at the time of passage and the short title, listing each specific section of the Crimes Code affected by the bill, provided reasonable notice of the bill's contents. Thus, the Court finds that SB 1109 complies with the single-subject rule.

As the Court finds as a matter of law that the single-subject rule was not violated, Defendant's trial counsel cannot be deemed ineffective for failing to raise the claim. *See Commonwealth v. Jones*, 571 Pa. 112, 131, 811 A.2d 994, 1005 (2002)(counsel cannot be deemed ineffective for failing to raise a meritless claim). As such, Defendant's ineffectiveness claim fails.

Lower court opinion denying PCA relief, appended to Brief for Appellant.

To establish the ineffective assistance of counsel, a petitioner must prove that the underlying claim has arguable merit; that counsel had no reasonable basis for his action or inaction; and that counsel's performance prejudiced the defendant. "Prejudice" has been interpreted to mean that, but for counsel's actions or inactions, the result of the proceeding would have been different. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The failure to establish any one of the three prongs dooms the claim. *Commonwealth v. Washington*, 927 A. 2d 586, 594 (Pa. 2007).

Here, the lower court analysis demonstrates that there is no arguable merit to the claim that section 5111 of the Crimes Code is unconstitutional under Article III of the Pennsylvania Constitution. For this reason, the claim of ineffective assistance must fail, and this Court should affirm the court below.

8

## CONCLUSION

For the reasons stated herein, the Commonwealth respectfully requests this Honorable Court affirm the order entered November 8, 2011, at No. 5995-2006 in the Court of Common Pleas of Lancaster County, denying post conviction relief.

Respectfully submitted,

LINDA L. KELLY
Attorney General

RICHARD A. SHEETZ, Jr.
Executive Deputy Attorney General
Director, Criminal Law Division

JAMES P. BARKER
Chief Deputy Attorney General
Appeals and Legal Services Section


BY: _____
ANDREA F. McKENNA
Senior Deputy Attorney General
Appeals and Legal Services Section
Attorney ID 39717

PA Office of Attorney General
Appeals and Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-6348
(Fax)(717) 783-5431

Date: March 28, 2012

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am this day serving a copy of the foregoing Brief for Appellee

document upon the person(s) and in the manner indicated below:

*Service by first class mail*
*addressed as follows:*

**Vincent J. Quinn, Esq.**
**Eager, Stengel, Quinn & Sofilka**
**1347 Fruitville Pike**
**Lancaster, PA 17601-4001**
**(717) 290-7971**
*Counsel for Stoltzfoos*

ANDREA F. McKENNA
Senior Deputy Attorney General
Attorney I.D. No. 39717

PA OFFICE OF ATTORNEY GENERAL
Criminal Law Division
Appeals & Legal Services Section
16th Floor – Strawberry Square
Harrisburg, PA 17120
Phone: 717-787-6348
Fax: 717-783-5431

Date: March 28, 2012

## AVERMENT REGARDING COMPACT DISC

Undersigned counsel hereby avers that the material contained on the compact disc (CD) filed contemporaneously with this Brief for Appellee is a complete and accurate representation of the paper version of the Brief for Appellee.

BY: _____

ANDREA F. McKENNA
Senior Deputy Attorney General
Attorney I.D. No. 39717

PA OFFICE OF ATTORNEY GENERAL
Criminal Law Division
Appeals & Legal Services Section
16th Floor – Strawberry Square
Harrisburg, PA 17120
Phone: 717-787-6348
Fax: 717-783-5431

Date: March 28, 2012

Received in Superior Court

MAR 1 2 2012

MIDDLE

IN THE SUPERIOR COURT OF PENNSYLVANIA
MIDDLE DISTRICT

---

COMMONWEALTH OF PENNSYLVANIA,
APPELLEE

-v-

LEVI LAPP STOLTZFOOS,
APPELLANT

NO.:   2148 MDA 2011

---

## BRIEF FOR APPELLANT

Appeal from the Order entered on November 8, 2011 by the Court of Common Pleas of Lancaster County, Pennsylvania at No. CP-36-CR-0005995-2006.

Vincent J. Quinn, Esquire
Eager, Stengel, Quinn & Sofilka
Attorneys for Appellant
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

## TABLE OF CONTENTS

Table of Citations                                                                ii, iii

I.      STATEMENT OF JURISDICTION                                      1

II.     ORDER IN QUESTION                                                     2

III.    STATEMENT OF THE SCOPE AND STANDARD OF REVIEW    3

IV.     STATEMENT OF QUESTION INVOLVED                            4

V.      STATEMENT OF THE CASE                                            5

VI.     SUMMARY OF ARGUMENT                                             9

VII.    ARGUMENT                                                                  10

VIII.   CONCLUSION                                                             15

APPENDIX

EXHIBIT "A" – OPINION OF THE HONORABLE HOWARD F. KNISELY ENTERED ON SEPTEMBER 30, 2011

EXHIBIT "B" – STATEMENT OF ERRORS COMPLAINED OF ON APPEAL FILED ON DECEMBER 22, 2011

EXHIBIT "C" – Pa. R.A.P. OPINION OF THE HONORABLE HOWARD F. KNISELY FILED ON FEBRUARY 3, 2012

EXHIBIT "D" - Act 2002-82 (S.B. 1109)

## TABLE OF CITATIONS

**CASES**

City of Philadelphia, *et al.* v. Commonwealth of Pennsylvania,
575 Pa. 542, 838 A.2d 566 (2003)...................................................................... 12

Commonwealth v. Barbosa, 819 A.2d 81 (Pa. Super. 2003)................................. 3

Commonwealth v. Chambers, 570 Pa. 3, 807 A.2d 872, 883 (2002)......................... 13

Commonwealth v. D'Collanfield, 805 A.2d 1244 (Pa. Super. 2002)........................ 13

Commonwealth *ex rel.* Dadario v. Goldberg, 565 Pa. 280, 773 A.2d 126 (2001).......... 14

Commonwealth v. Hickman, 799 A.2d 136 (Pa. Super. 2002)................................. 14

Commonwealth v. Jones, 871 A.2d 1258 (2005).................................................. 13

Commonwealth v. Jordan, 772 A.2d 1011 (Pa. Super. 2001)................................. 3

Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999)................................ 13

Commonwealth v. McClellan, 2005 Pa. Super. 376, 887 A.2d 291 (2005)................. 13

Commonwealth v. McCoy, 601 Pa. 540, 975 A.2d 586 (2009)................................ 11

Commonwealth v. Miller, 560 Pa. 500, 746 A.2d 592 (2000)................................. 13

Commonwealth v. Morris, 546 Pa. 296, 684 A.2d 1037 (1996).............................. 3

Commonwealth v. Neiman, 5 A.3d 353, 355-56 (Pa. Super. 2010)......................... 12

Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294 (2002)................................. 13

Commonwealth v. Palmer, 2002 Pa. Super. 411, 814 A.2d 700 (2002)................... 3

Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203 (2001)................................ 13

Commonwealth v. Rathfon, 899 A.2d 365 (Pa. Super. 2006)................................. 14

DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005)........................................ 12

Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132, 1149 (2009)........ 11

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)........ 13

**STATUTES**

18 Pa. C.S.A.§5111……………………………………………………………………………… 4, 6, 7, 8, 9, 10, 13

18 Pa. C.S.A.§5111(a)(3)……………………………………………………………………… 5

42 Pa. C.S.A.§742…………………………………………………………………………….. 1

42 Pa. C.S.A.§9543(a)(2)(ii)…………………………………………………………………… 14

I.   <u>STATEMENT OF JURISDICTION</u>

Jurisdiction for this appeal from the Order of the Court of Common Pleas of Lancaster County dismissing the Defendant's Amended PCRA without holding a hearing is conferred upon this Court by 42 Pa. C.S.A.§742, which authorizes appeals to this Court from final orders of the Courts of Common Pleas.

II.    ORDER IN QUESTION

"AND NOW, this 8[th] day of November, 2011, the Court, having by its Order of September 30, 2011, giving Defendant notice pursuant to Pa. R.Crim.P. 907 of its intention to dismiss his Motion under the Post-Conviction Collateral Relief Act without a hearing unless Defendant shall within twenty (20) days show good cause why the petition should not be dismissed, the Court does ORDER and DIRECT that Defendant's Amended Motion for PCRA relief, filed August 29, 2011, is DISMISSED, without a hearing."

.    .    .

BY THE COURT:

HOWARD F. KNISELY, J.



2

III.    STATEMENT OF THE SCOPE AND STANDARD OF REVIEW

In reviewing the propriety of the Lower Court's dismissal of the PCRA Petition, the Court is limited to determining whether the Lower Court's findings are supported by the record and whether the Order is free of legal error.  Commonwealth v. Palmer, 2002 Pa. Super. 411, 814 A.2d 700 (2002); A court may dismiss a PCRA without holding an evidentiary hearing if there are no genuine issues as to any material facts.  Pa.R.Crim.P. 907, Commonwealth v. Morris, 546 Pa. 296, 684 A.2d 1037 (1996).  The Court must determine whether the Petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011 (Pa. Super. 2001).  In matters of this type, the Court may not summarily dismiss a PCRA Petition when the facts alleged in the Petition, if true, would entitle the Petitioner to relief. See, Commonwealth v. Barbosa, 819 A.2d 81 (Pa. Super. 2003).

