9.8.0.2.V2 PENNSYLVANIA 2002 LEGISLATIVE SERVICE
One Hundred Eighty-Fifth Regular Session of the General Assembly

Copr. © West Group 2003.  All rights reserved.

Additions are indicated by Text; deletions by
~~Text~~.  Changes in tables are made but not highlighted.

ACT NO. 2002-82
S.B. No. 1109
CRIMES AND OFFENSES--TERRORISTIC THREATS, BOMBS, FIREARMS, AND FALSE REPORTS

AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated
Statutes, further providing for double jeopardy, for terroristic threats and for
bomb threats;  providing for weapons of mass destruction; and further providing for
false alarms to agencies of public safety, for false reports to law enforcement au-
thorities, for dealing in proceeds of unlawful activities, for facsimile bombs, for
interception of communications and for possessing or dealing in firearms.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as
follows:

Section 1. Sections 110(1)(ii), 2706(b), (c) and (d) and 2715 of Title 18 of the
Pennsylvania Consolidated Statutes are amended to read:

<< PA ST 18 Pa.C.S.A. § 110 >>

§ 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes
than a former prosecution or is based on different facts, it is barred by such for-
mer prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined
in section 109 of this title (relating to when prosecution barred by former prose-
cution for the same offense) and the subsequent prosecution is for:

* * *

(ii) any offense based on the same conduct or arising from the same criminal ep-
isode, if such offense was known to the appropriate prosecuting officer at the time
of the commencement of the first trial and ~~was~~ occurred within the ~~jurisdiction of
a single court~~ same judicial district as the former prosecution unless the court
ordered a separate trial of the charge of such offense;  or

* * *

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82                                      Page 2
2002 Pa. Legis. Serv. Act 2002-82 (WEST) (Publication page references are not available for this document.)
(Publication page references are not available for this document.)

<< PA ST 18 Pa.C.S.A. § 2706 >>

§ 2706. Terroristic threats

* * *

(b) Restitution. ~~If the building, place of assembly or facility of public trans-portation is owned or occupied by a school district, the~~ A person convicted of vio-lating this section shall, in addition to any other sentence imposed or restitution ordered under 42 Pa.C.S. § 9721(c) (relating to sentencing generally), be sentenced to pay ~~the school district~~ restitution in an amount equal to the cost of the evacu-ation, including, but not limited to ~~the~~, fire and police response; emergency med-ical service or emergency preparedness response; and transportation of ~~students and staff~~ an individual from the building, place of assembly or facility.

(c) Preservation of private remedies. No judgment or order of restitution shall debar ~~the school district~~ a person, by appropriate action, to recover from the of-fender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

(d) Grading. An offense under subsection (a) constitutes a misdemeanor of the first degree~~,~~ unless the threat causes the occupants of the building, place of as-sembly or facility of public transportation to be diverted from their normal or customary operations, in which case the offense constitutes a felony of the third degree.

* * *

<< PA ST 18 Pa.C.S.A. § 2715 >>

§ 2715. ~~Bomb threats~~ Threat to use weapons of mass destruction

(a) Offense defined. A person who intentionally:

~~(1) places or sets a bomb;~~

~~(2) causes the placement or setting of a bomb;~~

(3) reports without factual basis of knowledge the existence or potential exist-ence of a ~~bomb~~ weapon of mass destruction; or

(4) threatens by any means the placement or setting of a ~~bomb~~ weapon of mass de-struction; commits an offense under this section. A separate offense shall occur for each ~~placement or setting of a bomb or each~~ report or threat to place or set a ~~bomb~~ weapon of mass destruction.

(b) Penalty. An offense under this section shall be graded as follows:

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82                                                           Page 3
2002 Pa. Case 5:13-cv-02668-WWMODER-Document 2-7 Filed 11/07/13 Page 3 of 44
(Publication page references are not available for this document.)

(1) Except as set forth in paragraph (2), a misdemeanor of the first degree ~~for a first offense;   or~~.

(2) If the report or threat causes the occupants of a building, place of assembly or facility of public transportation to be diverted from their normal or customary operations, a felony of the third degree ~~for a second or subsequent offense~~.

(3) A felony of the second degree if the offense occurs during a declared state of emergency and the report or threat causes disruption to the operations of any person, business entity or governmental agency where the weapon of mass destruction is reported to exist or threatened to be placed or set.

(c) Emergency response costs. ~~In~~ A person convicted of violating this section shall, in addition to any ~~fines, fees, costs~~ other sentence imposed or restitution ~~provided for by law, the court may order a person convicted~~ ordered under ~~this section to reimburse the State, county or municipal corporation for the costs incurred incident to a bomb threat for emergency response resources reasonably necessary to protect life and property.~~ 42 Pa.C.S. § 9721(c) (relating to sentencing generally), be sentenced to pay restitution in an amount equal to the cost of the evacuation, including, but not limited to, fire and police response;  emergency medical service or emergency preparedness response;  and transportation of an individual from the building, place of assembly or facility.

(c.1) Preservation of private remedies.  No judgment or order of restitution shall debar a person, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

(c.2) Application of section.  This section shall not apply to lawful conduct by a party to a labor dispute as defined in the act of June 2, 1937 (P.L. 1198, No. 308), known as the Labor Anti-Injunction Act, or to any constitutionally protected activity.

(d) ~~Definition~~ Definitions.  As used in this section, the ~~term "bomb" means an~~ following words and phrases shall have the meanings given to them in this subsection:

"Biological agent."  A natural or genetically engineered pathogen, toxin, virus, bacteria, prion, fungus or microorganism which causes infections, disease or bodily harm.

"Bomb."  An explosive device used for unlawful purposes.

"Chemical agent."  Any of the following:

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82

Page 4

2002 Pa. Legis. Serv. 2002-82 (WEST) PURDON'S
(Publication page references are not available for this document.)

(1) A nerve agent, including tabun (GA), sarin (GB), soman (GD), GF and VX.

(2) A choking agent, including phosgene (CG) and diphosgene (DP).

(3) A blood agent, including hydrogen cyanide (AC), cyanogen chloride (CK) and arsine (SA).

(4) A blister agent.  This paragraph includes:

(i) Mustard (H).

(ii) Sulfur mustard (HD).

(iii) HN-1.

(iv) HN-2.

(v) Sulfur mustard (HN-3).

(vi) An arsenical, such as lewisite (L).

(vii) An urticant, such as CX.

(viii) An incapacitating agent, such as B2.

(5) Any other chemical element or compound which causes death or bodily harm.

"Nuclear agent."  A radioactive material.

"Weapon of mass destruction."  A bomb, biological agent, chemical agent or nuclear agent.

Section 2. Title 18 is amended by adding a section to read:

<< PA ST 18 Pa.C.S.A. § 2716 >>

§ 2716. Weapons of mass destruction

(a) Unlawful possession or manufacture.  A person commits an offense if the person, without lawful authority to do so, intentionally, knowingly or recklessly possesses or manufactures a weapon of mass destruction.

(b) Use.  A person commits an offense if the person, without lawful authority to do so, intentionally, knowingly or recklessly sells, purchases, transports or caus-

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82                                                    Page 5
2002 Pa. Case 1:13-cv-02688-WWC-RD Document 2-7 Filed 11/01/13 Page 5 of 44
(Publication page references are not available for this document.)

es another to transport, delivers or causes to be delivered or uses a weapon of mass destruction and if such action causes any of the following:

(1) Illness or injury to another individual.

(2) Damage to or disruption of a water or food supply or public natural resources, including waterways, State forests and parks, surface water, groundwater and wildlife.

(3) Evacuation of a building, place of assembly or facility of public transportation.

(c) Grading.

(1) A first offense under subsection (a) constitutes a felony of the second degree. A subsequent offense under subsection (a) constitutes a felony of the first degree.

(2) An offense under subsection (b)(1) constitutes a felony of the first degree. If the offense results in the death of an individual, the defendant shall be sentenced to life imprisonment.

(3) An offense under subsection (b)(2) or (3) constitutes a felony of the first degree.

(d) Restitution. A person convicted of violating this section shall, in addition to any other sentence imposed or restitution ordered under 42 Pa.C.S.§ 9721(c) (relating to sentencing generally), be sentenced to pay restitution in an amount equal to the cost of the evacuation, including, but not limited to, fire and police response; emergency medical service or emergency preparedness response; and transportation of an individual from the building, place of assembly or facility.

(e) Preservation of private remedies. No judgment or order of restitution shall debar a person, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

(f) Possession. For purposes of this section, an individual shall not be deemed to be in possession of an agent if the individual is naturally exposed to or innocently infected or contaminated with the agent.

