**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LEVI LAPP STOLTZFOOS,                    : CIVIL ACTION
                          Petitioner     :
                                         :
            v.                           :
                                         :
JOHN E. WETZEL, *et al*.                 :
                          Respondents    : NO. 13-6747

**<u>RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS</u>**

**I.      <u>Introduction</u>**

 Levi Lapp Stoltzfoos ("Stoltzfoos"), an inmate previously confined at the State Correctional Institution at Coal Township, Northumberland County, Pennsylvania,[1] initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, contesting his underlying convictions in the Court of Common Pleas of Lancaster County, Pennsylvania.  Stoltzfoos challenges the constitutionality of the Pennsylvania statute found at 18 Pa.C.S. § 5111(a)(3), dealing in proceeds of unlawful activities, and claims that his counsel was ineffective for failing to properly litigate a constitutional challenge to the statute. For the reasons set forth more fully below, Respondents assert that Stoltzfoos is not entitled to habeas corpus relief and request that his petition be denied.

**II.      <u>Relevant Procedural History</u>**

 On October 26, 2006, the Pennsylvania Office of Attorney General charged Stoltzfoos with 58 counts of dealing in proceeds of unlawful activity, 18 Pa.C.S. §

---

[1] According to authorities at the State Correctional Institution at Coal Township, Stoltzfoos has been paroled to the Wernersville Community Corrections Center.

5111(a)(3), and 1 count of receiving stolen property, 18 Pa.C.S. § 3925(a).  It was alleged that Stoltzfoos made 58 separate deposits at various banks in Lancaster County between January 6, 2006 and February 11, 2006 and that these deposits were structured for the purpose of avoiding the reporting requirement under federal law, specifically the Bank Secrecy Act found at 31 U.S.C. § 5324.  It was further alleged that Stoltzfoos was in possession of 93 stolen Pennsylvania Turnpike toll tickets with a combined value of $8,390.00.  Following a preliminary hearing, all charges were held for trial.[2]

Prior to the commencement of trial, the Commonwealth filed a motion pursuant to 42 Pa.C.S. § 5327[3] for the court to take notice of federal law and regulation.  This motion was subsequently granted and the lower court took judicial notice of 31 U.S.C. § 5324,[4]

---

[2]  The receiving stolen property count was subsequently dismissed following the Commonwealth's application to *nolle-prosse* the charge.

[3] **§ 5327. Determination of foreign law**

> **(a) Notice.--**A party who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside this Commonwealth shall give notice in his pleadings or other reasonable written notice.

> **(b) Materials to be considered.--**In determining the law of any jurisdiction or governmental unit thereof outside this Commonwealth, the tribunal may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence.

> **(c) Court decision and review.--**The court, not jury, shall determine the law of any governmental unit outside this Commonwealth. The determination of the tribunal is subject to review on appeal as a ruling on a question of law.

[4] **31 U.S.C §5324(a)**  provides as follows:

> No person shall, for the purpose of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by an order issued under section 5326, or the recordkeeping requirements imposed by

31 U.S.C. § 5313(a)[5] and 31 C.F.R., Part 103.22.[6]  Stoltzfoos filed his Omnibus Pretrial Motion on May 14, 2007 that included, in relevant part, a motion to quash counts 1 through 58 because 18 Pa.C.S. § 5111(a)(3) did not contain a *mens rea* element. Following argument, the trial court denied the motion, referring to 18 Pa.C.S. § 302(c), which directs the use of an intentional, knowing, or reckless culpability element when the culpability element sufficient to establish a material element of an offense is not specifically prescribed by law.

On May 5, 2008, a four day jury trial subsequently commenced before the Honorable Howard F. Knisely of the Lancaster County Court of Common Pleas.[7]

---

an regulation prescribed under any such section.

(i)     cause or attempt to cause a domestic financial institution to fail to file a report under section 5313(a) or 5325.

[5] **31 U.S.C. §5313(a)** provides:

When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States coins or currency . . . in an amount, denomination, or amount and denomination, or under circumstances the Secretary prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes. A  participant acting for another person shall make the report as the agent or bailee of the person and identify the person for whom the transaction is being made.

[6] The regulations for filing requirements mandated by section 5313 are at **31 C.F.R. §103.22(b)** which states:

Each financial institution other than a casino shall file a report of each deposit, withdrawal, exchange or currency or other payment or transfer by, through or to such financial institution which involves a transaction in currency of more than $10,000. . . **.**

[7] Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the Respondents note that transcripts from the trial and sentencing proceedings are in its possession and available to the Court.

Stoltzfoos was represented by Jeffrey A. Conrad, Esquire. At the conclusion of the trial, the jury returned a guilty verdict on all 58 counts of the criminal information.  Sentencing was deferred so that a pre-sentence report could be completed.

