# APPENDIX H

J-S32011-12

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEVI LAPP STOLTZFOOS, | |
| Appellant | No. 2148 MDA 2011 |

Appeal from the Order Entered of November 8, 2011
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005995-2006

BEFORE: BOWES, ALLEN, and MUNDY, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 13, 2012**

This is an appeal from the order entered November 8, 2011, dismissing Levi Lapp Stoltzfoos's PCRA petition. We affirm.

A jury found Appellant guilty of fifty-eight counts of dealing in proceeds of unlawful activities. The underlying facts reflect that between January 6, 2006 and February 11, 2006, Appellant completed fifty-eight separate cash deposits at ten different banking facilities, totaling $541,000. The deposits were made in a manner so as to avoid transaction reporting requirements. The trial court sentenced Appellant to an aggregate term of incarceration of two to ten years. Appellant filed a timely post-sentence motion, which the trial court denied. Appellant failed to file a timely notice of appeal, but filed a timely PCRA petition seeking the reinstatement of his direct appeal rights. The PCRA court granted relief and his direct appeal

ensued. A panel of this Court, with one judge dissenting and another jurist concurring, affirmed Appellant's judgment of sentence. ***Commonwealth v. Stoltzfoos***, 15 A.3d 542 (Pa.Super. 2010). Our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Stoltzfoos***, 23 A.3d 1056 (Pa. 2011). Since Appellant did not seek review with the United States Supreme Court, his judgment of sentence became final for PCRA purposes ninety days after our Supreme Court's denial of allowance of appeal, on June 16, 2011. ***See*** U.S. S.Ct.R. 13; 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Appellant timely filed the instant PCRA petition, and the court appointed counsel. Counsel filed an amended petition contending that trial counsel was ineffective in failing to challenge the constitutionality of the dealing in unlawful proceeds statute as a violation of the single subject rule. The PCRA court issued a Pa.R.Crim.P. 907 notice comprehensively detailing the reasons for its dismissal without a hearing. Thereafter, the court issued a final order denying Appellant's petition. This appeal followed. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied. The PCRA court issued a Pa.R.A.P. 1925(a) order indicating that its reasons for the dismissal could be found in its Rule 907 notice of dismissal. The matter is now ready

J-S32011-12

for this Court's consideration. Appellant's sole issue on appeal is "Whether the lower court erred in denying the Defendant's amended PCRA without holding a hearing when trial counsel was ineffective for failing to litigate that the enactment of 18 Pa.C.S.A § 5111 violated Article III § 3 of the Pennsylvania Constitution." Appellant's brief at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa.Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id*. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id*. This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id*. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa.Super. 2011). However, we afford no such deference to its legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011); **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

Instantly, Appellant's underlying claim presents a question of law, *i.e.*, whether the dealing in unlawful proceeds statute violates the single subject

- 3 -

J-S32011-12

rule of the Pennsylvania Constitution. The single subject rule is contained within the Pennsylvania Constitution and provides, "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or bill codifying or compiling the law or a part thereof." Pa.Const. Art. III § 3. Only if the statute is unconstitutional can his ineffectiveness claim succeed. **Commonwealth v. Dennis**, 784 A.2d 179 (Pa.Super. 2001).

Appellant argues that Act No. 2002-82, the bill containing the applicable dealing in proceeds of unlawful activities statute, "pertained to ten distinct provisions of the Crimes Code[.]" Appellant's brief at 12. He asserts that the bill can only be classified as referring to a single subject if the subject would be classified broadly as crime and offenses. According to Appellant, a bill wherein the subject matter encompasses the topic of crime generally is analogous to bills which have been struck down because their alleged single subject referred to municipalities. Since the bill in question covered topics including double jeopardy, terroristic threats, bomb threats, weapons of mass destruction, possession of firearms, and wiretapping, as well as dealing in proceeds of unlawful activities, he submits that the bill violated Article III § 3.

The Commonwealth responds by adopting the learned PCRA court's discussion of the constitutionality of the applicable law. The PCRA court opined that the bill amended ten sections of the Crimes Code and did not

"contain topics unrelated to a single subject. Rather, the Court finds that [the bill] serves the single unifying purpose of amending specified sections of the Crimes Code." PCRA Court Rule 907 Notice, 9/30/11, at 6. The court added that the title of the bill contained each specific section of the Crimes Code that was being amended. Accordingly, the PCRA court held that as a matter of law, the single subject rule was not violated and consequently counsel was not ineffective in failing to assert such a claim. We agree and find the learned PCRA court decision dispositive of Appellant's issue. Accordingly, we affirm on the basis of the well-reasoned September 30, 2011 opinion of the Honorable Howard F. Knisely.

Order affirmed.


Judgment Entered.

*Mary A. Draybill*
Interim Deputy Prothonotary


Date: 6/13/2012

RECEIVED

JUN 14 2012

Appeals & Legal
Services Section