IV.    STATEMENT OF QUESTION INVOLVED

WHETHER THE LOWER COURT ERRED IN DENYING THE DEFENDANT'S AMENDED PCRA WITHOUT HOLDING A HEARING WHEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO LITIGATE THAT THE ENACTMENT OF 18 Pa. C.S.A.§5111 VIOLATED ARTICLE III § 3 OF THE PENNSYLVANIA CONSTITUTION.

Answered in the negative by the Court below.

V.    STATEMENT OF THE CASE

This is an appeal in a criminal case from the Order of the Court of Common Pleas of Lancaster County dismissing the Defendant's Amended PCRA without holding a hearing.

A.    Procedural History

By Criminal Information docketed to No. CP-36-CR-0005995-2006, the Defendant was charged with fifty-eight (58) counts of Dealing in Proceeds of Unlawful Activities in violation of 18 Pa. C.S.A.§5111(a)(3).   After arraignment in the Court of Common Pleas of Lancaster County, the Defendant stood trial before the Honorable Howard F. Knisely and a jury.   At the conclusion of trial on May 8, 2008, the Defendant was found guilty as charged.   On July 22, 2008, the Court sentenced the Defendant to an aggregate term of imprisonment of not less than 2 nor more than 10 years incarceration.   The Court also imposed a civil penalty of $540,200.00 pursuant to Section 5111(c).   On August 1, 2008, the Defendant, by his counsel, filed timely post-sentence motions.   These motions were denied on September 9, 2008 and Defendant did not file a Notice of Appeal.

On December 5, 2008, the Defendant filed a counseled petition pursuant to the Post-Conviction Relief Act requesting the restoration of his direct appeal rights *nunc pro tunc*.   On December 5, 2008, the Court granted relief directing the Defendant to file a Notice of Appeal within thirty (30) days.   Defendant filed a timely Notice of Appeal on December 31, 2008. Defendant raised ten (10) issues before the Superior Court.   On or about October 26, 2010, a three-judge panel of the Superior Court consisting of Judges Ford-Eliot, Gantman and Colville affirmed the judgment of sentence in an unpublished Memorandum.   Judge Ford-Eliot filed a dissenting Memorandum finding that 18 Pa. C.S.A.§5111(a)(3) was unconstitutionally overbroad.   Defendant filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. This was denied on June 16, 2011.

Defendant was represented at trial and sentencing by Attorney Jeffrey Conrad. Defendant was represented on the initial Motion for Post-Conviction Collateral Relief and on the direct appeal by the Office of the Public Defender for Lancaster County and, in particular, by Assistant Public Defender, MaryJean Glick.

Defendant filed a timely *pro se* Motion for Post-Conviction Collateral Relief. Present counsel was then appointed by the Court to represent the Defendant. A counseled Amended Motion for Post-Conviction Collateral Relief was filed on August 29, 2011. On September 30, 2011, the Honorable Howard F. Knisely entered an Opinion and Notice advising the Defendant that pursuant to Pa. R.Crim. P. 907 he intended to dismiss the Amended PCRA without holding a hearing. A true and correct copy of Judge's Knisely's Opinion and Notice is attached hereto in the Appendix as Exhibit "A". The Amended PCRA was dismissed on November 8, 2011.

Defendant filed a timely Notice of Appeal to the Superior Court of Pennsylvania on December 6, 2011. On December 8, 2011, Judge Knisely entered an Order directing the Defendant to file a Statement of Errors Complained of on Appeal by not later than December 29, 2011. Such Statement of Errors was filed and served on the trial judge on December 22, 2011. A true and correct copy of the Statement of Errors is attached hereto in the Appendix as Exhibit "B". On February 3, 2012, Judge Knisely entered his Opinion Pursuant to Pa. R.A.P. 1925. A copy of that Opinion/Order is attached hereto in the Appendix as Exhibit "C". None of the above decisions have been reported.

B.      Statement of Facts

Since the Amended PCRA was dismissed without holding a hearing, the facts for purposes of this appeal are the well-plead facts included in the Amended PCRA.

18 Pa. C.S.A.§5111 was amended in 2002. This Act was identified as 2002-82, SB No. 1109. Article III § 3 of the Pennsylvania Constitution provides as follows:

6

> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

Pa. Const. Art. III § 3.9. Defendant was found guilty and subsequently sentenced based on violating the provisions of 18 Pa. C.S.A.§5111, which were included in the amendment which was part of Act No. 2002-82.

18 Pa. C.S.A.§5111, as it applies to the Defendant, is illegal and unconstitutional for each of the following reasons:

> (a) Act No. 2002-82 and SB No. 1109 violates that provision of Article III § 3 providing that no bill shall be passed containing more than one subject. In particular, the Defendant notes that Act No. 2002-82, SB No. 1109 contains various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, threat to use weapons of mass destruction, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile weapons of mass destruction, persons not to possess firearms, the wiretap act, as well as dealing in proceeds of unlawful activities.

> (b) The other portions of the Crimes Code included in Act No. 2002-82, SB No. 1109 are neither sufficiently germane nor bear a proper legislative relation to dealing in proceeds of unlawful activities. See, DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005); Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132 (2009).

> (c) Act No. 2002-82, SB No. 1109 further violates Article III § 3 in that the subject of Dealing in Proceeds of Unlawful Activities is not clearly expressed in the title of the Bill/Act.

Trial counsel had no reasonable strategic basis for failing to litigate the unconstitutionality of 18 Pa. C.S.A.§5111 as set forth above. Defendant was prejudiced in that if the Act had been declared unconstitutional, he could not have been lawfully prosecuted for the offense and would not have suffered the ignominy of a criminal conviction, subsequent incarceration and present parole supervision.

7

The issues raised in this appeal concerning the constitutionality of the enactment of 18 Pa. C.S.A.§5111 have been preserved for appellate review by litigation of the Defendant's Amended PCRA and by inclusion in his Statement of Errors Complained of on Appeal.

The Order in question is the Order of the Honorable Howard F. Knisely filed on November 8, 2011.

VI.    **SUMMARY OF ARGUMENT**

Trial counsel was ineffective when he failed to litigate that 18 Pa. C.S.A.§5111 was unconstitutionally enacted. In particular, this piece of legislation violated the provision of Article III § 3 providing that no bill shall be passed containing more than one subject. This Act contained various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, threat to use weapons of mass destruction, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile weapons of mass destruction, persons not to possess firearms, the Wiretap Act, as well as dealing in proceeds of unlawful activities. The other portions of the Crimes Code included in Act No. 2002-82, SB No. 1109 were neither sufficiently germane nor bear a proper legislative relation to dealing in proceeds of unlawful activities.

Trial counsel had no reasonable strategic basis for failing to litigate the unconstitutionality of 18 Pa. C.S.A.§5111. Defendant was prejudiced in that if the Act had been declared unconstitutional, he could not have been lawfully prosecuted for the offense and he would not have suffered the ignominy of a criminal conviction, subsequent incarceration and parole supervision.

## VI.    ARGUMENT

THE LOWER COURT ERRED IN DENYING THE DEFENDANT'S AMENDED PCRA WITHOUT HOLDING A HEARING WHEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO LITIGATE THAT THE ENACTMENT OF 18 Pa. C.S.A.§5111 VIOLATED ARTICLE III § 3 OF THE PENNSYLVANIA CONSTITUTION.[1]

18 Pa. C.S.A.§5111 provides as follows:

> **§ 5111.  Dealing in proceeds of unlawful activities**
>
> **(a) Offense defined.** – A person commits a felony of the first degree if the person conducts a financial transaction under any of the following circumstances:
>
> (1) With knowledge that the property involved represents the proceeds of unlawful activity, the person acts with the intent to promote the carrying on of the unlawful activity.
>
> (2) With knowledge that the property involved represents the proceeds of unlawful activity and that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of unlawful activity.
>
> (3) To avoid a transaction reporting requirement under State or Federal law.

18 Pa. C.S.A.§5111.

A copy of the Act 2002-82 (S.B. 1109) is attached hereto in the Appendix to this Brief as Exhibit "D".

Article III § 3 of the Pennsylvania Constitution provides as follows:

> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

Pa. Const. Art. III § 3.9.

A challenge to the constitutionality of a statute is a question of law and the Court's scope of review is plenary and non-deferential. Commonwealth v. McCoy, 601 Pa. 540, 975 A.2d 586

---

[1] This issue has been preserved for appellate review as set forth in the Statement of the Case at page 8.

(2009).  The Courts will presume that a statute is constitutional.  A statute will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution.

The purpose of Article III § 3 is to encourage an open and accountable government by limiting the practice of inserting a number of distinct and independent subjects into a single bill. Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132, 1149 (2009).  In Spahn, the Supreme Court articulated the principles to be applied in the analysis as follows:

> We confirm that "reasonable notice is the keystone of **Article III § 3**."  We noted that "bills are frequently subject to amendments as they proceed through the legislative process and not every supplementation of new material is violative of the Constitution.  Thus, where the provisions added during the legislative process assisting containing out a bill's main objective or otherwise germane to the bill subject as reflected in its title, the requirements of **Article III § 3** are met."  On the other hand, this recognition must be balanced against the fact that "no two subjects are so wide apart that they may not be brought into a common focus, if the point of view be carried back far enough."  Recognizing the tension that was created by these competing observations, we focused on whether there was a "single unifying subject to which all provisions of the Act are germane."  Applying this test to the gaming bill that was the subject of the challenge in PAGE, we concluded that there was "a single unifying subject - - the regulation of gaming."  We then pointed out that "the single topic of gaming does not encompass the limitless number of subjects which could be encompassed under the heading of 'municipalities'."