(g) Enforcement.

(1) In addition to the authority conferred upon the Attorney General under sections 205 and 206 of the act of October 15, 1980 (P.L. 950, No. 164), known as the Commonwealth Attorneys Act, the Attorney General has the authority to investigate

Copr. © West 2008 No Claim to Orig. Govt. Works

and to institute criminal proceedings for a violation of this section committed:

   (i) anywhere in this Commonwealth;

   (ii) in different counties;  or

   (iii) in this Commonwealth and another jurisdiction.

  (2) Each district attorney has the authority to investigate and to institute criminal proceedings for a violation of this section.

  (h) Jurisdiction.  No person charged with a violation of this section shall have standing to challenge the authority of the Attorney General under subsection (g)(1).  If a challenge is made in violation of this subsection, the challenge shall be dismissed, and no relief shall be available in the courts of this Commonwealth to the person making the challenge.

  (i) Definitions.  As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

  "Biological agent."  A natural or genetically engineered pathogen, toxin, virus, bacteria, prion, fungus or microorganism which causes infections, disease or bodily harm.

  "Bomb."  An explosive device used for unlawful purposes.

  "Chemical agent."  Any of the following:

  (1) A nerve agent, including tabun (GA), sarin (GB), soman (GD), GF and VX.

  (2) A choking agent, including phosgene (CG) and diphosgene (DP).

  (3) A blood agent, including hydrogen cyanide (AC), cyanogen chloride (CK) and arsine (SA).

  (4) A blister agent.  This paragraph includes:

  (i) Mustard (H).

  (ii) Sulfur mustard (HD).

  (iii) HN-1.

  (iv) HN-2.

Copr. © West 2008 No Claim to Orig. Govt. Works

(v) Nitrogen mustard (HN-3).

(vi) An arsenical, such as lewisite (L).

(vii) An urticant, such as CX.

(viii) An incapacitating agent, such as B2.

(5) Any other chemical element or compound which causes death or bodily harm.

"Nuclear agent." A radioactive material.

"Weapon of mass destruction." A biological agent, bomb, chemical agent or nuclear agent.

Section 3. Sections 4905 and 4906 of Title 18 are amended to read:

<< PA ST 18 Pa.C.S.A. § 4905 >>

§ 4905. False alarms to agencies of public safety

A person who (a) Offense defined. A person commits an offense if he knowingly causes a false alarm of fire or other emergency to be transmitted to or within any organization, official or volunteer, for dealing with emergencies involving danger to life or property commits a misdemeanor of the first degree.

(b) Grading. An offense under this section is a misdemeanor of the first degree unless the transmission of the false alarm of fire or other emergency occurs during a declared state of emergency and the false alarm causes the resources of the organization to be diverted from dealing with the declared state of emergency, in which case the offense is a felony of the third degree.

<< PA ST 18 Pa.C.S.A. § 4906 >>

§ 4906. False reports to law enforcement authorities

(a) Falsely incriminating another. A Except as provided in subsection (c), a person who knowingly gives false information to any law enforcement officer with intent to implicate another commits a misdemeanor of the second degree.

(b) Fictitious reports. A Except as provided in subsection (c), a person commits a misdemeanor of the third degree if he:

(1) reports to law enforcement authorities an offense or other incident within

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82                                      Page 8
2002 Pa. Legis. Serv. Act 2002-82 (H.B. 219) (PURDON'S)

(Publication page references are not available for this document.)

their concern knowing that it did not occur;  or

   (2) pretends to furnish such authorities with information relating to an offense
or incident when he knows he has no information relating to such offense or inci-
dent.

   (c) Grading.  If the violation of subsection (a) or (b) occurs during a declared
state of emergency and the false report causes the resources of the law enforcement
authority to be diverted from dealing with the declared state of emergency, the of-
fense shall be graded one step greater than that set forth in the applicable sub-
section.

   Section 4. Section 5111(a) of Title 18 is amended and the section is amended by
adding a subsection to read:

<< PA ST 18 Pa.C.S.A. § 5111 >>

§ 5111. Dealing in proceeds of unlawful activities

   (a) Offense defined.  A person commits a felony of the first degree if the person,
knowing that the property involved in a financial transaction represents the pro-
ceeds of unlawful activity, conducts a financial transaction which involves the
proceeds of unlawful activity under any of the following circumstances:

   (1) With knowledge that the property involved represents the proceeds of unlawful
activity, the person acts with the intent to promote the carrying on of the unlaw-
ful activity.

   (2) Knowing With knowledge that the property involved represents the proceeds of
unlawful activity and that the transaction is designed in whole or in part:

   (i) to conceal or disguise the nature, location, source, ownership or control of
the proceeds of unlawful activity; or

   (ii) to avoid.

   (3) To avoid a transaction reporting requirement under State or Federal law.

   * * *
   (e.1) Venue.  An offense under subsection (a) may be deemed to have been committed
where any element of unlawful activity or of the offense under subsection (a) oc-
curs.

   * * *
   Section 5. Sections 5516, 5708(1) and 6105(b) of Title 18 are amended to read:

Copr. © West 2008 No Claim to Orig. Govt. Works

(Publication page references are not available for this document.)

<< PA ST 18 Pa.C.S.A. § 5516 >>

§ 5516. Facsimile ~~bombs~~ weapons of mass destruction

 (a) Offense defined.  A person commits an offense if the person intentionally, knowingly or recklessly manufactures, sells, purchases, transports or causes another to transport, delivers or causes another to deliver, possesses or uses a facsimile ~~bomb with the intent to do~~ weapon of mass destruction and by such action, causes any of the following:

  (1) ~~Terrify, intimidate, threaten~~ Terrifying, intimidating, threatening or ~~harass~~ harassing an individual.

  (2) ~~Cause alarm~~ Alarm or reaction on the part of any of the following:

   (i) A public or volunteer organization that deals with emergencies involving danger to life or property.

   (ii) A law enforcement organization.

  (3) ~~Serious~~ public inconvenience not limited to the evacuation of a building, place of assembly or facility of public transportation.

 (b) Grading.  An offense under this section is a ~~misdemeanor~~ felony of the ~~second~~ third degree.

 (b.1) Restitution.  A person convicted of violating this section shall, in addition to any other sentence imposed or restitution ordered under 42 Pa. C.S.§ 9721(c) (relating to sentencing generally), be sentenced to pay restitution in an amount equal to the cost of the evacuation, including, but not limited to, fire and police response;  emergency medical service or emergency preparedness response; and transportation of an individual from the building, place of assembly or facility.

 (b.2) Preservation of private remedies.  No judgment or order of restitution shall debar a person, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

 (b.3) Enforcement.

  (1) In addition to the authority conferred upon the Attorney General under sections 205 and 206 of the act of October 15, 1980 (P.L. 950, No. 164), known as the Commonwealth Attorneys Act, the Attorney General has the authority to investigate and to institute criminal proceedings for a violation of this section committed:

Copr. © West 2008 No Claim to Orig. Govt. Works

  (i) anywhere in this Commonwealth;

  (ii) in different counties;  or

  (iii) in this Commonwealth and another jurisdiction.

  (2) Each district attorney has the authority to investigate and to institute
criminal proceedings for a violation of this section.

  (b.4) Jurisdiction.  No person charged with a violation of this section shall have
standing to challenge the authority of the Attorney General under subsection
(g)(1). If a challenge is made in violation of this subsection, the challenge shall
be dismissed, and no relief shall be available in the courts of this Commonwealth
to the person making the challenge.

  (c) ~~Definition~~ Definitions.  As used in this section, the ~~term "facsimile bomb"~~
~~means a~~ following words and phrases shall have the meanings given to them in this
subsection:

  "Facsimile biological agent."  A material or substance which:

  (1) resembles in appearance and external qualities a natural or genetically engi-
neered pathogen, toxin, virus, bacteria, prion, fungus or microorganism which caus-
es infections, disease or bodily harm;  but

  (2) does not have the capacity to cause infectious disease or bodily harm.

  "Facsimile bomb."  A device which:

  (1) resembles in appearance and external qualities an explosive or incendiary de-
vice;  but

  (2) does not have the capability to cause an explosion or fire.

  "Facsimile chemical agent."  A material or substance which does not have the ca-
pacity to cause death or bodily harm but which resembles in appearance and external
qualities any of the following:

  (1) A nerve agent, including tabun (GA), sarin (GB), soman (GD), GF and VX.

  (2) A choking agent, including phosgene (CG) and diphosgene (DP).

  (3) A blood agent, including hydrogen cyanide (AC), cyanogen chloride (CK) and
arsine (SA).