On July 22, 2008, Stoltzfoos appeared before Judge Knisely for sentencing.  The judge imposed an aggregate term of incarceration of two to ten years.[8] The court also imposed a civil penalty of $540,200.00 pursuant to 18 Pa.C.S. § 5111(c).  Stoltzfoos, through counsel, subsequently filed a motion to modify sentence which alleged that the lower court erred in its application of an offense gravity score of "eight." The lower court denied the motion.  Stoltzfoos did not file a timely direct appeal.  However, on December 5, 2008, Stoltzfoos filed a counseled petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq*., requesting the restoration of his right to direct appeal, *nunc pro tunc*.  The lower court granted relief and Stoltzfoos timely filed a notice of appeal to the Pennsylvania Superior Court. On appeal, Stoltzfoos was represented by Attorney Mary Jean Glick of the Lancaster County Public Defender's Office.  Attorney Glick filed a brief on behalf of Stoltzfoos on September 17, 2009 wherein she raised the following ten issues:

I.      Did the trial court err in ruling that 18 Pa,C.S, §5111(a)(3) was not void for vagueness?

II.     Did the trial court err in ruling that Pa,C.S, § 5111(a)(3) was not void for overbreadth, where the statute criminalizes the depositing of lawfully acquired cash into financial institutions in a manner intended to maintain [a] constitutional right to privacy in financial records?

---

[8] Specifically, Stoltzfoos was sentenced to one to five years on count 1, one to five years on count 2 to run consecutively with count 1, and one to five years on counts 3 through 58 to run concurrently with count 2.

III. Did the trial court err in instructing the jury that the Commonwealth was alleging that [Stoltzfoos] was guilty of a federal crime, set forth at 31 U.S.C. § 5324, which instruction was irrelevant, improper, and highly prejudicial?

IV. Was the evidence insufficient to sustain [Stoltzfoos'] conviction for 58 counts of dealing in unlawful proceeds where the Commonwealth presented insufficient evidence of a state or federal transaction reporting requirement, which [Stoltzfoos] had allegedly avoided?

V. Was the $540,200.00 civil penalty, imposed pursuant to 18 Pa.C.S. 5111(c), an excessive fine and cruel and unusual punishment?

VI. Was the assignment of an offense gravity score of eight to the newly created offense set forth in 18 Pa.C.S. 5111(a)(3), Despite the significant difference in criminal liability from that required for a conviction under subsections (1) or (2), a violation of [Stoltzfoos'] right to equal protection of the laws?

VII. Did the trial court err in refusing to exclude the Commonwealth's sentencing memorandum, and in permitting the testimony of [investigators from the Attorney General's Office], where the purpose of the memorandum and testimony were to attempt to prove that the money [Stoltzfoos] had deposited was the proceeds of unlawful activity?

VIII. By refusing to permit defense counsel for [Stoltzfoos] to cross-examine the Commonwealth's witnesses at sentencing, did the trial court violate [Stoltzfoos'] right to the assistance of counsel, and his right to confront the witnesses against him?

IX. In imposing sentence, did the trial court improperly base its sentence upon its belief, which was neither alleged nor proved at trial, and evidence which should not have been admitted at sentencing, that the money [Stoltzfoos] deposited was the proceeds of unlawful activities?

X. By demanding that [Stoltzfoos] answer the trial court's hypothetical legal question about property rights in borrowed money, by refusing to permit [Stoltzfoos] to consult with his attorney regarding the court's question, and by refusing to permit defense counsel to address the court on [Stoltzfoos'] behalf, did the trial court violate [Stoltzfoos'] right to remain silent at sentencing, and his right to the assistance of counsel?

*See* Appendix A.1, pp. 7-8.   In connection with his second issue, Stolzfoos acknowledged that a claim that a statute is overbroad is a claim that the statute violates the substantive due process guarantees of the United States and Pennsylvania Constitutions, as set forth in the Fifth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 9 of the Pennsylvania Constitution.  *See id*. at 50. Stoltzfoos then presented his argument that the dealing in proceeds of unlawful activities statute was overbroad because it violated the right to privacy in one's bank records - -  in violation of Article I, Section 8 of the Pennsylvania Constitution - - by criminalizing a person's attempts to keep private what the Pennsylvania Constitution "says he has a constitutional right to keep private." *See* Appendix A.2 at 51-52.  He further submitted that because the statute required no underlying criminal conduct, nor any allegation that the structuring at issue was being done for an illegal purpose, the government had no legitimate interest in violating that privacy interest.   *Id.*   The Commonwealth subsequently filed its brief, addressing all of Stoltzfoos' issues, on November 18, 2009. *See* Appendix B.