Spahn, supra at 977 A.2d 1148 (citations deleted).

The single subject rule is designed to address the following concerns: (1) it curbs the legislative practice known as "log-rolling" which is combining into one bill a variety of distinct subjects which cannot obtain a majority on their own, but can in their amalgamation.  (2) It prohibits hiding what would be unpopular legislation by attaching a rider to an otherwise popular bill that is likely to pass.  (3) A bill addressing a single subject is more likely to receive a considered review than one covering many topics.  Commonwealth v. Neiman, 5 A.3d 353, 355-56 (Pa. Super. 2010).

11

In this case, Act No. 2002-82 pertained to ten distinct provisions of the Crimes Code, including such diverse topics as double jeopardy, terroristic threats, bomb threats, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile bombs, interception of communications, and possessing or dealing in firearms. Other than pertaining to other portions of the Crimes Code, these topics have nothing to do with dealing in proceeds of unlawful activities. Double jeopardy, in fact, refers to an amendment of Section 110 of the Crimes Code which contains the defense of statutory double jeopardy. This bill can only be construed as referring to a single subject, if that subject would be classified so broadly as crimes and offenses. That cannot pass constitutional muster.

The Crimes Code is a codification of almost every law which could have been considered a common law crime together with others. Counsel believes that the overwhelming majority of criminal prosecutions for offenses not set forth in the Crimes Code are limited to narcotics offenses, pharmacy violations and motor vehicle offenses. What single subject could cover bombs, proceeds of unlawful activities and double jeopardy? The only possible subject matter which could include these topics is crimes and defenses. That is no more narrow than claiming that a bill referring to the single subject of "municipalities."

In a case where a number of diverse topics which had nothing in common other than referring to municipalities were included in the same bill, the Supreme Court found that such bill was unconstitutionally enacted. See, City of Philadelphia, et al. v. Commonwealth of Pennsylvania, 575 Pa. 542, 838 A.2d 566 (2003). See also, DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005).

The enactment of 18 Pa. C.S.A.§5111 violates the single subject rule set forth in Article III § 3. For this reason, counsel should have filed a motion attacking the constitutionality of this statute.

12

In order to obtain relief in his PCRA, Defendant must meet the standard for ineffective assistance of counsel, which is well-established.

Counsel is presumed to be effective and the defendant has the burden of proving ineffectiveness. Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294 (2002); Commonwealth v. D'Collanfield, 805 A.2d 1244 (Pa. Super. 2002). To prevail on an ineffectiveness claim, the defendant must plead and prove by a preponderance of the evidence that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and, (3) the ineffectiveness of counsel caused him prejudice. Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203 (2001); Commonwealth v. Miller, 560 Pa. 500, 746 A.2d 592 (2000).

A defendant claiming ineffective assistance must identify acts or omissions by counsel that cannot be considered the result of reasonable, professional judgment. Commonwealth v. McClellan, 2005 Pa. Super. 376, 887 A.2d 291 (2005). A reasonable basis must be something more than a hunch. A blind guess on the part of counsel is tantamount to providing the defendant no counsel at all. Commonwealth v. Jones, 871 A.2d 1258 (2005).

Prejudice in the context of ineffective assistance of counsel requires a demonstration that there was a reasonable probability that but for counsel's error; the outcome of the proceeding would have been different. Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Commonwealth v. Chambers, 570 Pa. 3, 807 A.2d 872, 883 (2002), quoting from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984). Prejudice occurs when the errors were so serious as to deprive the defendant of a trial whose result is reliable. Id.

Ineffectiveness claims are not limited to complaints of counsel's errors during trial. Section 9543(a)(2)(ii) of the PCRA encompasses all constitutionally cognizable claims of

13

ineffective assistance of counsel. <u>Commonwealth <i>ex rel.</i> Dadario v. Goldberg</u>, 565 Pa. 280, 773 A.2d 126 (2001)(claims relating to the guilty plea process are cognizable under the PCRA); <u>See also</u>, <u>Commonwealth v. Hickman</u>, 799 A.2d 136 (Pa. Super. 2002)(erroneous advice concerning boot camp eligibility); <u>Commonwealth v. Whitmore</u>, 2004 Pa. Super. 365, 860 A.2d 1032 (2004)(failure to perfect challenge to the discretionary aspects of sentencing); <u>Commonwealth v. Rathfon</u>, 899 A.2d 365 (Pa. Super. 2006).

In this case, Defendant specifically alleged that the statute was unconstitutional, that counsel lacked a reasonable strategic basis and that he was prejudiced. The Lower Court dismissed the PCRA without a hearing finding that the statute was in fact constitutionally enacted. When this Court concludes that such statute was unconstitutionally enacted, it must likewise reach the conclusion that the matter must be reversed and remanded for an evidentiary hearing so that the Defendant can develop on the record any bases that counsel may have had for his actions and the obvious prejudice which inured to the Defendant. At that time, the Lower Court will be in a position where it can rule on the Amended PCRA.

## VIII.  <u>CONCLUSION</u>

It is respectfully requested that the Order of the Court of Common Pleas of Lancaster County be reversed and that this matter be remanded for an evidentiary hearing on the question of the ineffective assistance of counsel.

RESPECTFULLY SUBMITTED,

EAGER, STENGEL, QUINN & SOFILKA

DATE: 3/12/12                    BY: _____

Vincent J. Quinn, Esquire
Attorneys for Appellant
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

15

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA   :
   :
   vs.     :   No. 5995-2006
   :
LEVI LAPP STOLTZFOOS   :

## O P I N I O N

BY: KNISELY, J.                      September 30, 2011

Before the Court is Defendant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appointed counsel filed a timely amended PCRA petition on August 29, 2011. In his petition, Defendant avers counsel was ineffective for failing to litigate the unconstitutionality of the statute under which he was convicted. Following my independent review of the record, I am satisfied that there are no genuine issues of material fact and no purpose would be served by further proceedings. As such, the Court hereby issues notice of intent to dismiss Defendant's petition without an evidentiary hearing. This Opinion and Order are written pursuant to Pa.R.Crim.P. 907.

## BACKGROUND

Between January 6, 2006 and February 11, 2006, Defendant made 58 cash deposits, totaling $541,100.00, at ten different banks. The 58 deposits were divided among nine days. On each occasion, Defendant deposited $10,000.00 or less in cash. In connection with these

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

deposits, Defendant was charged with 58 counts of dealing in proceeds of unlawful activity.[2]  On

May 9, 2008, a jury found Defendant guilty of all 58 counts.  Only July 22, 2008, this Court

sentenced Defendant to an aggregate term of 2 to 10 years of state imprisonment.  The Court also

imposed a civil penalty of $540,200.00, pursuant to 18 Pa.C.S.A. § 5111(c).

The Court denied Defendant's post-sentence motions on September 9, 2008.  The time to

file a direct appeal lapsed; however, the Court reinstated Defendant's direct appeal rights *nunc

pro tunc*.  On direct appeal, Defendant alleged, in part, that Section 5111(a)(3) was

unconstitutionally vague and overbroad.  In an unpublished Memorandum, the Superior Court

affirmed Defendant's judgment of sentence.  On June 16, 2011 the Supreme Court of

Pennsylvania denied Defendant's Petition for Allowance of Appeal.

Defendant timely filed a *pro se* PCRA petition on July 13, 2011.  The Court appointed

Attorney Vincent Quinn as counsel.  Defendant filed an amended PCRA petition on August 29,

2011.

## DISCUSSION

In his amended petition, Defendant alleges ineffective assistance of trial counsel for

failing to litigate the constitutionality of Section 5111 under Article III § 3 of the Pennsylvania

Constitution.  Specifically, Defendant alleges three reasons Section 5111 is illegal and

unconstitutional:

(1)    Act No. 2002-82 and SB No. 1109 violates that provision of Article III § 3
providing that no bill shall be passed containing more than one subject.  In
particular, the Defendant notes that Act No. 2002-82, SB No. 1109 contains

---

[2]  18 Pa.C.S.A. § 5111(a)(3).

2

various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, threat to use weapons of mass destruction, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile weapons of mass destruction, persons not to possess firearms, the wiretap act, as well as dealing in proceeds of unlawful activities.

(2)     The other portions of the Crimes Code included in Act No. 2002-82, SB No. 1109 are neither sufficiently germane nor bear a proper legislative relation to dealing in proceeds of unlawful activities.

(3)     Act No. 2002-82, SB No. 1109 further violates Article III § 3 in that the subject of Dealing in Proceeds of Unlawful Activity is not clearly expressed in the title of the Bill/Act.

(Def.'s Am. Mot., 8/29/11, at 3, ¶ 16 (internal citation omitted)).

Initially, I note the standard by which courts resolve challenges to the constitutionality of

legislation:

[O]ur case law makes clear that there is a strong presumption in the law that legislative enactments do not violate our Constitution. *See Pennsylvania School Boards Ass'n., Inc. et al. v. Commonwealth Ass'n. of School Administrators,* 569 Pa. 436, 805 A.2d 476, 479 (2002). This includes the manner by which legislation is enacted. *Id.* Accordingly, a statute will not be declared unconstitutional unless it *clearly, palpably,* and *plainly* violates the Constitution. *Id.* (emphasis supplied). All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. *Commonwealth v. Hendrickson,* 555 Pa. 277, 724 A.2d 315, 317 (1999). Thus, there is a very heavy burden of persuasion upon one who challenges the constitutionality of a statute. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162, 165 (1996). It is with this burden and the extremely deferential standard by which we view constitutional challenges in mind that we turn to the arguments of the parties.

*Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth,* 583 Pa. 275, 292-

293, 877 A.2d 383, 393 (2005)[hereinafter *PAGE*].

Article 3, § 3 of the Pennsylvania Constitution, commonly referred to as the single-

3

subject rule, provides:

> § 3. Form of bills.
>
> No bill shall be passed containing more than one subject, which shall be clearly
> expressed in its title, except a general appropriation bill or a bill codifying or
> compiling the law or a part thereof.

Pa. Const. Art. 3, § 3. The single-subject rule serves to prevent intentionally disguising the

purpose of a bill through a misleading title or by hiding unfavored measures in popular bills that

are likely to pass. *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 586 (Pa. 2003). In

other words, the purpose of the rule is to provide fair notice to legislators and the public of all

proposed enactments and their true effects. *See id.*

Generally, considering bills are frequently amended through the legislative process, the

single-subject rule is satisfied where the provisions added "assist in carrying out a bill's main

objective or are otherwise 'germane' to the bill's subject as reflected in its title." *Stilp v.

Commonwealth*, 588 Pa. 539, 601, 905 A.2d 918, 955 (Pa. 2006)(citing *PAGE, supra*). Indeed,

"[f]ew bills are so elementary in character that they may not be subdivided under several heads;

and no two subjects are so wide apart that they may not be brought into a common focus." *Payne

v. School Dist. of Borough of Coudersport*, 168 Pa. 386, 31 A. 1072 (Pa.1895). However,

defining a constitutionally-valid subject too broadly risks stripping the single-subject rule of its

purpose. *PAGE, supra*, at 395.

With these principles in mind, the Court turns to Act 82, Senate Bill 1109 ("SB 1109").

SB 1109, printer's no. 1389, was first referred to the Judiciary Committee on October 9, 2001.

4

At that time, SB 1109's short title listed the titles of the sections of the Crimes Code that the bill was amending:

"AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for terroristic threats, for bomb threats, for false alarms to agencies of public safety and for harassment and stalking by communication." *See* S.B. 1109, 2001-2002 Sess. (Pa. 2001)(printer's no. 1389), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=PDF&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109&pn=1389. While the sections listed in SB 1109's short title are contained in differing chapters of the Crimes Code, each specific title of the sections amended are listed. *Id.* Also, this version of the bill was a little over three pages long, consisting of the four sections listed in the short title. *Id.*

The history of the bill reveals it was amended several times before the final version of SB 1109, printer's no. 2105, was concurred on by the House in Senate amendments (by a vote of 198-0) and referred to the Senate Rules Committee on June 18, 2002.[3] The final version, concurred on House amendments by the Senate on June 26, 2002 (by a vote of 50-0), was eighteen pages and included six additional sections of the Crimes Code. *See* S.B. 1109, 2001-2002 Sess. (Pa. 2002)(printer's no. 2105), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=PDF&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109&pn=2105. The titles of the additional sections were added to the bill's short title:

---

[3] The history of SB 1109 is a matter of public record. " *See* S.B. 1109, 2001-2002 Sess. (Pa. 2001), http://www.legis.state.pa.us/cfdocs/billinfo/bill_history.cfm?syear=2001&sind=0&body=S&type=B&bn=1109.

AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for DOUBLE JEOPARDY, FOR terroristic threats and for bomb threats; providing for weapons of mass destruction; and further providing for false alarms to agencies of public safety, for false reports to law enforcement authorities, FOR DEALING IN PROCEEDS OF UNLAWFUL ACTIVITIES, for facsimile bombs, for interception of communications and for possessing or dealing in firearms.

*Id.*

As in the first version, SB 1109 contained sections that are part of different chapters of the Crimes Code; however, every title of the sections amended by the bill was included in the short title. The bill, totaling eighteen pages and amending ten total sections of the Crimes Code, is not particularly voluminous. *See City of Philadelphia, supra,* at 589 (voluminous legislation under review consisting of 127 pages. Contrary to Defendant's assertion, the bill does not contain topics unrelated to a single subject. Rather, the Court finds that SB 1109 serves the single unifying purpose of amending specified sections of the Crimes Code.

Further, regarding the challenge to the title of SB 1109, the *PAGE* Court explained, "[O]ne who seeks to declare a title unconstitutional under this provision must demonstrate either (1) that the legislators and the public were actually deceived as to the act's contents at the time of passage, or (2) that the title on its face is such that no reasonable person would have been on notice as to the act's contents." *PAGE*, 877 A.2d at 406. Here, no sections of the Crimes Code were contained in the bill that were not listed in the bill's short title. The bill went through multiple revisions before passing in the House and Senate unanimously. There is nothing to suggest that the legislature was deceived as to SB 1109's content at the time of passage and the short title, listing each specific section of the Crimes Code affected by the bill, provided

6

reasonable notice of the bill's contents. Thus, the Court finds that SB 1109 complies with the single-subject rule.

As the Court finds as a matter of law that the single-subject rule was not violated, Defendant's trial counsel cannot be deemed ineffective for failing to raise the claim. *See Commonwealth v. Jones*, 571 Pa. 112, 131, 811 A.2d 994, 1005 (2002)(counsel cannot be deemed ineffective for failing to raise a meritless claim). As such, Defendant's ineffectiveness claim fails.

Accordingly, the Court enters the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA    :

                                       :

vs.                               :         No. 5995-2006

                                         :

LEVI LAPP STOLTZFOOS             :

## ORDER

AND NOW, this __30th__ day of September, 2011, upon consideration of Defendant's

Amended Motion for PCRA relief, filed on August 29, 2011, it is hereby ordered that said

Motion is DENIED.

Defendant is hereby given notice that the Court, pursuant to Pa.R.Crim.P. 907, intends

to dismiss Defendant's PCRA motion without an evidentiary hearing unless Defendant shall,

within twenty (20) days of the date of this Order, show good cause why the motion should not be

dismissed.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

*Danette K. Burkholder*

Danette K. Burkholder
Acting Clerk of the Courts

Attest:

BY THE COURT:

*[signature]*

HOWARD F. KNISELY

JUDGE

Copies to:       Craig Stedman, District Attorney

                  Andrea F. McKenna, Senior Deputy Attorney General

                  Vincent Quinn

                  Levi Lapp Stoltzfoos (via certified mail, return receipt requested)

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :
                               :    NO.:  CP-36-CR-0005995-2006

       -v-                   :

LEVI LAPP STOLTZFOOS       :

## STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

AND NOW, comes the Defendant, Levi Lapp Stoltzfoos, and by his attorney, Vincent J. Quinn, and pursuant to the Court's Order of December 8, 2011 and Pa. R.A.P. 1925, files the following Statement of Errors Complained of on Appeal alleging as follows:

1.    The Court erred in denying the Defendant's Amended PCRA without first holding a hearing. The allegations contained in the Defendant's Amended PCRA are incorporated herein by reference.

2.    Trial counsel was ineffective when he failed to litigate the constitutionality of 18 Pa. C.S.A.§5111. 18 Pa. C.S.A.§5111 violates Article III § 3 of the Pennsylvania Constitution which provides that "no bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling a law or a part thereof.

3.    Act No. 2002-82 and SB No. 1109 violates that provision of Article III § 3 providing that no bill shall be passed containing more than one subject. In particular, the Defendant notes that Act No. 2002-82, SB No. 1109 contains various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, threat to use weapons of mass destruction, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile weapons of mass destruction, persons not to possess firearms, the wiretap act, as well as dealing in proceeds of unlawful activities.

4.      The other portions of the Crimes Code included in Act No. 2002-82, SB No. 1109 are neither sufficiently germane nor bear a proper legislative relation to dealing in proceeds of unlawful activities.  See, DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005); Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132 (2009).

5.      Act No. 2002-82, SB No. 1109 further violates Article III § 3 in that the subject of Dealing in Proceeds of Unlawful Activities is not clearly expressed in the title of the Bill/Act.

6.      Trial counsel had no reasonable strategic basis for failing to litigate the unconstitutionality of 18 Pa. C.S.A.§5111 as set forth above.  Defendant was prejudiced in that if the Act had been declared unconstitutional, he could not have been lawfully prosecuted for the offense and would not have suffered the ignominy of a criminal conviction, subsequent incarceration and parole supervision.

7.      The issues raised in this Statement are the same issues which were addressed by the Court in its Opinion of September 30, 2011.