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82                                                                        Page 11
2002 Pa. Legis. Serv. Act 2002-82 (West)

(Publication page references are not available for this document.)

(4) A blister agent.  This paragraph includes:

(i) Mustard (H).

(ii) Sulfur mustard (HD).

(iii) HN-1.

(iv) HN-2.

(v) Nitrogen mustard (HN-3).

(vi) An arsenical, such as lewisite (L).

(vii) An urticant, such as CX.

(viii) An incapacitating agent, such as B2.

(5) Any other chemical element or compound which causes death or bodily harm.

"Facsimile nuclear agent."  A device, material or substance which:

(1) resembles in appearance and external qualities a radioactive material;  but

(2) is not radioactive.

"Facsimile weapon of mass destruction."  A facsimile biological agent, facsimile bomb, facsimile chemical agent or facsimile nuclear agent.

<< PA ST 18 Pa.C.S.A. § 5708 >>

§ 5708. Order authorizing interception of wire, electronic or oral communications

The Attorney General, or, during the absence or incapacity of the Attorney General, a deputy attorney general designated in writing by the Attorney General, or the district attorney or, during the absence or incapacity of the district attorney, an assistant district attorney designated in writing by the district attorney of the county wherein the interception is to be made, may make written application to any Superior Court judge for an order authorizing the interception of a wire, electronic or oral communication by the investigative or law enforcement officers or agency having responsibility for an investigation involving suspected criminal activities when such interception may provide evidence of the commission of any of the following offenses, or may provide evidence aiding in the apprehension of the perpetrator or perpetrators of any of the following offenses:

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82

Page 12

2002 Pa. Legis. Serv. Act 2002-82 (H.B. 1009) (PURDON'S)
(Publication page references are not available for this document.)

(1) Under this title:

Section 911 (relating to corrupt organizations)

Section 2501 (relating to criminal homicide)

Section 2502 (relating to murder)

Section 2503 (relating to voluntary manslaughter)

Section 2702 (relating to aggravated assault)

Section 2706 (relating to terroristic threats)

Section 2709(b) (relating to harassment and stalking)

**Section 2716 (relating to weapons of mass destruction)**

Section 2901 (relating to kidnapping)

Section 3121 (relating to rape)

Section 3123 (relating to involuntary deviate sexual intercourse)

Section 3124.1 (relating to sexual assault)

Section 3125 (relating to aggravated indecent assault)

Section 3301 (relating to arson and related offenses)

Section 3302 (relating to causing or risking catastrophe)

Section 3502 (relating to burglary)

Section 3701 (relating to robbery)

Section 3921 (relating to theft by unlawful taking or disposition)

Section 3922 (relating to theft by deception)

Section 3923 (relating to theft by extortion)

Copr. © West 2008 No Claim to Orig. Govt. Works

Section 4701 (relating to bribery in official and political matters)

Section 4702 (relating to threats and other improper influence in official and political matters)

Section 5512 (relating to lotteries, etc.)

Section 5513 (relating to gambling devices, gambling, etc.)

Section 5514 (relating to pool selling and bookmaking)

Section 5516 (relating to facsimile weapons of mass destruction)

Section 6318 (relating to unlawful contact or communication with minor)

* * *

<< PA ST 18 Pa.C.S.A. § 6105 >>

§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

* * *

(b) Enumerated offenses.  The following offenses shall apply to subsection  (a):

Section 908 (relating to prohibited offensive weapons).

Section 911 (relating to corrupt organizations).

Section 912 (relating to possession of weapon on school property).

Section 2502 (relating to murder).

Section 2503 (relating to voluntary manslaughter).

Section 2504 (relating to involuntary manslaughter) if the offense is based on the reckless use of a firearm.

Section 2702 (relating to aggravated assault).

Section 2703 (relating to assault by prisoner).

Section 2704 (relating to assault by life prisoner).

Copr. © West 2008 No Claim to Orig. Govt. Works

PA LEGIS 2002-82

Page 14

2002 Pa. Legis. Serv. Act 2002-83 (H.B. 1029) (PURDON'S)
(Publication page references are not available for this document.)

Section 2709 (relating to harassment and stalking) if the offense relates to stalking.

Section 2716 (relating to weapons of mass destruction).

Section 2901 (relating to kidnapping).

Section 2902 (relating to unlawful restraint).

Section 2910 (relating to luring a child into a motor vehicle).

Section 3121 (relating to rape).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3125 (relating to aggravated indecent assault).

Section 3301 (relating to arson and related offenses).

Section 3302 (relating to causing or risking catastrophe).

Section 3502 (relating to burglary).

Section 3503 (relating to criminal trespass) if the offense is graded a felony of the second degree or higher.

Section 3701 (relating to robbery).

Section 3702 (relating to robbery of motor vehicle).

Section 3921 (relating to theft by unlawful taking or disposition) upon conviction of the second felony offense.

Section 3923 (relating to theft by extortion) when the offense is accompanied by threats of violence.

Section 3925 (relating to receiving stolen property) upon conviction of the second felony offense.

Section 4912 (relating to impersonating a public servant) if the person is impersonating a law enforcement officer.

Section 4952 (relating to intimidation of witnesses or victims).

Copr. © West 2008 No Claim to Orig. Govt. Works

Section 4953 (relating to retaliation against witness or victim).

Section 5121 (relating to escape).

Section 5122 (relating to weapons or implements for escape).

Section 5501(3) (relating to riot).

Section 5515 (relating to prohibiting of paramilitary training).

Section 5516 (relating to facsimile weapons of mass destruction).

Section 6110.1 (relating to possession of firearm by minor).

Section 6301 (relating to corruption of minors).

Section 6302 (relating to sale or lease of weapons and explosives).

Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States.

* * *
Section 6. This act shall take effect in 60 days.

Approved June 28, 2002.

PA LEGIS 2002-82

END OF DOCUMENT

Copr. © West 2008 No Claim to Orig. Govt. Works

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

Brief for Appellant upon the person set forth below and in the manner indicated:

By First Class Mail, Postage Pre-Paid:

        Craig Stedman, Esquire
        Office of the District Attorney
        Lancaster County Courthouse
        50 North Duke Street
        P.O. Box 83480
        Lancaster, PA 17608-3480

EAGER, STENGEL, QUINN & SOFILKA

Date: 3/12/12        By: _____

        Vincent J. Quinn, Esquire
        Attorney for Appellant
        Atty. I.D. No. 26113
        1347 Fruitville Pike
        Lancaster, PA 17601
        (717) 290-7971

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA     :
                                 :
            -v-                  :          2148 MDA 2011
                                 :
LEVI LAPP STOLTZFOOS             :

**AMENDED CERTIFICATE OF SERVICE**

I HEREBY CERTIFY  that I have this day served a true and correct copy of the

Petition for Allowance of Appeal upon the person set forth below and in the manner

indicated:

By First Class Mail, Postage Pre-Paid:

        Andrea F. McKenna
        Senior Deputy Attorney General
        Office of the Attorney General
        16th Floor, Strawberry Sqare
        Harrisburg, PA 17120

EAGER, STENGEL, QUINN & SOFILKA

DATE: 7/12/12

BY: _____
        Vincent J. Quinn
        Attorneys for Petitioner
        1347 Fruitville Pike
        Lancaster, PA 17601
        (717) 290-7971
        Atty. I.D. No. 26113

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: LANCASTER



# POLICE
# CRIMINAL COMPLAINT

| Magisterial District Number: 02-3-06 | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| District Justice Name: HON. Rodney H. Hartman, Jr. | 5995-2006 |
| | VS: |
| Address: 745 B East Main Street New Holland, PA 17557 | DEFENDANT: Levi L. Stoltzfoos 30 South Groffdale Road Leola, PA 17540 |
| Telephone: ( 717 ) 354-4206 | |

Docket No.: CR-223-06

Date Filed: 10-26-06

OTN: K 488156-4

| Defendant=s Race/Ethnicity White 9 Native American 9 Black 9 Hispanic 9 Asian 9 Unknown | Defendant=s Sex 9 Female 9 Male | Defendant=s D.O.B. 04/23/1969 | Defendant=s Social Security # 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 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 | Defendant=s SID# PA 20880431 |
|---|---|---|---|---|
| Defendant=s A.K.A. | Defendant=s Vehicle Information: Plate Number State | Registration Sticker (MM/YY) | | Defendant=s Driver=s License Number: 25-296-946 State: Pennsylvania |
| Complaint/Incident Number 30010-06 | Complaint/Incident Numbers if other Participants | | | UCR/NIBRS Code |

District Attorney=s Office  ■Approved  9Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing.
Pa.R.Cr.P.107.)