Stoltzfoos' judgment of sentence was affirmed by the Pennsylvania Superior Court in a memorandum opinion on October 26, 2010. *Commonwealth v. Stoltzfoos*, No. 30 MDA 2009 (Pa. Super. October 26, 2010), Ford-Eliot, J. dissenting. *See* Appendix C. The Court addressed the overbreadth argument wherein Stoltzfoos argued that Section 5111(a)(3) criminalized a depositor's decision to structure transactions to avoid reporting requirements, even if the money involved was lawfully acquired.  The Court disagreed with his assessment that the statute was unconstitutionally overbroad.  The Court stated, in relevant part:

Instantly, Section 5111(a)(3) proscribes financial transactions structured to avoid state or federal reporting requirements. This qualification to the term "financial transactions" narrows and limits the reach of the statute. In doing so, the legislature made clear it did not seek to punish individuals for their **routine** cash deposits and withdrawals from their bank accounts. Rather, the statute prohibits only those deposits and/or withdrawals which are calculated to evade certain banking reporting regulations.

There is a compelling state interest in punishing those who knowingly evade reporting requirements. CTRs and other bank records must be maintained, because of their usefulness in criminal, tax, and regulatory investigations and proceedings. Contrary to [Stolztfoos'] assertions, his right to privacy in these records is not unfettered. Thus, the prohibitions set forth in Section 5111(a)(3) comport with constitutional principles, and the statute is not overbroad **on the ground alleged**.

*Id.* at 18-19 (emphasis supplied in original). Judge Ford-Elliot filed a dissenting memorandum, concluding that the statute was in fact unconstitutionally overbroad. She stated:

Theoretically, an otherwise perfectly law-abiding individual, with no criminal intent other than simply avoiding a CTR, could make a cash deposit of $9,900 of hones money into his savings account at the local bank and spend the next 20 years in a state penitentiary. I refuse to believe that the General Assembly intended such an unconscionable and absurd result when it enacted Section 5111. By failing to consider the statute's title, "Dealing in proceeds of unlawful activities," I believe the majority disregards the statute's actual purpose.

Appendix C at D-3.

Stoltzfoos subsequently sought discretionary review in the Pennsylvania Supreme Court. *See* Appendix D. However, his petition for allowance of appeal was denied on June 16, 2011. *Commonwealth v. Stoltzfoos,* No. 854 MAL 2010 (Pa. June 16, 2011) *See* Appendix E.

On July 13, 2011, Stoltzfoos timely filed a *pro se* petition for post-conviction relief. Attorney Vincent Quinn was thereafter appointed to represent Stoltzfoos in connection with this petition. An amended petition was filed August 29, 2011. In

accordance with Pa.R.Crim.P. 907, the lower court reviewed the record and found that the petition presented no genuine issues of material fact and that no purpose would be served by further proceedings. The lower court then issued a notice of intent to dismiss the petition by order of February 3, 2012.   Attorney Quinn filed a brief on behalf of Stoltzfoos on March 9, 2012.  The sole issue raised on appeal was phrased as follows:

> Whether the lower court erred in denying the defendant's amended PCRA without holding a hearing when trial counsel was ineffective for failing to litigate that the enactment of 18 Pa.C.S. § 5111 violated Article III § 3 of the Pennsylvania constitution.[9]

*See* Appendix  F, p. 4.  Citing Pennsyvania law, Stoltzfoos noted that the single subject rule was designed to address the following concerns:

> 1) It curbs the legislative practice known as "log-rolling" which is combining into one bill a variety of distinct subjects which cannot obtain a majority on their own, but can in their amalgamation; 2) It prohibits hiding what would be unpopular legislation by attaching a rider to an otherwise popular bill that is likely to pass; and 3) A bill addressing a single subject is more likely to receive a considered review than one covering many topics.

*Id.* at 11. Stoltzfoos argued that argued that the underlying Act, Act No. 2002-82, pertained to ten distinct provisions of the Crimes Code, including topics such as double jeopardy, bomb threats, false reports to law enforcement authorities and possessing or dealing in firearms.  *See id*. at 12.  He pointed out that "other than pertaining to other portions of the Crimes Code, these topics have nothing to do with dealing in proceeds of

---

[9] Article III, Section 3 provides:

**§ 3. Form of bills**

No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

unlawful activities." *Id.* The Commonwealth addressed Stolzfoos' argument in its brief filed on March 29, 2012. *See* <u>Appendix G.</u>