RESPECTFULLY SUBMITTED,

EAGER, STENGEL, QUINN & SOFILKA

DATE: 12/21/11

BY:

Vincent J. Quinn, Esquire
Attorneys for Defendant
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Statement of Errors Complained of on Appeal upon the person set forth below and in the manner indicated:

By Hand Delivery:

        Craig Stedman, Esquire
        Office of the District Attorney
        Lancaster County Courthouse
        50 North Duke Street
        Lancaster, PA 17608

EAGER, STENGEL, QUINN & SOFILKA

Date: 12/21/11         By:

Vincent J. Quinn, Esquire
Attorney for Defendant
Atty. I.D. No. 26113
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971



IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA   :
                                   :
             vs.                    :       No. 5995-2006
                                   :

LEVI LAPP STOLTZFOOS          :

**OPINION**

BY: KNISELY, J.                                        February 3, 2012

      Defendant Levi Lapp Stoltzfoos has appealed to the Superior Court of Pennsylvania from this Court's November 8, 2011 Order, dismissing Defendant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] On Appeal, Defendant alleges trial counsel was ineffective for failing to litigate the constitutionality of the statute under which he was convicted. Defendant was found guilty of 58 counts of dealing in proceeds of unlawful activity, codified at 18 Pa.C.S. § 5111. Specifically, Defendant alleges that Senate Bill 1109, which amended provisions of the Crimes Code, violated the single-subject rule. He further alleges that trial counsel was ineffective for failing to litigate this claim. This Court explored this issue in its Opinion and Order of September 30, 2011. The Court found as a matter of law that the single-subject rule was not violated and, as such, counsel could not be deemed ineffective for failing to raise the claim. As the Court has already stated its reasons on the record by way of its September 30, 2011 Opinion, the Court submits that Opinion for purposes of Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Attest:

Joshua G. Parsons
Clerk of Courts

BY THE COURT:

HOWARD F. KNISELY
JUDGE

Copies to: Craig Stedman, District Attorney; Andrea F. McKenna, Senior Deputy Attorney General; Vincent Quinn, Esq.; and Levi Lapp Stoltzfoos (via certified mail, return receipt requested)

---

[1] 42 Pa.C.S. §§ 9541-9546.

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

---

COMMONWEALTH OF PENNSYLVANIA,
RESPONDENT

-v-

LEVI LAPP STOLTZFOOS,
PETITIONER

NO.: 2148 MDA 2011

---

## PETITION FOR ALLOWANCE OF APPEAL

Petition for Allowance of Appeal from the Order of the Superior Court of Pennsylvania entered on June 13, 2012, which affirmed the Order of the Court of Common Pleas of Lancaster County entered on November 8, 2011 and docketed to No.: CP-36-CR-0005995-2006.

Vincent J. Quinn
Eager, Stengel, Quinn & Sofilka
Attorneys for Appellant
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

# TABLE OF CONTENTS

Table of Citations ...................................................................................... ii

I.   ORDER IN QUESTION.............................................................2

II.  STATEMENT OF QUESTIONS PRESENTED.............................3

III. STATEMENT OF CASE............................................................4

IV.  REASONS RELIED UPON FOR ALLOWANCE OF APPEAL...........9

V.   CONCLUSION.......................................................................16

APPENDIX

EXHIBIT "A" – OPINION AND ORDER OF THE HONORABLE HOWARD F. KNISELY FILED ON SEPTEMBER 30, 2011

EXHIBIT "B" – OPINION OF THE HONORABLE HOWARD F. KNISELY FILED FEBRUARY 3, 2012

EXHIBIT "C" – MEMORANDUM OF THE SUPERIOR COURT AUTHORED BY JUDGE BOWES AND FILED JUNE 13, 2012

EXHIBIT "D" – ACT 2002-82 (S.B. 1109)

# TABLE OF CITATIONS

## CASES

City of Philadelphia, *et al.* v. Commonwealth of Pennsylvania, 575 Pa. 542, 838 A.2d 566 (2003).............................................................................................. 12

Commonwealth v. Chambers, 570 Pa. 3, 807 A.2d 872, 883 (2002) ..................... 14

Commonwealth *ex rel.* Dadario v. Goldberg, 565 Pa. 280, 773 A.2d 126 (2001) . 14

Commonwealth v. D'Collanfield, 805 A.2d 1244 (Pa. Super. 2002)..................... 13

Commonwealth v. Hickman, 799 A.2d 136 (Pa. Super. 2002)............................... 14

Commonwealth v. Jones, 871 A.2d 1258 (2005)...................................................... 14

Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999) ............................. 14

Commonwealth v. McClellan, 2005 Pa. Super. 376, 887 A.2d 291(2005) ............ 13

Commonwealth v. McCoy, 601 Pa. 540, 975 A.2d 586 (2009)............................... 10

Commonwealth v. Miller, 560 Pa. 500, 746 A.2d 592 (2000)................................. 13

Commonwealth v. Neiman, 5 A.3d 353, 355-56 (Pa. Super. 2010) ........................ 11

Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294 (2002).................................. 13

Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203 (2001)................................ 13

Commonwealth v. Rathfon, 899 A.2d 365 (Pa. Super. 2006) ................................. 15

Commonwealth v. Whitmore, 2004 Pa. Super. 365, 860 A.2d 1032 (2004).......... 14

DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005)....................................... 7, 13

Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132 (2009)....... 7, 10

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
        80 L.Ed.2d. 674 (1984) ............................................................................ 14

## STATUTES

18 Pa. C.S.A. §5111 ........................................................................3, 6-9, 13

18 Pa. C.S.A. §5111(a)(3) ....................................................................... 4, 5

Article III § 3 of the Pennsylvania Constitution ................................ 3, 6, 7, 9, 10, 13

## PETITION FOR ALLOWANCE OF APPEAL FROM THE
## ORDER OF THE SUPERIOR COURT OF PENNSYLVANIA

TO THE HONORABLE, THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SAID COURT:

Levi Lapp Stoltzfus, Appellant in the Court below, and by his attorney, Vincent J. Quinn, hereby petitions Your Honorable Court to allow appeal from the June 13, 2012 Order of the Superior Court of Pennsylvania, Commonwealth of Pennsylvania v. Levi Lapp Stoltzfus, No.: 2148 MDA 2011 (Superior Court), which affirmed the Order of the Court of Common Pleas of Lancaster County which was entered on November 8, 2011. A copy of the Opinion of the Honorable Howard F. Knisely filed September 30, 2011 is attached hereto in the Appendix as Exhibit "A". A copy of the Opinion of the Honorable Howard F. Knisely filed on February 3, 2012 is attached hereto in the Appendix as Exhibit "B". A copy of the Memorandum of the Superior Court of Pennsylvania authored by Judge Bowes and filed June 13, 2012 is attached hereto as in the Appendix as Exhibit "C". None of the above decisions have been reported.

I.     <u>ORDER IN QUESTION</u>

"Order affirmed.

Judgment entered.

Mary A. Graybill, Interim Deputy Prothonotary

Date: June 13, 2012."

2

II.    STATEMENT OF QUESTIONS PRESENTED

WHETHER THE LOWER COURT ERRED IN DENYING THE DEFENDANT'S AMENDED PCRA WITHOUT HOLDING A HEARING WHEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO LITIGATE THAT THE ENACTMENT OF 18 Pa. C.S.A.§5111 VIOLATED ARTICLE III § 3 OF THE PENNSYLVANIA CONSTITUTION.

Answered in the negative by the Superior Court below.

III.  STATEMENT OF THE CASE

A.  Procedural History

By Criminal Information docketed to No. CP-36-CR-0005995-2006, Levi Lapp Stoltzfoos ("Defendant") was charged with fifty-eight (58) counts of Dealing in Proceeds of Unlawful Activities in violation of 18 Pa. C.S.A.§5111(a)(3). After arraignment in the Court of Common Pleas of Lancaster County, the Defendant stood trial before the Honorable Howard F. Knisely and a jury. At the conclusion of trial on May 8, 2008, the Defendant was found guilty as charged. On July 22, 2008, the Court sentenced the Defendant to an aggregate term of imprisonment of not less than 2 nor more than 10 years incarceration. The Court also imposed a civil penalty of $540,200.00 pursuant to Section 5111(c). On August 1, 2008, the Defendant, by his counsel, filed timely post-sentence motions. These motions were denied on September 9, 2008 and Defendant did not file a Notice of Appeal.

On December 5, 2008, the Defendant filed a counseled petition pursuant to the Post-Conviction Relief Act requesting the restoration of his direct appeal rights *nunc pro tunc*. On December 5, 2008, the Court granted relief directing the Defendant to file a Notice of Appeal within thirty (30) days. Defendant filed a timely Notice of Appeal on December 31, 2008. Defendant raised ten (10) issues before the Superior Court. On or about October 26, 2010, a three-judge panel of

4

the Superior Court consisting of Judges Ford-Eliot, Gantman and Colville affirmed the judgment of sentence in an unpublished Memorandum. Judge Ford-Eliot filed a dissenting Memorandum finding that 18 Pa. C.S.A.§5111(a)(3) was unconstitutionally overbroad. Defendant filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. This was denied on June 16, 2011.

Defendant was represented at trial and sentencing by Attorney Jeffrey Conrad. Defendant was represented on the initial Motion for Post-Conviction Collateral Relief and on the direct appeal by the Office of the Public Defender for Lancaster County and, in particular, by Assistant Public Defender, MaryJean Glick.

Defendant filed a timely *pro se* Motion for Post-Conviction Collateral Relief. Present counsel was then appointed by the Court to represent the Defendant. A counseled Amended Motion for Post-Conviction Collateral Relief was filed on August 29, 2011. On September 30, 2011, the Honorable Howard F. Knisely entered an Opinion and Notice advising the Defendant that pursuant to Pa. R.Crim. P. 907 he intended to dismiss the Amended PCRA without holding a hearing. A true and correct copy of Judge's Knisely's Opinion and Notice is attached hereto in the Appendix as Exhibit "A". The Amended PCRA was dismissed on November 8, 2011.