_____ Stevan Kip Portman, Deputy Attorney General _____   _____   _____
(Name of Attorney for Commonwealth - Please Print or Type)   (Signature of Attorney for Commonwealth)   (Date)

I, ____ Daniel O. Licklider , Office of Attorney General _____   #124
(Name of Affiant - Please Print or Type)   (Officer Badge Number/I.D.)

of _____   0224000
(Identify Department or Agency Represented and Political Subdivision)   (Policy Agency ORI Number)   (Originating Agency Case Number (OCA))

do hereby state: (check the appropriate box)
1. ■ I accuse the above named defendant who lives at the address set forth above
   9 I accuse the defendant whose name is unknown to me but who is described as _____

   9 I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore
   designated as John Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at ___ New Holland, Hinkletown, Leola, Intercourse,
   (Place-Political Subdivision)
   ____ Ephrata, Ephrata North and Shady Maple
in ___ Lancaster _____ County on or about ___ January 6, 7, 14, 19, 20, 21, 27 and 28, 2006; February 4 and 11, 2006
Participants were: (if there were participants, place their names here, repeating the name of above defendant)

2. The acts committed by the accused were:
   (Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated,
   without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

AOPC 412-(6/96)                    1 - 3



| Defendant=s Name: Levi L. Stoltzfoos | | **POLICE CRIMINAL COMPLAINT** |
|---|---|---|
| Docket Number: | | |

Fifty-eight (58) deposits of US currency, totaling $541,100.00, into ten (10) financial institutions for the purpose of avoiding a transaction reporting requirement under State or Federal Law, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

One count of intentionally receiving, retaining, or disposing of moveable property of another knowing that it has been stolen, or believing that it has probably been stolen, to wit: ninety-three (93) Pennsylvania Turnpike Toll Tickets with a combined value of $8,390.00.

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| | (Section) | (Subsection) | of the | (PA Statute) | (counts) |
|---|---|---|---|---|---|
| 1. | 18 Pa.C.S.A | (a) (2) (3) | | 5111 | 58 |
| 2. | 18 Pa.C.S.A | (a) | | 3925 | 1 |
| 3. | | | | | |
| 4. | | | | | |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made. **(In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.)**

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA.C.S. > 4904) relating to unsworn falsification to authorities.

_OCTOBER 26 2006_     _____ (Signature of Affiant)

AND NOW, on this date ___OCTOBER 26___, 2006 certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

_02-3-06_ (Magisterial District)     _Rodney Hartman_ (Issuing Authority)     SEAL

AOPC 412-(6/96)                    2 – 3

Defendant=s Name: Levi L. Stoltzfoos

Docket Number:



**POLICE
CRIMINAL COMPLAINT**

### AFFIDAVIT of PROBABLE CAUSE

**See Attached.**

I, ___Daniel O. Licklider_____, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND
SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE
BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

(Signature of Affiant)

Sworn to me and subscribed before me this __26 TH__ day of ___OCTOBER___, 2~~006~~

_____ Date

___Rodney Wesh___, District Justice

My commission expires first Monday of January, _2012_

**SEAL**

AOPC 412-(6/96)                    3 - 3

Commonwealth vs. LEVI L. STOLTZFOOS

ATTACHMENT TO PROBABLE CAUSE AFFIDAVIT

In 1970, Congress passed and the president signed into law the Bank Secrecy Act (BSA), codified at Title 31 of the United States Code. Pursuant to the BSA, the Secretary of the Treasury issued a regulation that requires banks to complete and file a Currency Transaction Report (CTR) on a financial transaction involving more than $10,000.00 in coin or currency. The United States Supreme Court has stated, "Congress recognized the importance of large and unusual currency transactions in ferreting out criminal activity, and desired to strengthen the statutory basis for requiring such reports."

Pennsylvania also recognized the importance of the BSA reporting requirements when legislation was signed which made it a crime to conduct a financial transaction to avoid a transaction-reporting requirement under *State* or *Federal* law, Title 18 Pa.C.S.A. § 5111 (a) (3). Title 18 Pa.C.S.A. § 5111 (a) (3) applies to the CTR requirement of the BSA and the Secretary of the Treasury's regulation.

A person who makes multiple cash deposits, in an amount that is less than that which requires the completion of a CTR, into more than one financial account on the same day or within a several days, or makes multiple cash deposits of $10,000.00 or less into a single account on the same day or within a several days, is attempting to avoid the BSA by structuring the deposits.

## **DEPOSITS LISTED BY BANK**

### 1. **Bank of Lancaster County**

Between January 7, 2006 and February 11, 2006, Levi L. Stoltzfoos, the accused, made **7** cash deposits, each designed to avoid the Bank Secrecy Act, into bank account number 902001047, which he owned at **Bank of Lancaster County**, Lancaster County, Pennsylvania. The **7** deposits consisted of $100 bills and totaled **$66,300.00**. Listed below are the **7** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
| --- | --- | --- | --- |
| January 7, 2006 | Saturday | $10,000.00 | New Holland |
| January 14, 2006 | Saturday | $9,900.00 | New Holland |
| January 20, 2006 | Friday | $9,900.00 | New Holland |
| January 21, 2006 | Saturday | $9,500.00 | New Holland |
| January 27, 2006 | Friday | $9,000.00 | New Holland |
| February 4, 2006 | Saturday | $9,000.00 | New Holland |
| Date Deposited | Week Day | Amount | Branch |
| February 11, 2006 | Saturday | $9,000.00 | New Holland |

Page 1 of 24

Commonwealth v. Levi L. Stoltzfoos

While making the initial deposit on January 7, 2006, the accused noticed that the teller was completing a CTR. The accused stated to the teller "I thought you only did that on amount over $10,000.00." The teller informed the accused that she completed a CTR on any transaction of $10,000.00 or above. A financial institution may complete a CTR on any amount but must complete one if the amount exceeds $10,000.00

The above exchange clearly demonstrates that as of January 7, 2006 the accused possessed knowledge of the requirement for the completion and filing of a CTR.

### 2.      Coatesville Savings Bank

Between January 14, 2006 and February 11, 2006, the accused made **5** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, social security number 02-06001651, which he owned at **Coatesville Savings Bank**, Lancaster County, Pennsylvania. The **5** deposits consisted of $100 bills and totaled **$42,600.00**. Listed below are the **5** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 14, 2006 | Saturday | $9,900.00 | New Holland |
| January 21, 2006 | Saturday | $9,500.00 | New Holland |
| January 28, 2006 | Saturday | $9,000.00 | New Holland |
| February 4, 2006 | Saturday | $9,000.00 | New Holland |
| February 11, 2006 | Saturday | $5,200.00 | New Holland |

### 3.      Ephrata National Bank

Between January 7, 2006 and January 21, 2006, the accused made **5** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 882011, which he owned at **Ephrata National Bank**, Lancaster County, Pennsylvania. The **5** deposits consisted of $100 bills and totaled **$48,200.00**. Listed below are the **5** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 7, 2006 | Saturday | $9,900.00 | Hinkletown |
| January 14, 2006 | Saturday | $9,900.00 | Hinkletown |
| January 19, 2006 | Thursday | $9,900.00 | Hinkletown |
| January 21, 2006 | Saturday | $9,500.00 | Hinkletown |
| January 28, 2006 | Saturday | $9,000.00 | Hinkletown |

### 4.      Fulton Savings Bank

Between January 14, 2006 and February 11, 2006, the accused made **6** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 362268587 which he owned at **Fulton Savings Bank**, Lancaster County, Pennsylvania. The **6** deposits consisted of

Commonwealth v. Levi L. Stoltzfoos

$100 bills and totaled **$53,400.00**. Listed below are the **6** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 14, 2006 | Saturday | $9,900.00 | Leola |
| January 20, 2006 | Friday | $9,900.00 | New Holland |
| January 21, 2006 | Saturday | $9,000.00 | Leola |
| January 28, 2006 | Saturday | $9,000.00 | New Holland |
| February 4, 2006 | Saturday | $6,600.00 | New Holland |
| February 11, 2006 | Saturday | $9,000.00 | Leola |

**5.** **Graystone Bank**

Between January 14, 2006 and February 11, 2006, the accused made **5** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 210002077 which he owned at **Graystone Bank**, Lancaster County, Pennsylvania. The **5** deposits consisted of $100 bills and totaled **$47,800.00**. Listed below are the **5** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 14, 2006 | Saturday | $9,900.00 | Leola |
| January 19, 2006 | Thursday | $9,900.00 | Leola |
| January 21, 2006 | Saturday | $9,000.00 | Leola |
| January 28, 2006 | Saturday | $9,000.00 | Leola |
| February 11, 2006 | Saturday | $10,000.00 | Leola |