On appeal, the Pennsylvania Superior Court affirmed the denial of post-conviction relief in a memorandum opinion dated June 13, 2012. *Commonwealth v. Stoltzfoos* No. 2148 MDA 2011 (Pa. Super. June 13, 2012), *See* <u>Appendix H</u>. The Court observed that Stoltzfoos' claim presented a question of law, namely whether the dealing in proceeds of unlawful activities statute violated the single subject rule of the Pennsylvania Constitution.   The Superior Court affirmed on the basis of the PCRA court's opinion:

> The PCRA court opined that the bill amended ten sections of the Crimes Code and did not contain topics unrelated to a single subject.  Rather, the Court finds that [the bill] serves the single unifying purpose of amended specified sections of the Crimes Code.  The court added that the title of the bill contained each specific section of the Crimes Code that was being amended.  Accordingly, the PCRA court held that as a matter of law, the single subject rule was not violated and consequently counsel was not ineffective in failing to assert such a claim.

*Id.*, pp. 4-5.

Counsel subsequently filed a petition for allowance of appeal to the Pennsylvania Supreme Court on Stoltzfoos' behalf.   *See* <u>Appendix I</u>.  The Court denied review on October 31, 2012. *Commonwealth v. Stoltzfoos,* No. 517 MAL 2012 (Pa. October 31, 2012)*. See* <u>Appendix J.</u>

On November 1, 2013, Stoltzfoos filed the instant habeas corpus petition.  His grounds for relief were specifically identified as follows:  1) Pennsylvania statute 18 Pa.C.S. § 5111(a)(3) is unconstitutional (Supporting facts: Statute 18 Pa.C.S. § 5111(a)(3) was amended on 6-28/2003 to include subsection (a)(3) whereas the

---

Pa. Const. art. III, § 3.

mainframe of this statute is "dealing in proceeds of unlawful activities."): 2) Ineffective assistance of counsel (Supporting facts: Counsel failed to challenge the legality of the statute this Petitioner was charged under [*sic*] improper jury instructions[10] – did not meet the elements of illegal activities.); and 3) Violation of single subject rule (Supporting facts: [*Per Stoltzfoos*] See attached memorandum of law). Petition, 6-9. For ease of reference, Respondents will address these issues as: 1) A challenge to the constitutionality of the statute; and 2) An allegation that counsel was ineffective for failing to litigate a constitutional challenge to the statute.

## III.    Relevant Factual History

As the result of a referral from an employee of Susquehanna Bancshares, agents of the Pennsylvania Office of Attorney General ("OAG") began an inquiry into the banking habits of Stoltzfoos. Stoltzfoos had aroused the suspicion of a bank official because he appeared to be making "structured deposits" so as to avoid state and federal reporting requirements. N.T. 5/6/08, pp. 78-79.

The federal Bank Secrecy Act requires a financial institution to file a report, known as a Currency Transaction Report, when a customer deposits cash in excess of $10,000. This reporting obligation lies with the financial institution, and not the depositor. N.T. 5/6/08, pp. 124-26; 219. If the cash transaction is less than $10,000, the financial institution has discretion to report the transaction. N.T 5/6/08, pp.124-26. Employees of financial institutions are not permitted to advise customers on how to avoid triggering the transaction reporting requirement. An employee of a financial institution

---

[10]Stoltzfoos does not address jury instructions in his memorandum of law so Respondents presume that he did not intend to elaborate on this issue. Accordingly, Respondents will not address it any further.

may be held criminally and civilly liable for assisting in any suspicious activity as it relates to cash transactions. N.T. 5/8/08, p. 221.

The evidence at trial revealed that between January 6, 2006 and February 11, 2006, Stoltzfoos made 58 cash deposits, totaling $541,100.00, to ten different banks. Specifically, the following deposits were made on the given days:

January 6 & 7, 2006:

| | | |
|---|---|---|
| 1. | Bank of Lancaster County | $9,900.00 |
| 2. | Sovereign Bank | $9,900.00 |
| 3. | Northwest Savings Bank | $9,900.00 |
| 4. | National Penn Bank | $9,900.00 |
| 5. | Ephrata National Bank | $9,900.00 |
| 6. | M&T Bank | $9,900.00 |

January 14, 2006:

| | | |
|---|---|---|
| 7. | Coatesville Savings Bank | $9,900.00 |
| 8. | Bank of Lancaster County | $9,900.00 |
| 9. | Sovereign Bank | $9,900.00 |
| 10. | Susquehanna Bancshares, Inc. | $9,700.00 |
| 11. | Northwest Savings Bank | $9,900.00 |
| 12. | National Penn Bank | $9,900.00 |
| 13. | Fulton Savings Bank | $9,900.00 |
| 14. | Ephrata National Bank | $9,900.00 |
| 15. | M&T Bank | $9,900.00 |
| 16. | Graystone Bank | $9,900.00 |