5

Defendant filed a timely Notice of Appeal to the Superior Court of Pennsylvania on December 6, 2011. On December 8, 2011, Judge Knisely entered an Order directing the Defendant to file a Statement of Errors Complained of on Appeal by not later than December 29, 2011. Such Statement of Errors was filed and served on the trial judge on December 22, 2011. On February 3, 2012, Judge Knisely entered his Opinion Pursuant to Pa. R.A.P. 1925. A copy of that Opinion/Order is attached hereto in the Appendix as Exhibit "B". On June 13, 2012, a three judge panel of the Superior Court affirmed the dismissal of the Amended PCRA in a Memorandum authored by Judge Bowers. A true and correct copy of this Memorandum is attached hereto as Exhibit "C". None of these decisions have been reported.

B.    Statement of Facts

Since the Amended PCRA was dismissed without holding a hearing, the facts for purposes of this appeal are the well-plead facts included in the Amended PCRA.

18 Pa. C.S.A.§5111 was amended in 2002. This Act was identified as 2002-82, SB No. 1109. Article III § 3 of the Pennsylvania Constitution provides as follows:

> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a

6

general appropriation bill or a bill codifying or compiling
the law or a part thereof.

Pa. Const. Art. III § 3.9. Defendant was found guilty and subsequently sentenced

based on violating the provisions of 18 Pa. C.S.A.§5111, which were included in

the amendment which was part of Act No. 2002-82.

18 Pa. C.S.A.§5111, as it applies to the Defendant, is illegal and

unconstitutional for each of the following reasons:

> (a)     Act No. 2002-82 and SB No. 1109 violates that
> provision of Article III § 3 providing that no bill shall be
> passed containing more than one subject.  In particular,
> the Defendant notes that Act No. 2002-82, SB No. 1109
> contains various amendments to separate and distinct
> provisions of the Pennsylvania Crimes Code, including
> provisions governing statutory double jeopardy,
> terroristic threats, threat to use weapons of mass
> destruction, weapons of mass destruction, false alarms to
> agencies of public safety, false reports to law
> enforcement authorities, facsimile weapons of mass
> destruction, persons not to possess firearms, the wiretap
> act, as well as dealing in proceeds of unlawful activities.

> (b)     The other portions of the Crimes Code included in
> Act No. 2002-82, SB No. 1109 are neither sufficiently
> germane nor bear a proper legislative relation to dealing
> in proceeds of unlawful activities.  See, DeWeese v.
> Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005); Spahn v.
> Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132
> (2009).

> (c)     Act No. 2002-82, SB No. 1109 further violates
> Article III § 3 in that the subject of Dealing in Proceeds

7

of Unlawful Activities is not clearly expressed in the title
of the Bill/Act.

Trial counsel had no reasonable strategic basis for failing to litigate the
unconstitutionality of 18 Pa. C.S.A.§5111 as set forth above. Defendant was
prejudiced in that if the Act had been declared unconstitutional, he could not have
been lawfully prosecuted for the offense and would not have suffered the ignominy
of a criminal conviction, subsequent incarceration and present parole supervision.

IV.  REASONS RELIED UPON FOR ALLOWANCE OF APPEAL

THE LOWER COURT ERRED IN DENYING THE DEFENDANT'S AMENDED PCRA WITHOUT HOLDING A HEARING WHEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO LITIGATE THAT THE ENACTMENT OF 18 Pa. C.S.A.§5111 VIOLATED ARTICLE III § 3 OF THE PENNSYLVANIA CONSTITUTION.

18 Pa. C.S.A.§5111 provides as follows:

### § 5111.  Dealing in proceeds of unlawful activities

**(a) Offense defined.** – A person commits a felony of the first degree if the person conducts a financial transaction under any of the following circumstances:

(1) With knowledge that the property involved represents the proceeds of unlawful activity, the person acts with the intent to promote the carrying on of the unlawful activity.

(2) With knowledge that the property involved represents the proceeds of unlawful activity and that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of unlawful activity.

(3) To avoid a transaction reporting requirement under State or Federal law.

18 Pa. C.S.A.§5111.

A copy of the Act 2002-82 (S.B. 1109) is attached hereto in the Appendix to this Petition as Exhibit "D".

Article III § 3 of the Pennsylvania Constitution provides as follows:

9

No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

Pa. Const. Art. III § 3.9.

A challenge to the constitutionality of a statute is a question of law and the Court's scope of review is plenary and non-deferential. Commonwealth v. McCoy, 601 Pa. 540, 975 A.2d 586 (2009). The Courts will presume that a statute is constitutional. A statute will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution.

The purpose of Article III § 3 is to encourage an open and accountable government by limiting the practice of inserting a number of distinct and independent subjects into a single bill. Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132, 1149 (2009). In Spahn, the Supreme Court articulated the principles to be applied in the analysis as follows:

> We confirm that "reasonable notice is the keystone of **Article III § 3**." We noted that "bills are frequently subject to amendments as they proceed through the legislative process and not every supplementation of new material is violative of the Constitution. Thus, where the provisions added during the legislative process assisting containing out a bill's main objective or otherwise germane to the bill subject as reflected in its title, the requirements of **Article III § 3** are met." On the other hand, this recognition must be balanced against the fact that "no two subjects are so wide apart that they may not

10

> be brought into a common focus, if the point of view be
> carried back far enough." Recognizing the tension that
> was created by these competing observations, we focused
> on whether there was a "single unifying subject to which
> all provisions of the Act are germane." Applying this test
> to the gaming bill that was the subject of the challenge in
> PAGE, we concluded that there was "a single unifying
> subject - - the regulation of gaming." We then pointed
> out that "the single topic of gaming does not encompass
> the limitless number of subjects which could be
> encompassed under the heading of 'municipalities'."

Spahn, *supra* at 977 A.2d 1148 (*citations deleted*).

The single subject rule is designed to address the following concerns: (1) it curbs the legislative practice known as "log-rolling" which is combining into one bill a variety of distinct subjects which cannot obtain a majority on their own, but can in their amalgamation. (2) It prohibits hiding what would be unpopular legislation by attaching a rider to an otherwise popular bill that is likely to pass. (3) A bill addressing a single subject is more likely to receive a considered review than one covering many topics. Commonwealth v. Neiman, 5 A.3d 353, 355-56 (Pa. Super. 2010).

In this case, Act No. 2002-82 pertained to ten distinct provisions of the Crimes Code, including such diverse topics as double jeopardy, terroristic threats, bomb threats, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile bombs, interception

11

of communications, and possessing or dealing in firearms. Other than pertaining to other portions of the Crimes Code, these topics have nothing to do with dealing in proceeds of unlawful activities. Double jeopardy, in fact, refers to an amendment of Section 110 of the Crimes Code which contains the defense of statutory double jeopardy. This bill can only be construed as referring to a single subject, if that subject would be classified so broadly as crimes and offenses. That cannot pass constitutional muster.

The Crimes Code is a codification of almost every law which could have been considered a common law crime together with others. Counsel believes that the overwhelming majority of criminal prosecutions for offenses not set forth in the Crimes Code are limited to narcotics offenses, pharmacy violations and motor vehicle offenses. What single subject could cover bombs, proceeds of unlawful activities and double jeopardy? The only possible subject matter which could include these topics is crimes and defenses. That is no more narrow than claiming that a bill referring to the single subject of "municipalities."

In a case where a number of diverse topics which had nothing in common other than referring to municipalities were included in the same bill, the Supreme Court found that such bill was unconstitutionally enacted. <u>See</u>, <u>City of</u>

Philadelphia, *et al.* v. Commonwealth of Pennsylvania, 575 Pa. 542, 838 A.2d 566 (2003). See also, DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005).

The enactment of 18 Pa. C.S.A.§5111 violates the single subject rule set forth in Article III § 3. For this reason, counsel should have filed a motion attacking the constitutionality of this statute.

In order to obtain relief in his PCRA, Defendant must meet the standard for ineffective assistance of counsel, which is well-established.

Counsel is presumed to be effective and the defendant has the burden of proving ineffectiveness. Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294 (2002); Commonwealth v. D'Collanfield, 805 A.2d 1244 (Pa. Super. 2002). To prevail on an ineffectiveness claim, the defendant must plead and prove by a preponderance of the evidence that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and, (3) the ineffectiveness of counsel caused him prejudice. Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203 (2001); Commonwealth v. Miller, 560 Pa. 500, 746 A.2d 592 (2000).

A defendant claiming ineffective assistance must identify acts or omissions by counsel that cannot be considered the result of reasonable, professional judgment. Commonwealth v. McClellan, 2005 Pa. Super. 376, 887 A.2d 291 (2005). A reasonable basis must be something more than a hunch. A blind guess

13

on the part of counsel is tantamount to providing the defendant no counsel at all. Commonwealth v. Jones, 871 A.2d 1258 (2005).