**6.** **M & T Bank**

Between January 7, 2006 and February 4, 2006, the accused made **6** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 15004213706938, which he owned at **M & T Bank**, Lancaster County, Pennsylvania. The **6** deposits consisted of $100 bills and totaled . Listed below are the **6** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 7, 2006 | Saturday | $9,900.00 | New Holland |
| January 14, 2006 | Saturday | $9,900.00 | Intercourse |
| January 19, 2006 | Thursday | $9,900.00 | New Holland |
| January 21, 2006 | Saturday | $9,000.00 | Intercourse |
| January 28, 2006 | Saturday | $9,000.00 | New Holland |
| February 4, 2006 | Saturday | $9,000.00 | New Holland |

**7.** **National Penn Bank**

Commonwealth v. Levi L. Stoltzfoos

Between January 7, 2006 and February 11, 2006, the accused made **7** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 215641620, which he owned at **National Penn Bank**, Lancaster County, Pennsylvania. The **7** deposits consisted of $100 bills and totaled **$66,600.00**. Listed below are the **7** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 7, 2006 | Saturday | $9,900.00 | New Holland |
| January 14, 2006 | Saturday | $9,900.00 | Intercourse |
| January 19, 2006 | Thursday | $9,900.00 | Intercourse |
| January 21, 2006 | Saturday | $9,000.00 | Intercourse |
| January 28, 2006 | Saturday | $9,000.00 | New Holland |
| February 4, 2006 | Saturday | $9,000.00 | New Holland |
| February 11, 2006 | Saturday | $9,900.00 | Intercourse |

## 8. Northwest Savings Bank

Between January 7, 2006 and February 4, 2006, the accused made **6** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 1711015709, which he owned at **Northwest Savings Bank**, Lancaster County, Pennsylvania. The **6** deposits consisted of $100 bills and totaled **$57,200.00**. Listed below are the **6** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 7, 2006 | Saturday | $9,900.00 | New Holland |
| January 14, 2006 | Saturday | $9,900.00 | New Holland |
| January 19, 2006 | Thursday | $9,900.00 | New Holland |
| January 21, 2006 | Saturday | $9,500.00 | New Holland |
| January 28, 2006 | Saturday | $9,000.00 | New Holland |
| February 4, 2006 | Saturday | $9,000.00 | New Holland |

## 9. Sovereign Bank

Between January 7, 2006 and January 21, 2006, the accused made **6** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 0022019944, which he owned at **Sovereign Bank**, Lancaster County, Pennsylvania. The **6** deposits consisted of $100.00 bills and totaled **$56,700.00**. Listed below are the **6** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 7, 2006 | Saturday | $9,900.00 | New Holland |
| January 14, 2006 | Saturday | $9,900.00 | Ephrata |

Page 4 of 24

Commonwealth v. Levi L. Stoltzfoos

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 20, 2006 | Friday | $9,900.00 | Ephrata |
| January 21, 2006 | Saturday | $9,900.00 | New Holland |
| January 28, 2006 | Saturday | $9,000.00 | New Holland |
| February 4, 2006 | Saturday | $9,000.00 | New Holland |

The head teller of the New Holland branch noted that the deposit of January 28, 2006 consisted of un-circulated currency that was in bundles of $100.00 bills, which were held together with $1,000 bank straps marked "Blue Ball National Bank" and stamped with the dates of "6/12/01, 7/6/01, 7/13/01".

### 10.    Susquehanna Bancshares, Inc.

Between January 14, 2006 and February 4, 2006, the accused made **5** cash deposits, each in an amount designed to avoid the Bank Secrecy Act, into bank account number 10001385466 which he owned at **Susquehanna Bancshares, Inc**, Lancaster County, Pennsylvania. The **5** deposits consisted of $100 bills and totaled **$45,600.00**. Listed below are the **5** transactions by date of deposit, day of the week, corresponding amount deposited and bank branch location:

| Date Deposited | Week Day | Amount | Branch |
|---|---|---|---|
| January 14, 2006 | Saturday | $8,700.00 | Ephrata North |
| January 19, 2006 | Thursday | $9,900.00 | Ephrata North |
| January 21, 2006 | Saturday | $9,000.00 | Intercourse |
| January 28, 2006 | Saturday | $9,000.00 | Shady Maple |
| February 4, 2006 | Saturday | $9,000.00 | Intercourse |

## DEPOSITS LISTED BY DATE OF DEPOSIT

### 1.    January 6 & 7, 2006

On **January 6, 2006**, the accused made **1** deposit and on **January 7, 2006** he made **5** cash deposits to **5** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act. The **6** deposits totaled **$59,500.00**. The 6 banks and the amount deposited in each are listed below:

| Bank | Amount |
|---|---|
| Bank of Lancaster County | $10,000.00 |
| Sovereign Bank | $9,900.00 |
| Northwest Savings Bank | $9,900.00 |
| National Penn Bank | $9,900.00 |
| Ephrata National Bank | $9,900.00 |
| M & T Bank | $9,900.00 |

Page 5 of 24

Commonwealth v. Levi L. Stoltzfoos

## 2.    January 14, 2006

**On January 14, 2006,** the accused made **10** deposits to **10** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act. The **10** deposits totaled **$97,800.00**. The **10** banks and the amount deposited in each are listed below:

| Bank | Amount |
| --- | --- |
| Coatesville Savings Bank | $9,900.00 |
| Bank of Lancaster County | $9,900.00 |
| Sovereign Bank | $9,900.00 |
| Susquehanna Bancshares, Inc. | $8,700.00 |
| Northwest Savings Bank | $9,900.00 |
| National Penn Bank | $9,900.00 |
| Fulton Savings Bank | $9,900.00 |
| Ephrata National Bank | $9,900.00 |
| M & T Bank | $9,900.00 |
| Graystone Bank | $9,900.00 |

## 3.    January 19, 2006

On **January 19, 2006,** the accused made **6** deposits to **6** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act. The **6** deposits totaled **$59,400.00**. The **6** banks and the amount deposited in each are listed below:

| Bank | Amount |
| --- | --- |
| Northwest Savings Bank | $9,900.00 |
| National Penn Bank | $9,900.00 |
| Ephrata National Bank | $9,900.00 |
| M & T Bank | $9,900.00 |
| Graystone Bank | $9,900.00 |
| Susquehanna Bancshares, Inc. | $9,900.00 |

## 4.    January 20, 2006

On **January 20, 2006,** the accused made **3** cash deposits to **3** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act. The **3** deposits totaled **$29,700.00**. The **3** banks and the amount deposited in each are listed below:

| Bank | Amount |
| --- | --- |
| Bank of Lancaster | $9,900.00 |

Commonwealth v. Levi L. Stoltzfoos

| Bank | Amount |
|------|--------|
| Sovereign Bank | $9,900.00 |
| Fulton Savings Bank | $9,900.00 |

**5.     January 21, 2006**

On **January 21, 2006,** the accused made **10** deposits to **10** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act.  The **10** deposits totaled **$92,000.00.** The **10** banks and the amount deposited in each are listed below:

| Bank | Amount |
|------|--------|
| Coatesville Savings Bank | $9,500.00 |
| Bank of Lancaster County | $9,500.00 |
| Sovereign Bank | $9,000.00 |
| Susquehanna Bancshares, Inc. | $9,000.00 |
| Northwest Savings Bank | $9,500.00 |
| National Penn Bank | $9,000.00 |
| Fulton Savings Bank | $9,000.00 |
| Ephrata National Bank | $9,500.00 |
| M & T Bank | $9,000.00 |
| Graystone Bank | $9,000.00 |

**6.     January 27, 2006**

 On **January 27, 2006,** the accused made 1 deposit of **$9,000.00** to a bank, with which he owned an account as identified above, within Lancaster County, Pennsylvania, the deposit was in an amount designed to avoid the Bank Secrecy Act.  The bank and the amount deposited is listed below:

| Bank | Amount |
|------|--------|
| Bank of Lancaster | $9,000.00 |

**7.     January 28, 2006**

On **January 28, 2006,** the accused made **9** deposits to **9** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act.  The **9** deposits totaled **$81,000.00.** The 9 banks and the amount deposited in each are listed below:

| Bank | Amount |
|------|--------|
| Coatesville Savings Bank | $9,000.00 |
| Sovereign Bank | $9,000.00 |
| Susquehanna Bancshares, Inc. | $9,000.00 |