January 19, 2006:

| | | |
|---|---|---|
| 17. | Northwest Savings Bank | $9,900.00 |
| 18. | National Penn Bank | $9,900.00 |
| 19. | Ephrata National Bank | $9,900.00 |
| 20. | M&T Bank | $9,900.00 |
| 21. | Graystone Bank | $9,900.00 |
| 22. | Susquehanna Bancshares, Inc. | $9,900.00 |

January 20, 2006:

| | | |
|---|---|---|
| 23. | Bank of Lancaster County | $9,900.00 |
| 24. | Sovereign Bank | $9,900.00 |
| 25. | Fulton Savings Bank | $9,900.00 |

January 21, 2006:

| | | |
|---|---|---|
| 26. | Coatesville Savings Bank | $9,500.00 |
| 27. | Bank of Lancaster County | $9,500.00 |
| 28. | Sovereign Bank | $9,000.00 |
| 29. | Susquehanna Bancshares, Inc. | $9,000.00 |
| 30. | Northwest Savings Bank | $9,500.00 |
| 31. | National Penn Bank | $9,000.00 |
| 32. | Fulton Savings Bank | $9,000.00 |
| 33. | Ephrata National Bank | $9,500.00 |
| 34. | M&T Bank | $9,000.00 |
| 35. | Graystone Bank | $9,000.00 |

January 27, 2006:

| | | |
|---|---|---|
| 36. | Bank of Lancaster County | $9,000.00 |

January 28, 2006:

| | | |
|---|---|---|
| 37. | Coatesville Savings Bank | $9,000.00 |
| 38. | Sovereign Bank | $9,000.00 |
| 39. | Susquehanna Bancshares, Inc. | $9,000.00 |
| 40. | Northwest Savings Bank | $9,000.00 |
| 41. | National Penn Bank | $9,000.00 |
| 42. | Fulton Savings Bank | $9,000.00 |
| 43. | Ephrata National Bank | $9,000.00 |
| 44. | M&T Bank | $9,000.00 |
| 45. | Graystone Bank | $9,000.00 |

February 4, 2006:

| | | |
|---|---|---|
| 46. | Coatesville Savings Bank | $9,000.00 |
| 47. | Bank of Lancaster County | $9,000.00 |
| 48. | Sovereign Bank | $9,000.00 |
| 49. | Northwest Savings Bank | $9,000.00 |
| 50. | National Penn Bank | $9,000.00 |
| 51. | Fulton Savings Bank | $6,600.00 |
| 52. | M&T Bank | $9,000.00 |

February 11, 2006:

| | | |
|---|---|---|
| 53. | Coatesville Savings Bank | $5,200.00 |
| 54. | Bank of Lancaster County | $9,000.00 |
| 55. | Susquehanna Bancshares, Inc. | $9,000.00 |

| 56. | National Penn Bank | $9,900.00 |
| 57. | Fulton Savings Bank | $9,000.00 |
| 58. | Graystone Bank | $10,000.00 |

*See* Appendix "C," pp. 1-4.

During the months of February, March and April of 2006, OAG agents obtained search warrants for Stoltzfoos' accounts and seized items such as monthly statements, signature cards and deposit tickets from each account held by Stoltzfoos at these ten financial institutions. N.T. 5/6/08, pp. 81-128. Stoltzfoos voluntarily met with law enforcement agents on March 17, 2006 and read a statement that he brought to the meeting. N.T. 5/6/08, pp. In this statement, Stoltzfoos recounted that had worked for more than 22 years and had kept money in a personal safe. He stated that in 2006 he decided to put money in the bank so that he could buy a new truck in the fall. The statement also said, "I knew that when you withdrew $10,000 cash or deposit $10,000 cash, a form has to be filled out." N.T. 5/6/08, pp. 90-92.

**IV.** **Timeliness**

A petition for writ of *habeas corpus* must be timely filed under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA establishes a one (1) year statute of limitations requirement for filing a federal *habeas corpus* petition after final judgment of sentence in state court. 28 U.S.C. § 2244(d)(1). Judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review. *See id.*

Stoltzfoos' judgment of sentence became final on July 16, 2011 when the time period for filing a petition for writ of certiorari in the United States Supreme Court had expired. *See* Rule 13 of the Rules of the Supreme Court of the United States (providing a ninety-day appeal period after a judgment by the state court of

last resort). *See also Kapral v. United States,* 166 F.3d 565, 575 (3d Cir. 1999) ("[A] state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.")). Accordingly, Petitioner's habeas statute of limitations began to run on July 16, 2011.