Prejudice in the context of ineffective assistance of counsel requires a demonstration that there was a reasonable probability that but for counsel's error; the outcome of the proceeding would have been different. Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Commonwealth v. Chambers, 570 Pa. 3, 807 A.2d 872, 883 (2002), *quoting from* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984). Prejudice occurs when the errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.*

Ineffectiveness claims are not limited to complaints of counsel's errors during trial. Section 9543(a)(2)(ii) of the PCRA encompasses all constitutionally cognizable claims of ineffective assistance of counsel. Commonwealth *ex rel.* Dadario v. Goldberg, 565 Pa. 280, 773 A.2d 126 (2001)(claims relating to the guilty plea process are cognizable under the PCRA); See also, Commonwealth v. Hickman, 799 A.2d 136 (Pa. Super. 2002)(erroneous advice concerning boot camp eligibility); Commonwealth v. Whitmore, 2004 Pa. Super. 365, 860 A.2d 1032

14

(2004)(failure to perfect challenge to the discretionary aspects of sentencing); Commonwealth v. Rathfon, 899 A.2d 365 (Pa. Super. 2006).

In this case, Defendant specifically alleged that the statute was unconstitutional, that counsel lacked a reasonable strategic basis and that he was prejudiced. The Lower Court dismissed the PCRA without a hearing finding that the statute was in fact constitutionally enacted.

The Superior Court engaged in no independent analysis and simply affirmed on the basis of the Lower Court's Opinion. This Court should accept allowance of appeal to decide whether a bill which refers to a variety of criminal law topics which have nothing in common violates the single subject rule. This will allow the Court to not only correct the Superior Court's erroneous decision but also clarify this area of the law.

## V.    CONCLUSION

It is respectfully requested that this Court grant allowance of appeal in this case.

RESPECTFULLY SUBMITTED,

EAGER, STENGEL, QUINN & SOFILKA

DATE: 7/5/12                          BY: _____

Vincent J. Quinn
Attorneys for Petitioner
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

16

## APPENDIX

EXHIBIT "A" – OPINION AND ORDER OF THE HONORABLE HOWARD F. KNISELY FILED ON SEPTEMBER 30, 2011

EXHIBIT "B" – OPINION OF THE HONORABLE HOWARD F. KNISELY FILED FEBRUARY 3, 2012

EXHIBIT "C" – MEMORANDUM OF THE SUPERIOR COURT AUTHORED BY JUDGE BOWES AND FILED JUNE 13, 2012

EXHIBIT "D" – ACT 2002-82 (S.B. 1109)

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA     :

                                  :

vs.                            :         No. 5995-2006

                                    :

LEVI LAPP STOLTZFOOS             :

## <u>ORDER</u>

AND NOW, this __30th__ day of September, 2011, upon consideration of Defendant's

Amended Motion for PCRA relief, filed on August 29, 2011, it is hereby ordered that said

Motion is DENIED.

Defendant is hereby given notice that the Court, pursuant to Pa.R.Crim.P. 907, intends

to dismiss Defendant's PCRA motion without an evidentiary hearing unless Defendant shall,

within twenty (20) days of the date of this Order, show good cause why the motion should not be

dismissed.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

*Danette K. Burkholder*

Danette K. Burkholder
Acting Clerk of the Courts

Attest:

BY THE COURT:

HOWARD F. KNISELY
JUDGE

Copies to:       Craig Stedman, District Attorney

                    Andrea F. McKenna, Senior Deputy Attorney General

                    Vincent Quinn

                    Levi Lapp Stoltzfoos (<u>via</u> <u>certified mail</u>, <u>return receipt requested</u>)

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA   :
                                            :

       vs.                           :        No. 5995-2006

LEVI LAPP STOLTZFOOS           :

## O P I N I O N

BY: KNISELY, J.                                         September 30, 2011

Before the Court is Defendant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appointed counsel filed a timely amended PCRA petition on August 29, 2011. In his petition, Defendant avers counsel was ineffective for failing to litigate the unconstitutionality of the statute under which he was convicted. Following my independent review of the record, I am satisfied that there are no genuine issues of material fact and no purpose would be served by further proceedings. As such, the Court hereby issues notice of intent to dismiss Defendant's petition without an evidentiary hearing. This Opinion and Order are written pursuant to Pa.R.Crim.P. 907.

## BACKGROUND

Between January 6, 2006 and February 11, 2006, Defendant made 58 cash deposits, totaling $541,100.00, at ten different banks. The 58 deposits were divided among nine days. On each occasion, Defendant deposited $10,000.00 or less in cash. In connection with these

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

deposits, Defendant was charged with 58 counts of dealing in proceeds of unlawful activity.[2]  On

May 9, 2008, a jury found Defendant guilty of all 58 counts.  Only July 22, 2008, this Court

sentenced Defendant to an aggregate term of 2 to 10 years of state imprisonment.  The Court also

imposed a civil penalty of $540,200.00, pursuant to 18 Pa.C.S.A. § 5111(c).

The Court denied Defendant's post-sentence motions on September 9, 2008.  The time to

file a direct appeal lapsed; however, the Court reinstated Defendant's direct appeal rights *nunc*

*pro tunc*.  On direct appeal, Defendant alleged, in part, that Section 5111(a)(3) was

unconstitutionally vague and overbroad.  In an unpublished Memorandum, the Superior Court

affirmed Defendant's judgment of sentence.  On June 16, 2011 the Supreme Court of

Pennsylvania denied Defendant's Petition for Allowance of Appeal.

Defendant timely filed a *pro se* PCRA petition on July 13, 2011.  The Court appointed

Attorney Vincent Quinn as counsel.  Defendant filed an amended PCRA petition on August 29,

2011.

## DISCUSSION

In his amended petition, Defendant alleges ineffective assistance of trial counsel for

failing to litigate the constitutionality of Section 5111 under Article III § 3 of the Pennsylvania

Constitution.  Specifically, Defendant alleges three reasons Section 5111 is illegal and

unconstitutional:

> (1)     Act No. 2002-82 and SB No. 1109 violates that provision of Article III § 3
> providing that no bill shall be passed containing more than one subject.  In
> particular, the Defendant notes that Act No. 2002-82, SB No. 1109 contains

---

[2]  18 Pa.C.S.A. § 5111(a)(3).

various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, threat to use weapons of mass destruction, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile weapons of mass destruction, persons not to possess firearms, the wiretap act, as well as dealing in proceeds of unlawful activities.

(2)     The other portions of the Crimes Code included in Act No. 2002-82, SB No. 1109 are neither sufficiently germane nor bear a proper legislative relation to dealing in proceeds of unlawful activities.

(3)     Act No. 2002-82, SB No. 1109 further violates Article III § 3 in that the subject of Dealing in Proceeds of Unlawful Activity is not clearly expressed in the title of the Bill/Act.

(Def.'s Am. Mot., 8/29/11, at 3, ¶ 16 (internal citation omitted)).

Initially, I note the standard by which courts resolve challenges to the constitutionality of legislation:

> [O]ur case law makes clear that there is a strong presumption in the law that legislative enactments do not violate our Constitution. *See Pennsylvania School Boards Ass'n, Inc. et al. v. Commonwealth Ass'n. of School Administrators,* 569 Pa. 436, 805 A.2d 476, 479 (2002). This includes the manner by which legislation is enacted. *Id.* Accordingly, a statute will not be declared unconstitutional unless it *clearly, palpably,* and *plainly* violates the Constitution. *Id.* (emphasis supplied). All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. *Commonwealth v. Hendrickson,* 555 Pa. 277, 724 A.2d 315, 317 (1999). Thus, there is a very heavy burden of persuasion upon one who challenges the constitutionality of a statute. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162, 165 (1996). It is with this burden and the extremely deferential standard by which we view constitutional challenges in mind that we turn to the arguments of the parties.

*Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth*, 583 Pa. 275, 292-293, 877 A.2d 383, 393 (2005)[hereinafter *PAGE*].

Article 3, § 3 of the Pennsylvania Constitution, commonly referred to as the single-

subject rule, provides:

> § 3. Form of bills.
>
> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

Pa. Const. Art. 3, § 3. The single-subject rule serves to prevent intentionally disguising the purpose of a bill through a misleading title or by hiding unfavored measures in popular bills that are likely to pass. *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 586 (Pa. 2003). In other words, the purpose of the rule is to provide fair notice to legislators and the public of all proposed enactments and their true effects. *See id.*

Generally, considering bills are frequently amended through the legislative process, the single-subject rule is satisfied where the provisions added "assist in carrying out a bill's main objective or are otherwise 'germane' to the bill's subject as reflected in its title." *Stilp v. Commonwealth*, 588 Pa. 539, 601, 905 A.2d 918, 955 (Pa. 2006)(citing *PAGE*, *supra*). Indeed, "[f]ew bills are so elementary in character that they may not be subdivided under several heads; and no two subjects are so wide apart that they may not be brought into a common focus." *Payne v. School Dist. of Borough of Coudersport*, 168 Pa. 386, 31 A. 1072 (Pa.1895). However, defining a constitutionally-valid subject too broadly risks stripping the single-subject rule of its purpose. *PAGE*, *supra*, at 395.

With these principles in mind, the Court turns to Act 82, Senate Bill 1109 ("SB 1109"). SB 1109, printer's no. 1389, was first referred to the Judiciary Committee on October 9, 2001.