Page 7 of 24

Commonwealth v. Levi L. Stoltzfoos

| Bank | Amount |
| --- | --- |
| Northwest Savings Bank | $9,000.00 |
| National Penn Bank | $9,000.00 |
| Fulton Savings Bank | $9,000.00 |
| Ephrata National Bank | $9,000.00 |
| M & T Bank | $9,000.00 |
| Graystone Bank | $9,000.00 |

## 8. February 4, 2006

On **February 4, 2006**, the accused made **7** deposits to **7** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act. The 7 deposits totaled **$60,600.00.** The 7 banks and the amount deposited in each are listed below:

| Bank | Amount |
| --- | --- |
| Coatesville Savings Bank | $9,000.00 |
| Bank of Lancaster County | $9,000.00 |
| Sovereign Bank | $9,000.00 |
| Northwest Savings Bank | $9,000.00 |
| National Penn Bank | $9,000.00 |
| Fulton Savings Bank | $6,600.00 |
| M & T Bank | $9,000.00 |

## 9. February 11, 2006

On **February 11, 2006**, the accused made **6** deposits to **6** different banks, with which he owned an account as identified above, within Lancaster County, Pennsylvania, each deposit was in an amount designed to avoid the Bank Secrecy Act. The 6 deposits totaled **$52,100.00.** The 6 banks and the amount deposited in each are listed below:

| Bank | Amount |
| --- | --- |
| Coatesville Savings Bank | $5,200.00 |
| Bank of Lancaster County | $9,000.00 |
| Susquehanna Bancshares, Inc. | $9,000.00 |
| National Penn Bank | $9,900.00 |
| Fulton Savings Bank | $9,000.00 |
| Graystone Bank | $10,000.00 |

The foregoing facts show that over a six-week period, between January 6, 2006 and February 11, 2006, the accused made **58** cash deposits, which totaled five hundred forty one thousand one hundred dollars (**$541,100.00**). Each of the 58 cash deposits was in an amount of $10,000.00 or less and each deposit was designed to avoid the cash transaction-reporting requirement under the BSA.

Page 8 of 24

Commonwealth v. Levi L. Stoltzfoos

On March 30, 2006, your Affiant executed search warrant number BN-3001006-K at Levi L. Stoltzfoos' residence. Pursuant to said search warrant, the Commonwealth seized ninety-three (93) Pennsylvania Toll Tickets from Stoltzfoos' bedroom.

On April 24, 2006, your Affiant interviewed Brian C. Rotheram, Senior Ticket Systems Auditor and Brenda Syeles-Bratina, Director of Toll Revenue Audit, Pennsylvania Turnpike Commission, with regard to the ninety-three (93) Pennsylvania Toll Tickets. Upon examination of the above tickets, they opined that the tickets were current legitimate turnpike toll tickets. Additionally, there is no legitimate reason for the Defendant to be in possession of the turnpike toll tickets.

Of the ninety-three (93) seized Pennsylvania Toll Tickets, twenty-three (23) bore interchange number "343", Willow Grove, and seventy (70) bore interchange number "312", Downingtown.

The highest dollar value assignable to a Pennsylvania Toll Ticket bearing interchange number 343 is $100.00, which represents travel for a Class 7 vehicle from the Warnerdale interchange to the Willow Grove interchange. The twenty-three (23) Pennsylvania Toll Tickets bearing interchange number 343 have a combined value of $2,300.00.

The highest dollar value assignable to a Pennsylvania Toll Tickets bearing interchange number 312 is $87.00, which represents travel for a Class 7 vehicle from the Warnerdale interchange to the Downingtown interchange. The seventy (70) Pennsylvania Toll Tickets bearing interchange number 312 have a combined value of $6,090.00.

The combined total value of the ninety-three Pennsylvania Toll Tickets is $8,390.00.

A review of the Defendant's Blue Ball National Bank/Community Banks records revealed the following deposits in excess of $1,000.00. The statements did not always provide information on the composition of the deposits, i.e., checks, cash, or both. Where provided, the information is noted:

- between August and September 1995 a deposit of $15,127.33
- on or about January 18, 1996 a deposit of $12,267.63
- on or about January 30, 1996 a deposit of $12,905.61
- between May and June 1996 a deposit of $9,962.44
- on or about October 17, 1996 a deposit of $5,314.99
- on or about October 30, 1996 a deposit of $5,316.02
- on or about November 21, 1996 a deposit of $12,128.19
- on or about December 26, 1996 a deposit of $1,190 [Cash]
- on or about December 26, 1996 a deposit of $4,533.83 [Checks]
- on or about June 4, 1997 a deposit of $12,359.12 [Check]
- on or about June 4, 1997 a deposit of $10,580.59 [Check]
- on or about March 13, 1998 a deposit of $9,635.94 [ATM]

Page 9 of 24

Commonwealth v. Levi L. Stoltzfoos

- on or about May 29, 1998 a deposit of $72,449.78
- on or about July 10, 1998 a deposit of $11,390.61
- on or about December 24, 1999 a deposit of $6,025.89 [ATM]
- on or about August 19, 1999 a deposit of $12,722.65
- on or about October 8, 1999 a deposit of $51,999.90
- on or about November 3, 1999 a deposit of $99,447.59 [Transfer from a Chase Manhattan Bank account]
- on or about November 26, 1999 a deposit of $43,112.13 [Transfer from a Money Market account]
- on or about December 6, 1999 a deposit of $25,266.35 [Transfer from a Money Market account]

The following deposits in Stoltzfoos' Blue Ball National Bank/Community Banks account are believed to be part of the Credit Card Bust-Out activity. For each of the deposits, the source of the money is in parenthesis. The statements did not always provide information on the composition of the deposits, i.e., checks, cash, or both. Where provided, the information is noted:

- on or about June 22, 2001 a deposit of $5,499.00 (AT & T Universal Card)
- on or about June 27, 2001 a deposit of $5,000.00 (MBNA America)
- on or about June 27, 2001 a deposit of $4,700.00 (Peoples Bank)
- on or about June 27, 2001 a deposit of $5,000.00 (Bank of America)
- on or about June 28, 2001 a deposit of $6,000.00 (Chase Manhattan Bank USA)
- on or about July 10, 2001 a deposit of $9,500.00 (First USA Management Services)
- on or about July 10, 2001 a deposit of $5,800.00 (Citibank South Dakota)
- on or about July 11, 2001 a deposit of $4,000.00 (First Bankcard)
- on or about July 11, 2001 a deposit of $1,000.00 (Providian National Bank)
- on or about July 16, 2001 a deposit of $4,973.96 (Fulton Bank)
- on or about July 18, 2001 a deposit of $4,900.00 (Fleet Bank)
- on or about July 19, 2001 a deposit of $3,500.00 (American Express Centurion Bank)
- on or about July 20, 2001 a deposit of $36,445.74 (Farmers First Bank)
- on or about September 12, 2001 a deposit of $5,800.00 (Sovereign Bank)
- on or about September 28, 2001 a deposit of $2,900.00 (Direct Merchants Bank)

The following debit transactions, either by checks written to himself or withdrawn by other means, are from Stoltzfoos' Blue Ball National Bank/Community Banks account. The destination of the transaction, where known, is in parenthesis:

- ✓ between August and September 1995, debits of $8,722.84
- ✓ on or about January 30, 1996, a debit in the amount of $13,437.66
- ✓ on or about May 4, 1996, a check in the amount of $4,000.00 (Greenwood Trust Company – transfer to CD)