Stoltzfoos, however, filed a petition for post-conviction relief in state court on July 13, 2011. The AEDPA one-year time limit is statutorily tolled during the time when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ." 28 U.S.C. § 2244(d)(2). The Pennsylvania Superior Court affirmed the denial of post-conviction relief on June 13, 2012 and the Pennsylvania Supreme Court denied discretionary review on November 30, 2012.[11] Thereafter the statutory tolling ceased to apply and the § 2244(d)(1) filing deadline resumed, leaving Stoltzfoos with one year to file his petition for writ of *habeas corpus*. His petition filed on November 1, 2013 is therefore clearly timely.

## V.   Standards Governing Federal Habeas Corpus Review[12]

### A.   Exhaustion Requirement

Before a federal court can consider the merits of a habeas claim, the petitioner must comply with the exhaustion requirement of section 2254(b). Section 2254(b) provides that an application for a writ of *habeas corpus* on behalf of a person in custody

---

[11] A PCRA petition remains pending "during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision [by filing a petition for allowance of appeal to the Pennsylvania Supreme Court] whether or not review is actually sought." *Swartz v. Meyers,* 204 F.3d 417, 424 (3d Cir.2000).

[12] For purposes of this response, Respondents will omit any discussion of the procedural default doctrine. Respondents submit that for reasons that will be discussed *infra,*

pursuant to the judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A).  "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan,* 953 F.2d 853, 857 (3d Cir. 1992), *cert. denied,* 504 U.S. 944 (1992). Absent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 3354(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999); *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004). Principles of comity dictate that when a petitioner alleges that his continued confinement pursuant to a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. *O'Sullivan,* 526 U.S. at 844–45. It is the burden of a petitioner to establish that exhaustion has been satisfied. *See Ross v. Petsock,* 868 F.2d 639, 643 (3d Cir.1989); *O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir. 1987).  A petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure.  28 U.S.C. 2254(c).

To comply with the exhaustion requirement, a state prisoner must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g., Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1996).  He or she must show that

---

procedural default is not relevant to the disposition of Stoltzfoos' claims.

"the claim brought in federal court [is] the substantial equivalent of that presented to the state courts; both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." *Lesko v. Owens,* 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), *cert. denied,* 493 U.S. 1036 (1990).  A claim is not fairly presented if the state court "must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004).  Mere similarity of the federal and state issues is insufficient to prove exhaustion.  *See Duncan v. Henry,* 513 U.S. 364, 366 (1995). To fairly present a federal claim for purposes of exhaustion, a petitioner must present its factual and legal substance to the state courts "in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir. 1999). A petitioner may assert a federal claim without explicitly referencing a specific constitutional provision by: (1) relying on pertinent federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in like fact situations; (3) asserting a claim in terms so particular as to call to mind a specific right protected by the Constitution; or (4) alleging a pattern of facts that is well within the mainstream of constitutional litigation. *Id.*

> **B.**        **Standard of Review for Exhausted Claims**

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 (1990)). As such, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Inquiry into a state court's adjudication on state law grounds "is no part of a federal court's habeas review of a state conviction." *Estelle,* 502 U.S. at 67. "[I]t is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 63.

Where a claim is exhausted, AEDPA requires courts to employ a deferential, "reasonableness" standard of review to a state court's judgment on constitutional issues raised in habeas petitions. *See Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 903 (3d Cir. 1999); *see also Lindh v. Murphy,* 521 U.S. 320, 334 n. 7 (1997) (describing AEDPA's standard of review as "highly deferential" to state court determinations). A federal court may overturn a state court's merit-based resolution of a constitutional issue only if the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has adopted a two-part standard for analyzing claims under § 2254(d)(1), establishing that the "contrary to" and "unreasonable application of" clauses have independent meaning:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). "[A] federal habeas court may not issue the writ [of habeas corpus] simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

This Court must also apply a deferential standard to a state court's determination

17

of facts. A state court's determination of a factual issue is "presumed to be correct," and may be rebutted only by "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1). Habeas relief predicated on an alleged factual error will be granted only if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

C.       **"In Custody" Requirement**

This Court may entertain a petition for writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treatises of the United States.  *See* 28 U.S.C. § 2254(a).  The Supreme Court has interpreted § 2254 as requiring that, at the time that the petition is filed, the petitioner must be "in custody" under the conviction or sentence he seeks to attack. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989).  Moreover, under Article III of the United States Constitution, a federal court may adjudicate only actual, ongoing cases or controversies.  *See Burkey v. Marberry,* 556 F.3d 142, 147 (3d Cir. 2009). Thus, Article III denies a district court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies. *See id.* The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. *See id.*  "Generally, when a prisoner is challenging . . . execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the *habeas* proceedings have concluded." *Speight,* 2008 WL 4646122, at *2 (citing *Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998)).  The "in custody" requirement is liberally construed for purposes of habeas

corpus. *Obado v. New Jersey,* 328 F.3d 716, 717 (3d Cir.2003) (citing *Maleng,* 490 U.S. at 490–92). Thus, in *Jones v. Cunningham,* 371 U.S. 236, (1963), the Supreme Court ruled that a habeas petitioner was still "in custody" when he was subject to the restrictions of a parole order after release from incarceration. *Id.* at 243–44 (reversing dismissal of habeas petition as moot when petitioner was placed on parole).   Here, although Stoltzfoos has been released from state prison, he is presently subject to the restrictions of parole.   Accordingly, he is "in custody" for purposes of habeas corpus review.