4

At that time, SB 1109's short title listed the titles of the sections of the Crimes Code that the bill was amending:

"AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for terroristic threats, for bomb threats, for false alarms to agencies of public safety and for harassment and stalking by communication." *See* S.B. 1109, 2001-2002 Sess. (Pa. 2001)(printer's no. 1389), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm? txtType=PDF&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109&pn=1389. While the sections listed in SB 1109's short title are contained in differing chapters of the Crimes Code, each specific title of the sections amended are listed. *Id.* Also, this version of the bill was a little over three pages long, consisting of the four sections listed in the short title. *Id.*

The history of the bill reveals it was amended several times before the final version of SB 1109, printer's no. 2105, was concurred on by the House in Senate amendments (by a vote of 198-0) and referred to the Senate Rules Committee on June 18, 2002.[3] The final version, concurred on House amendments by the Senate on June 26, 2002 (by a vote of 50-0), was eighteen pages and included six additional sections of the Crimes Code. *See* S.B. 1109, 2001-2002 Sess. (Pa. 2002)(printer's no. 2105), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=PDF&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109&pn=2105. The titles of the additional sections were added to the bill's short title:

---

[3] The history of SB 1109 is a matter of public record. " *See* S.B. 1109, 2001-2002 Sess. (Pa. 2001), http://www.legis.state.pa.us/cfdocs/billinfo/bill_history.cfm?syear=2001&sind=0&body=S&type=B&bn=1109.

> AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for DOUBLE JEOPARDY, FOR terroristic threats and for bomb threats; providing for weapons of mass destruction; and further providing for false alarms to agencies of public safety, for false reports to law enforcement authorities, FOR DEALING IN PROCEEDS OF UNLAWFUL ACTIVITIES, for facsimile bombs, for interception of communications and for possessing or dealing in firearms.

*Id.*

As in the first version, SB 1109 contained sections that are part of different chapters of the Crimes Code; however, every title of the sections amended by the bill was included in the short title. The bill, totaling eighteen pages and amending ten total sections of the Crimes Code, is not particularly voluminous. *See City of Philadelphia, supra*, at 589 (voluminous legislation under review consisting of 127 pages. Contrary to Defendant's assertion, the bill does not contain topics unrelated to a single subject. Rather, the Court finds that SB 1109 serves the single unifying purpose of amending specified sections of the Crimes Code.

Further, regarding the challenge to the title of SB 1109, the *PAGE* Court explained, "[O]ne who seeks to declare a title unconstitutional under this provision must demonstrate either (1) that the legislators and the public were actually deceived as to the act's contents at the time of passage, or (2) that the title on its face is such that no reasonable person would have been on notice as to the act's contents." *PAGE*, 877 A.2d at 406. Here, no sections of the Crimes Code were contained in the bill that were not listed in the bill's short title. The bill went through multiple revisions before passing in the House and Senate unanimously. There is nothing to suggest that the legislature was deceived as to SB 1109's content at the time of passage and the short title, listing each specific section of the Crimes Code affected by the bill, provided

6

reasonable notice of the bill's contents. Thus, the Court finds that SB 1109 complies with the single-subject rule.

As the Court finds as a matter of law that the single-subject rule was not violated, Defendant's trial counsel cannot be deemed ineffective for failing to raise the claim. *See Commonwealth v. Jones*, 571 Pa. 112, 131, 811 A.2d 994, 1005 (2002)(counsel cannot be deemed ineffective for failing to raise a meritless claim). As such, Defendant's ineffectiveness claim fails.

Accordingly, the Court enters the following:

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
                          :

        vs.                :        No. 5995-2006

                          :

LEVI LAPP STOLTZFOOS       :

## OPINION

BY: KNISELY, J.                                       February 3, 2012

      Defendant Levi Lapp Stoltzfoos has appealed to the Superior Court of Pennsylvania from this Court's November 8, 2011 Order, dismissing Defendant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] On Appeal, Defendant alleges trial counsel was ineffective for failing to litigate the constitutionality of the statute under which he was convicted. Defendant was found guilty of 58 counts of dealing in proceeds of unlawful activity, codified at 18 Pa.C.S. § 5111. Specifically, Defendant alleges that Senate Bill 1109, which amended provisions of the Crimes Code, violated the single-subject rule. He further alleges that trial counsel was ineffective for failing to litigate this claim. This Court explored this issue in its Opinion and Order of September 30, 2011. The Court found as a matter of law that the single-subject rule was not violated and, as such, counsel could not be deemed ineffective for failing to raise the claim. As the Court has already stated its reasons on the record by way of its September 30, 2011 Opinion, the Court submits that Opinion for purposes of Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Attest:

Joshua G. Parsons
Clerk of the Courts

BY THE COURT:

HOWARD F. KNISELY
JUDGE

Copies to: Craig Stedman, District Attorney; Andrea F. McKenna, Senior Deputy Attorney General; Vincent Quinn, Esq.; and Levi Lapp Stoltzfoos (via certified mail, return receipt requested)

---

[1] 42 Pa.C.S. §§ 9541-9546.



**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEVI LAPP STOLTZFOOS, | |
| Appellant | No. 2148 MDA 2011 |

Appeal from the Order Entered of November 8, 2011
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005995-2006

BEFORE: BOWES, ALLEN, and MUNDY, JJ.

MEMORANDUM BY BOWES, J.: **FILED JUNE 13, 2012**

This is an appeal from the order entered November 8, 2011, dismissing Levi Lapp Stoltzfoos's PCRA petition. We affirm.

A jury found Appellant guilty of fifty-eight counts of dealing in proceeds of unlawful activities. The underlying facts reflect that between January 6, 2006 and February 11, 2006, Appellant completed fifty-eight separate cash deposits at ten different banking facilities, totaling $541,000. The deposits were made in a manner so as to avoid transaction reporting requirements. The trial court sentenced Appellant to an aggregate term of incarceration of two to ten years. Appellant filed a timely post-sentence motion, which the trial court denied. Appellant failed to file a timely notice of appeal, but filed a timely PCRA petition seeking the reinstatement of his direct appeal rights. The PCRA court granted relief and his direct appeal

ensued.  A panel of this Court, with one judge dissenting and another jurist concurring, affirmed Appellant's judgment of sentence.  *Commonwealth v. Stoltzfoos*, 15 A.3d 542 (Pa.Super. 2010).  Our Supreme Court denied Appellant's petition for allowance of appeal.  *Commonwealth v. Stoltzfoos*, 23 A.3d 1056 (Pa. 2011).  Since Appellant did not seek review with the United States Supreme Court, his judgment of sentence became final for PCRA purposes ninety days after our Supreme Court's denial of allowance of appeal, on June 16, 2011.  *See* U.S. S.Ct.R. 13; 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Appellant timely filed the instant PCRA petition, and the court appointed counsel.  Counsel filed an amended petition contending that trial counsel was ineffective in failing to challenge the constitutionality of the dealing in unlawful proceeds statute as a violation of the single subject rule. The PCRA court issued a Pa.R.Crim.P. 907 notice comprehensively detailing the reasons for its dismissal without a hearing.  Thereafter, the court issued a final order denying Appellant's petition.  This appeal followed.  The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied.  The PCRA court issued a Pa.R.A.P. 1925(a) order indicating that its reasons for the dismissal could be found in its Rule 907 notice of dismissal.  The matter is now ready

- 2 -

for this Court's consideration. Appellant's sole issue on appeal is "Whether the lower court erred in denying the Defendant's amended PCRA without holding a hearing when trial counsel was ineffective for failing to litigate that the enactment of 18 Pa.C.S.A § 5111 violated Article III § 3 of the Pennsylvania Constitution." Appellant's brief at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa.Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. **Id**. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Id**. This Court may affirm a PCRA court's decision on any grounds if the record supports it. **Id**. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa.Super. 2011). However, we afford no such deference to its legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011); **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

Instantly, Appellant's underlying claim presents a question of law, i.e., whether the dealing in unlawful proceeds statute violates the single subject

- 3 -

rule of the Pennsylvania Constitution. The single subject rule is contained within the Pennsylvania Constitution and provides, "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or bill codifying or compiling the law or a part thereof." Pa.Const. Art. III § 3. Only if the statute is unconstitutional can his ineffectiveness claim succeed. *Commonwealth v. Dennis*, 784 A.2d 179 (Pa.Super. 2001).

Appellant argues that Act No. 2002-82, the bill containing the applicable dealing in proceeds of unlawful activities statute, "pertained to ten distinct provisions of the Crimes Code[.]" Appellant's brief at 12. He asserts that the bill can only be classified as referring to a single subject if the subject would be classified broadly as crime and offenses. According to Appellant, a bill wherein the subject matter encompasses the topic of crime generally is analogous to bills which have been struck down because their alleged single subject referred to municipalities. Since the bill in question covered topics including double jeopardy, terroristic threats, bomb threats, weapons of mass destruction, possession of firearms, and wiretapping, as well as dealing in proceeds of unlawful activities, he submits that the bill violated Article III § 3.

The Commonwealth responds by adopting the learned PCRA court's discussion of the constitutionality of the applicable law. The PCRA court opined that the bill amended ten sections of the Crimes Code and did not

- 4 -

"contain topics unrelated to a single subject. Rather, the Court finds that [the bill] serves the single unifying purpose of amending specified sections of the Crimes Code." PCRA Court Rule 907 Notice, 9/30/11, at 6. The court added that the title of the bill contained each specific section of the Crimes Code that was being amended. Accordingly, the PCRA court held that as a matter of law, the single subject rule was not violated and consequently counsel was not ineffective in failing to assert such a claim. We agree and find the learned PCRA court decision dispositive of Appellant's issue. Accordingly, we affirm on the basis of the well-reasoned September 30, 2011 opinion of the Honorable Howard F. Knisely.

Order affirmed.


Judgment Entered.

*Mary A. Shaybell*

Interim Deputy Prothonotary


Date: 6/13/2012