Commonwealth v. Levi L. Stoltzfoos

- ✓ on or about August 22, 1996, a check in the amount of $3,854.29
- ✓ on or about October 28, 1996, a check in the amount of $5,000.00 (credit to account – Associates National Bank)
- ✓ on or about October 31, 1996, a check in the amount of $7,000.00 (Dauphin Deposit Bank – The Money Fund Alternative)
- ✓ on or about December 26,1996, a check in the amount of $5,000.00 (Greenwood Trust Company – transfer to CD)
- ✓ on or about February 13, 1997, a check in the amount of $10,850.00 (Dauphin Deposit Bank – The Money Fund Alternative)
- ✓ on or about June 24, 1997, a check in the amount of $25,000.00 (Signet Bank – Signet Investor's Money Plus Account)
- ✓ on or about June 27, 1997, a check in the amount of $20,000.00 (Chase Manhattan Bank USA – Chase Money Market Associates)
- ✓ on or about August 18, 1997, a check in the amount of $1,000.00 (transfer to Money Fund Alternative)
- ✓ on or about March 23, 1998, a check in the amount of $20,482.06 (Signet Bank)
- ✓ on or about May 29, 1998, a check in the amount of $65,000.00 (First Union National Bank – transfer)
- ✓ on or about May 29, 1998, a check in the amount of $10,000.00 (Dauphin Deposit Bank – transfer)
- ✓ on or about November 17, 1998, a check in the amount of $15,000.00 (Blue Ball National Bank – transfer to Money Market Account)
- ✓ on or about August 19, 1999, $5,000.00 cash back from a deposit
- ✓ on or about September 22, 1999, $9,999.00 cash back from a deposit
- ✓ on or about October 15, 1999, two checks each made out to Cash and each in the amount of $10,000.00
- ✓ on or about October 22, 1999, a check made out to Cash in the amount of $10,000.00
- ✓ on or about October 29, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)
- ✓ on or about November 2, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)
- ✓ on or about November 5, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)
- ✓ on or about November 8, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)
- ✓ on or about November 10, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)
- ✓ on or about November 15, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)
- ✓ on or about November 16, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)
- ✓ on or about November 18, 1999, a check made out to Blue Ball National Bank in the amount of $10,000.00 (Cash)

Commonwealth v. Levi L. Stoltzfoos

- ✓ on or about November 19, 1999, a check made out to Stoltzfoos in the amount of $10,000.00 (Cash)
- ✓ on or about November 22, 1999, a check made out to Stoltzfoos in the amount of $10,000.00 (Cash)
- ✓ on or about November 24, 1999, a check made out to Mr. Stoltzfoos in the amount of $10,000.00 (Cash)
- ✓ on or about November 26, 1999, a check made out to Mr. Stoltzfoos in the amount of $10,000.00 (Cash)
- ✓ on or about March 13, 2001, a check made out to Cash in the amount of $5,000.00
- ✓ on or about March 16, 2001, a check made out to Cash in the amount of $7,343.92
- ✓ on or about July 24, 2001, a check made out to Cash in the amount of $9,999.00
- ✓ on or about July 24, 2001, a check made out to Cash in the amount of $10,000.00
- ✓ on or about July 26, 2001, a check made out to Cash in the amount of $10,000.00
- ✓ on or about July 31, 2001, a check made out to Cash in the amount of $10,000.00
- ✓ on or about November 19, 2001, a check made out to Paul Stoltzfoos in the amount of $9,240.00
- ✓ on or about January 2, 2003, a check made out to Levi Stoltzfoos in the amount of $3,000.00
- ✓ between February 5, 2003 and February 19, 2004, 26 ATM withdrawals of $400.00 each and 1 of $200.00, representing $10,600.00

Between August 26, 1999 and November 26, 1999, the Defendant made 19 visits to his Blue Ball National Bank safety deposit box. Per his statement to a bank employee, on each of those visits he put $10,000.00 into his safe deposit box or $190,000.00.

Based on a review of the Defendant's bank records for the period 2002 to 2003, it appears that the Defendant would make a Point of Sale (POS) purchase from a particular store, such as Sears Roebuck, using a debit card and subsequently "return" the purchase to the same Sears Roebuck store or other Sears Roebuck stores. The following transactions are representative of those performed by the Defendant in furtherance of his purchase/return fraud:

- on or about September 30, 2002 a POS (point of sale) purchase for $335.98 was debited to Defendant's account from Sears Roebuck, Exton, PA
- on or about September 30, 2002 a POS return for $317.99 was credited to Defendant's account from Sears Roebuck, Exton, PA
- on or about October 7, 2002 a POS return for $317.99 was credited to Defendant's account from Sears Roebuck, Harrisburg, PA
- on or about January 17, 2002 a POS purchase of $314.78 was debited to Defendant's account from Sears Roebuck, Phoenixville, PA
- on or about January 21, 2002 a POS return of $307.39 was credited to Defendant's account from Sears Roebuck, Harrisburg, PA

Commonwealth v. Levi L. Stoltzfoos

- on or about January 27, 2002 a POS return of $307.39 was credited to Defendant's account from Sears Roebuck, Pottstown, PA
- on or about January 27, 2002 a POS return of $292.02 was credited to Defendant's account from Sears Roebuck, Lancaster, PA
- on or about February 3, 2002 a POS return of $741.88 was credited to Defendant's account from Sears Roebuck, Exton, PA
- on or about February 3, 2002 a POS return of $583.87 was credited to Defendant's account from Sears Roebuck, King of Prussia, PA
- on or about February 3, 2002 a POS return of $339.19 was credited to Defendant's account from Sears Roebuck, Exton, PA
- on or about February 3, 2002 a POS return of $317.99 was credited to Defendant's account from Sears Roebuck, Exton, PA
- on or about November 5, 2002 a POS purchase for $389.97 was debited to Defendant's account from Strawbridge, Exton, PA
- on or about November 5, 2002 a POS return for $310.00 was credited to Defendant's account from Strawbridge, Exton, PA
- on or about November 5, 2002 a POS return for $299.99 was credited to Defendant's account from Strawbridge, Exton, PA
- on or about December 23, 2002 a POS purchase of $1,443.98 was debited to Defendant's account from Radio Shack, King of Prussia, PA
- on or about December 24, 2002 a POS return of $1,271.99 was credited to Defendant's account from Radio Shack, King of Prussia, PA
- on or about December 30, 2002 a POS return of $1,271.99 was credited to Defendant's account from Radio Shack, Thorndale, PA

With regard to the individual merchants identified above, it appears that the Defendant would purchase an item from one of the merchant's stores, then go to the same or other stores owned by the merchant, and return the same item using a duplicate or bogus receipt. It is believed that, in order for the Defendant to complete his swindle, he would return an item taken off of the shelves from each of the stores. I believe that the Defendant's swindle enabled him to receive multiple credits on a single purchase. In addition to the merchants listed above, I believe that the Defendant also conducted his POS purchase/return fraud on Walmart, Sam Goody, Suncoast, Border's Books, FYE, Office Max and others. The merchants were located in King of Prussia, Camp Hill, Exton, Harrisburg, Pottstown, Lancaster and other locations.

The above documented POS activity continued through the closing of the account in 2004.

## LIST OF 59 CRIMINAL COUNTS

**COUNT 1**                                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 6, 2006, deposited $10,000.00 U.S. currency into **Bank of Lancaster County**, New Holland, Lancaster County, Pennsylvania,

Commonwealth v. Levi L. Stoltzfoos

account number 902001047, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 2**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 7, 2006, deposited $9,900.00 U.S. currency into **Sovereign Bank**, New Holland, Lancaster County, Pennsylvania, account number 0022019944, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 3**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 7, 2006, deposited $9,900.00 U.S. currency into **Northwest Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 1711015709, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 4**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 7, 2006, deposited $9,900.00 U.S. currency into **National Penn Bank**, New Holland, Lancaster County, Pennsylvania, account number 215641620, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 5**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 7, 2006, deposited $9,900.00 U.S. currency into **Ephrata National Bank**, Hinkletown, Lancaster County, Pennsylvania, account number 882011, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 6**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 7, 2006, deposited $9,900.00 U.S. currency into **M & T Bank**, New Holland, Lancaster County, Pennsylvania, account number 15004213706938, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 7**                                                                    **FELONY I**

Commonwealth v. Levi L. Stoltzfoos

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **Coatesville Savings Bank,** New Holland, Lancaster County, Pennsylvania, account number 02-06001651, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 8**                                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **Bank of Lancaster County,** New Holland, Lancaster County, Pennsylvania, account number 902001047, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 9**                                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **Sovereign Bank,** Ephrata, Lancaster County, Pennsylvania, account number 0022019944, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 10**                                                             **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $8,700.00 U.S. currency into **Susquehanna Bancshares, Inc.,** Ephrata, Lancaster County, Pennsylvania, account number 10001385466, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 11**                                                             **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **Northwest Savings Bank,** New Holland, Lancaster County, Pennsylvania, account number 1711015709, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 12**                                                             **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **National Penn Bank,** Intercourse, Lancaster County, Pennsylvania, account number 215641620, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

Commonwealth v. Levi L. Stoltzfoos

**COUNT 13**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **Fulton Savings Bank**, Leola, Lancaster County, Pennsylvania, account number 362268587, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 14**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **Ephrata National Bank**, Hinkletown, Lancaster County, Pennsylvania, account number 882011, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 15**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **M & T Bank**, Intercourse, Lancaster County, Pennsylvania, account number 15004213706938, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 16**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 14, 2006, deposited $9,900.00 U.S. currency into **Graystone Bank**, Leola, Lancaster County, Pennsylvania, account number 210002077, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 17**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 19, 2006, deposited $9,900.00 U.S. currency into **Northwest Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 1711015709, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 18**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 19, 2006, deposited $9,900.00 U.S. currency into **National Penn Bank**, Intercourse, Lancaster County, Pennsylvania, account number 215641620, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