## IV.   **Argument**

### A.   **Stoltzfoos' Challenge to The Pennsylania Statute is Unexhausted; However, This Court Should Deny The Claim on The Merits Because Stoltzfoos Fails to Present  a Colorable Federal Claim**

Larios challenges the constitutionality of Pennsylvania statute 18 Pa.C.S. § 5111(a)(3) on two grounds.  He argues that the statute as written is overbroad.  Secondly, he contends that the statute violates the single-subject provision of Article III, Section 3 of the Pennsylvania Constitution.   The argument that the statute is overly broad was presented to the Pennsylvania Superior Court on direct appeal.   The other constitutional challenge - - that the statute violates the single subject provision - -  was presented to the Pennsylvania Superior Court (in the context of an ineffective assistance of counsel claim) following the denial of post-conviction relief. In both instances, Stoltzfoos' claims and arguments were grounded in Pennsylvania law.

Respondents note that the burden is on the habeas petitioner to prove all facts that entitle him to a discharge from custody, including all facts relevant to the exhaustion requirement. *See Burkett v. Cunningham,* 826 F.2d 1208, 1218 (3d Cir. 1987).  As noted

above, in order for claims to be fairly presented in state court for purposes of the exhaustion requirement, they must be substantially equivalent to the claims raised in federal court.  *See Lesko, supra*; *see also Henry supra* at 365-366 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.") *See Keller v. Larkins,* 251 F.3d 408, 415 (3d Cir. 2001).[13] Stolzfoos does not address the exhaustion requirement in his petition or memorandum of law.

 A review of Stoltzfoos' brief to the Pennsylvania Superior Court reveals that he did observe that an allegation of overbreadth is a claim that the statute violates the substantive due process guarantees of the United States and Pennsylvania Constitutions, as set forth in the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 9 of the Pennsylvania Constitution.  *See* <u>Appendix A.2</u>, p. 50. However, the argument that followed consisted solely of a discussion of state case law and the state Constitution. *See id*. at 50-53.  Accordingly, the state courts were never put on notice that Stoltzfoos was submitting a federal claim.

 With respect to Stoltzfoos' contention that the dealing in proceeds of unlawful activity statute violated the single-subject provision of Article III, Section 3 of the

---

[13] As noted by the Supreme Court in *Baldwin, supra*, "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' *Baldwin,* 541 U.S. at 32-33.

Pennsylvania Constitution, that clearly was a challenge grounded solely in state law; no federal claim or question was presented.  *See* Appendix "F," pp. 10-12.  Under 28 U.S.C. § 2254, habeas relief is only available on the grounds that a petitioner's judgment of sentence is violative of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *See, e.g., Priester v. Vaughn,* 382 F.3d 394, 402 (3d Cir.2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting *Estelle,* 502 U.S. at 67–68).

Having established that Stoltzfoos never submitted a federal claim to state court begs the following question, however:  What federal claim(s) is/are being presented to this Court in connection with Stoltzfoos' challenge to the constitutionality of a state statute?   Respondents submit that he fails to properly present a reviewable claim. Accordingly, Respondents request that this Court simply deny Stoltzfoos' claim on the merits pursuant to 28 U.S.C. § 2254 (b)(2).  Exhaustion is a rule of comity, rather than a jurisdictional requirement. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). In *Granberry,* the Supreme Court adopted a flexible approach in deciding whether to dismiss a habeas petition with an unexhausted claim.  When it is clear that a habeas petitioner raises no claim for which there is relief in a federal court, the interests of state courts and federal courts are well served, even if the claims are not exhausted, if the district court denies the petition. *Id.* at 135. The AEDPA codified the holding in *Granberry* in 28 U.S.C. § 2254(b)(2) by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies. *See Lambert,* 134 F.3d at 515 (citing *Hoxsie v. Kerby,* 108 F.3d 1239, 1243 (10th Cir.1997)). When § 2254(b)(2) is read in conjunction with *Granberry,* the Third

Circuit has determined that the appropriate test to apply to a petition is whether "it is perfectly clear that the applicant does not raise even a colorable federal claim." *Lambert*, 134 F.3d at 515 (citing *Granberry,* 481 U.S. at 135); *see also Carpenter v. Vaughn,* 296 F.3d 138, 146 (3d Cir.2002).