Commonwealth v. Levi L. Stoltzfoos

**COUNT 19**                                                          **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 19, 2006, deposited $9,900.00 U.S. currency into **Ephrata National Bank**, Hinkletown, Lancaster County, Pennsylvania, account number 882011, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 20**                                                          **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 19, 2006, deposited $9,900.00 U.S. currency into **M & T Bank**, New Holland, Lancaster County, Pennsylvania, account number 15004213706938, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 21**                                                          **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 19, 2006, deposited $9,900.00 U.S. currency into **Graystone Bank**, Leola, Lancaster County, Pennsylvania, account number 210002077, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 22**                                                          **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 19, 2006, deposited $9,900.00 U.S. currency into **Susquehanna Bancshares, Inc.**, Ephrata North, Lancaster County, Pennsylvania, account number 10001385466, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 23**                                                          **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 20, 2006, deposited $9,900.00 U.S. currency into **Bank of Lancaster County**, New Holland, Lancaster County, Pennsylvania, account number 902001047, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 24**                                                          **FELONY I**

Commonwealth v. Levi L. Stoltzfoos

That the Defendant, Levi L. Stoltzfoos, on or about January 20, 2006, deposited $9,900.00 U.S. currency into **Sovereign Bank**, Ephrata, Lancaster County, Pennsylvania, account number 0022019944, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 25**                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 20, 2006, deposited $9,900.00 U.S. currency into **Fulton Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 362268587, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 26**                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,500.00 U.S. currency into **Coatesville Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 02-06001651, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 27**                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,500.00 U.S. currency into **Bank of Lancaster County**, New Holland, Lancaster County, Pennsylvania, account number 902001047, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 28**                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,000.00 U.S. currency into **Sovereign Bank**, New Holland, Lancaster County, Pennsylvania, account number 0022019944, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 29**                                              **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,000.00 U.S. currency into **Susquehanna Bancshares, Inc.**, Intercourse, Lancaster County, Pennsylvania, account number 10001385466, for the purpose of avoiding a transaction reporting requirement

Commonwealth v. Levi L. Stoltzfoos

under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 30**                                                                                                      **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,500.00 U.S. currency into **Northwest Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 1711015709, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 31**                                                                                                      **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,000.00 U.S. currency into **National Penn Bank**, Intercourse, Lancaster County, Pennsylvania, account number 215641620, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 32**                                                                                                      **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,000.00 U.S. currency into **Fulton Savings Bank**, Leola, Lancaster County, Pennsylvania, account number 362268587, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 33**                                                                                                      **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,500.00 U.S. currency into **Ephrata National Bank**, Hinkletown, Lancaster County, Pennsylvania, account number 882011, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 34**                                                                                                      **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,000.00 U.S. currency into **M & T Bank**, Intercourse, Lancaster County, Pennsylvania, account number 15004213706938, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 35**                                                                                                      **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 21, 2006, deposited $9,000.00 U.S. currency into **Graystone Bank**, Leola, Lancaster County, Pennsylvania, account number

Commonwealth v. Levi L. Stoltzfoos

210002077, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 36**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 27, 2006, deposited $9,000.00 U.S. currency into **Bank of Lancaster County**, New Holland, Lancaster County, Pennsylvania, account number 902001047, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 37**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **Coatesville Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 02-06001651, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 38**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **Sovereign Bank**, New Holland, Lancaster County, Pennsylvania, account number 0022019944, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 39**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **Susquehanna Bancshares, Inc.,** Shady Maple, Lancaster County, Pennsylvania, account number 10001385466, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 40**                                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **Northwest Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 1711015709, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

Commonwealth v. Levi L. Stoltzfoos

**COUNT 41**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **National Penn Bank**, New Holland, Lancaster County, Pennsylvania, account number 215641620, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 42**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **Fulton Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 362268587, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 43**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **Ephrata National Bank**, Hinkletown, Lancaster County, Pennsylvania, account number 882011, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 44**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **M & T Bank**, New Holland, Lancaster County, Pennsylvania, account number 15004213706938, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 45**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about January 28, 2006, deposited $9,000.00 U.S. currency into **Graystone Bank**, Leola, Lancaster County, Pennsylvania, account number 210002077, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 46**                                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 4, 2006, deposited $9,000.00 U.S. currency into **Coatesville Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 02-06001651, for the purpose of avoiding a transaction reporting requirement

Commonwealth v. Levi L. Stoltzfoos

under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A.
§ 5111 (a) (3).

## COUNT 47                                                    FELONY I

That the Defendant, Levi L. Stoltzfoos, on or about February 4, 2006, deposited $9,000.00 U.S.
currency into **Bank of Lancaster County**, New Holland, Lancaster County, Pennsylvania,
account number 902001047, for the purpose of avoiding a transaction reporting requirement
under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A.
§ 5111 (a) (3).

## COUNT 48                                                    FELONY I

That the Defendant, Levi L. Stoltzfoos, on or about February 4, 2006, deposited $9,000.00 U.S.
currency into **Sovereign Bank**, New Holland, Lancaster County, Pennsylvania, account number
0022019944, for the purpose of avoiding a transaction reporting requirement under State or
Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

## COUNT 49                                                    FELONY I

That the Defendant, Levi L. Stoltzfoos, on or about February 4, 2006, deposited $9,000.00 U.S.
currency into **Northwest Savings Bank**, New Holland, Lancaster County, Pennsylvania, account
number 1711015709, for the purpose of avoiding a transaction reporting requirement under State
or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a)
(3).

## COUNT 50                                                    FELONY I

That the Defendant, Levi L. Stoltzfoos, on or about February 4, 2006, deposited $9,000.00 U.S.
currency into **National Penn Bank**, New Holland, Lancaster County, Pennsylvania, account
number 215641620, for the purpose of avoiding a transaction reporting requirement under State
or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a)
(3).

## COUNT 51                                                    FELONY I

That the Defendant, Levi L. Stoltzfoos, on or about February 4, 2006, deposited $6,600.00 U.S.
currency into **Fulton Savings Bank**, New Holland, Lancaster County, Pennsylvania, account
number 362268587, for the purpose of avoiding a transaction reporting requirement under State
or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a)
(3).

Commonwealth v. Levi L. Stoltzfoos

**COUNT 52**                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 4, 2006, deposited $9,000.00 U.S. currency into **M & T Bank**, New Holland, Lancaster County, Pennsylvania, account number 15004213706938, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 53**                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 11, 2006, deposited $5,200.00 U.S. currency into **Coatesville Savings Bank**, New Holland, Lancaster County, Pennsylvania, account number 02-06001651, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 54**                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 11, 2006, deposited $9,000.00 U.S. currency into **Bank of Lancaster County**, New Holland, Lancaster County, Pennsylvania, account number 902001047, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 55**                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 11, 2006, deposited $9,000.00 U.S. currency into **Susquehanna Bancshares, Inc.**, Intercourse, Lancaster County, Pennsylvania, account number 10001385466, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 56**                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 11, 2006, deposited $9,900.00 U.S. currency into **National Penn Bank**, Intercourse, Lancaster County, Pennsylvania, account number 215641620, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 57**                                    **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 11, 2006, deposited $6,600.00 U.S. currency into **Fulton Savings Bank**, Leola, Lancaster County, Pennsylvania, account number

Commonwealth v. Levi L. Stoltzfoos

362268587, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 58**                                                                                     **FELONY I**

That the Defendant, Levi L. Stoltzfoos, on or about February 11, 2006, deposited $10,000.00 U.S. currency into **Graystone Bank**, Leola, Lancaster County, Pennsylvania, account number 210002077, for the purpose of avoiding a transaction reporting requirement under State or Federal, in violation of Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. § 5111 (a) (3).

**COUNT 59**                                                                                     **FELONY III**

That the Defendant, Levi L. Stoltzfoos, on or about March 30, 2006, did intentionally receive, retain, or dispose of moveable property of another knowing that it has been stolen, or believing that it has probably been stolen, to wit: ninety-three (93) Pennsylvania Turnpike Toll Tickets with a combined value of $8,390.00.

Date: _10/26/06_

Daniel O. Licklider, SNA  Badge #:
Office of Attorney General

Date: _OCTOBER 26, 2006_

~~District Justice~~
Mag DISTRICT JUDGE

Commonwealth v. Levi L. Stoltzfoos