B.     **<u>Stoltzfoos' Claim of Ineffective Assistance of Counsel is Unexhausted; However, This Court Should Deny The Claim on The Merits Because Stoltzfoos Fails to Present a Colorable Federal Claim</u>**

In his memorandum of law, Stoltzfoos provides the following argument in support of his ineffective assistance of counsel claim:

> This Petitioner after submitting all of the evidence to counsel of record, and demanding that counsel challenge the constitutionality of the statute that this Petitioner was charged under and counsel's failure to do so, denied this Petitioner his constitutional right of Equal Protection of the Law and right to Due Process.

<u>Memorandum</u>, p. 9.

In *Mayle v. Felix,* 545 U.S. 644, 649 (2005), the United States Supreme Court held that specificity is required in a habeas petition:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

*Id.* at 656. Quoting the Advisory Committee's Note on Rule 4 of the Rules Governing Section 2254 Cases, the Supreme Court observed: "Notice pleading is not sufficient, for the petition is expected to *state facts that point to a real possibility of constitutional error." Id.* (emphasis added). Thus, merely asserting legal conclusions does not fulfill the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.

Respondents acknowledge that *pro se* filings are subject to less stringent pleading requirements, and should be liberally construed with a measure of tolerance.  *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).   However, even granting Stoltzfoos the latitude afforded to *pro se* litigants, it is clear that no federal claim is presented here.  Indeed, a passing reference to equal protection and due process, without more, does not constitute a federal question.

V.      **Conclusion**

WHEREFORE, for all the foregoing reasons, Respondents respectfully request that Stoltzfoos' petition for writ of *habeas corpus* be denied.

**Respectfully submitted,**

**KATHLEEN G. KANE**
**Attorney General**

**LAWRENCE M. CHERBA**
**Executive Deputy Attorney General**
**Criminal Law Division**

**JAMES P. BARKER**
**Chief Deputy Attorney General**
**Appeals and Legal Services Section**

**BY:**    **s/ Jennifer A. Peterson_____**
JENNIFER A. PETERSON
Deputy Attorney General
Attorney ID No. PA84357
jpeterson@attorneygeneral.gov.

PA OFFICE OF ATTORNEY GENERAL
Criminal Law Division
Appeals & Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA  17120
Phone:  717-787-6348
Fax:     717-783-5431

Date:  March 21, 2014

## <u>LIST OF APPENDICES</u>

In support of this Response, the following documents:

<u>Appendix A.1</u>:          Stoltzfoos' Direct Appeal Brief (Pages 1-49)

<u>Appendix A.2</u>:          Stoltzfoos' Direct Appeal Brief (Pages 50-87)

<u>Appendix B</u>:            Commonwealth's Direct Appeal Brief

<u>Appendix C</u>:            10/26/10   Pennsylvania   Superior   Court   Memorandum
                         Opinion

<u>Appendix D</u>:            Stoltzfoos' Petition for Allowance of Appeal

<u>Appendix E</u>:            6/16/11 Order Denying Petition for Allowance of Appeal

<u>Appendix F</u>:            Stoltzfoos' PCRA Brief

<u>Appendix G</u>:            Commonwealth's PCRA Brief

<u>Appendix H</u>:            6/13/12   Pennsylvania   Superior   Court   Memorandum
                         Opinion

<u>Appendix I</u>:            Stoltzfoos' Petition for Allowance of Appeal

<u>Appendix J</u>:            10/31/12 Order Denying Petition for Allowance of Appeal

**IN THE UNITED STATES DISTRICT COURT**

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVI LAPP STOLTZFOOS, | : CIVIL ACTION |
|       Petitioner | : |
| | : |
|    v. | : |
| | : |
| JOHN E. WETZEL, *et al*. | : |
|       Respondents | : NO. 13-6747 |

### CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing document upon

the person(s) and in the manner indicated below:

*Service by first class mail addressed as follows:*

**Levi Lapp Stoltzfoos**
**Inmate No. HR-7274**
**Wernersville Community Corrections Center (232)**
**165 Main Street, Building 27**
**Wernersville, PA  19565**
**(*Pro Se*)**

/s/ Jennifer A. Peterson
JENNIFER A. PETERSON
Deputy Attorney General
Attorney ID No. PA84357
jpeterson@attorneygeneral.gov.

PA OFFICE OF ATTORNEY GENERAL
Criminal Law Division
Appeals & Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA  17120
Phone:  717-787-6348
Fax:      717-783-5431

Date:     March 21, 2014