# APPENDIX I

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

---

COMMONWEALTH OF PENNSYLVANIA,
RESPONDENT

-v-

LEVI LAPP STOLTZFOOS,
PETITIONER

NO.: 2148 MDA 2011

---

## **PETITION FOR ALLOWANCE OF APPEAL**

Petition for Allowance of Appeal from the Order of the Superior Court of Pennsylvania entered on June 13, 2012, which affirmed the Order of the Court of Common Pleas of Lancaster County entered on November 8, 2011 and docketed to No.: CP-36-CR-0005995-2006.

Vincent J. Quinn
Eager, Stengel, Quinn & Sofilka
Attorneys for Appellant
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

# TABLE OF CONTENTS

Table of Citations .................................................................................................. ii

I.    ORDER IN QUESTION......................................................................2

II.   STATEMENT OF QUESTIONS PRESENTED............................3

III.  STATEMENT OF CASE......................................................................4

IV.   REASONS RELIED UPON FOR ALLOWANCE OF APPEAL...........9

V.    CONCLUSION...................................................................................16

APPENDIX

EXHIBIT "A" – OPINION AND ORDER OF THE HONORABLE HOWARD F. KNISELY FILED ON SEPTEMBER 30, 2011

EXHIBIT "B" – OPINION OF THE HONORABLE HOWARD F. KNISELY FILED FEBRUARY 3, 2012

EXHIBIT "C" – MEMORANDUM OF THE SUPERIOR COURT AUTHORED BY JUDGE BOWES AND FILED JUNE 13, 2012

EXHIBIT "D" – ACT 2002-82 (S.B. 1109)

# TABLE OF CITATIONS

## CASES

City of Philadelphia, *et al.* v. Commonwealth of Pennsylvania, 575 Pa. 542, 838 A.2d 566 (2003)............................................................................ 12

Commonwealth v. Chambers, 570 Pa. 3, 807 A.2d 872, 883 (2002) .................... 14

Commonwealth *ex rel*. Dadario v. Goldberg, 565 Pa. 280, 773 A.2d 126 (2001) . 14

Commonwealth v. D'Collanfield, 805 A.2d 1244 (Pa. Super. 2002)..................... 13

Commonwealth v. Hickman, 799 A.2d 136 (Pa. Super. 2002)............................... 14

Commonwealth v. Jones, 871 A.2d 1258 (2005)..................................................... 14

Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999) ............................ 14

Commonwealth v. McClellan, 2005 Pa. Super. 376, 887 A.2d 291(2005) ............ 13

Commonwealth v. McCoy, 601 Pa. 540, 975 A.2d 586 (2009)............................... 10

Commonwealth v. Miller, 560 Pa. 500, 746 A.2d 592 (2000)................................ 13

Commonwealth v. Neiman, 5 A.3d 353, 355-56 (Pa. Super. 2010) ....................... 11

Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294 (2002).................................. 13

Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203 (2001)................................ 13

Commonwealth v. Rathfon, 899 A.2d 365 (Pa. Super. 2006) ................................ 15

Commonwealth v. Whitmore, 2004 Pa. Super. 365, 860 A.2d 1032 (2004).......... 14

DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005)...................................... 7, 13

Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132 (2009)....... 7, 10

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
        80 L.Ed.2d. 674 (1984) .......................................................................... 14

**STATUTES**

18 Pa. C.S.A.§5111 ...............................................................................3, 6-9, 13

18 Pa. C.S.A.§5111(a)(3) ...................................................................... 4, 5

Article III § 3 of the Pennsylvania Constitution ............................... 3, 6, 7, 9, 10, 13

## PETITION FOR ALLOWANCE OF APPEAL FROM THE
## ORDER OF THE SUPERIOR COURT OF PENNSYLVANIA

TO THE HONORABLE, THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SAID COURT:

Levi Lapp Stoltzfus, Appellant in the Court below, and by his attorney, Vincent J. Quinn, hereby petitions Your Honorable Court to allow appeal from the June 13, 2012 Order of the Superior Court of Pennsylvania, <u>Commonwealth of Pennsylvania v. Levi Lapp Stoltzfus</u>, No.: 2148 MDA 2011 (Superior Court), which affirmed the Order of the Court of Common Pleas of Lancaster County which was entered on November 8, 2011. A copy of the Opinion of the Honorable Howard F. Knisely filed September 30, 2011 is attached hereto in the Appendix as Exhibit "A". A copy of the Opinion of the Honorable Howard F. Knisely filed on February 3, 2012 is attached hereto in the Appendix as Exhibit "B". A copy of the Memorandum of the Superior Court of Pennsylvania authored by Judge Bowes and filed June 13, 2012 is attached hereto as in the Appendix as Exhibit "C". None of the above decisions have been reported.

## I.   ORDER IN QUESTION

"Order affirmed.

Judgment entered.

Mary A. Graybill, Interim Deputy Prothonotary

Date:  June 13, 2012."

II.   <u>STATEMENT OF QUESTIONS PRESENTED</u>

WHETHER THE LOWER COURT ERRED IN DENYING THE DEFENDANT'S AMENDED PCRA WITHOUT HOLDING A HEARING WHEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO LITIGATE THAT THE ENACTMENT OF 18 Pa. C.S.A.§5111 VIOLATED ARTICLE III § 3 OF THE PENNSYLVANIA CONSTITUTION.

Answered in the negative by the Superior Court below.

III.   STATEMENT OF THE CASE

A.   Procedural History

By Criminal Information docketed to No. CP-36-CR-0005995-2006, Levi Lapp Stoltzfoos ("Defendant") was charged with fifty-eight (58) counts of Dealing in Proceeds of Unlawful Activities in violation of 18 Pa. C.S.A.§5111(a)(3).  After arraignment in the Court of Common Pleas of Lancaster County, the Defendant stood trial before the Honorable Howard F. Knisely and a jury.  At the conclusion of trial on May 8, 2008, the Defendant was found guilty as charged.  On July 22, 2008, the Court sentenced the Defendant to an aggregate term of imprisonment of not less than 2 nor more than 10 years incarceration.  The Court also imposed a civil penalty of $540,200.00 pursuant to Section 5111(c).  On August 1, 2008, the Defendant, by his counsel, filed timely post-sentence motions.  These motions were denied on September 9, 2008 and Defendant did not file a Notice of Appeal.

On December 5, 2008, the Defendant filed a counseled petition pursuant to the Post-Conviction Relief Act requesting the restoration of his direct appeal rights *nunc pro tunc*.  On December 5, 2008, the Court granted relief directing the Defendant to file a Notice of Appeal within thirty (30) days.  Defendant filed a timely Notice of Appeal on December 31, 2008.  Defendant raised ten (10) issues before the Superior Court.  On or about October 26, 2010, a three-judge panel of

4

the Superior Court consisting of Judges Ford-Eliot, Gantman and Colville affirmed the judgment of sentence in an unpublished Memorandum. Judge Ford-Eliot filed a dissenting Memorandum finding that 18 Pa. C.S.A.§5111(a)(3) was unconstitutionally overbroad. Defendant filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. This was denied on June 16, 2011.

Defendant was represented at trial and sentencing by Attorney Jeffrey Conrad. Defendant was represented on the initial Motion for Post-Conviction Collateral Relief and on the direct appeal by the Office of the Public Defender for Lancaster County and, in particular, by Assistant Public Defender, MaryJean Glick.

Defendant filed a timely *pro se* Motion for Post-Conviction Collateral Relief. Present counsel was then appointed by the Court to represent the Defendant. A counseled Amended Motion for Post-Conviction Collateral Relief was filed on August 29, 2011. On September 30, 2011, the Honorable Howard F. Knisely entered an Opinion and Notice advising the Defendant that pursuant to Pa. R.Crim. P. 907 he intended to dismiss the Amended PCRA without holding a hearing. A true and correct copy of Judge's Knisely's Opinion and Notice is attached hereto in the Appendix as Exhibit "A". The Amended PCRA was dismissed on November 8, 2011.

Defendant filed a timely Notice of Appeal to the Superior Court of Pennsylvania on December 6, 2011.  On December 8, 2011, Judge Knisely entered an Order directing the Defendant to file a Statement of Errors Complained of on Appeal by not later than December 29, 2011.  Such Statement of Errors was filed and served on the trial judge on December 22, 2011.  On February 3, 2012, Judge Knisely entered his Opinion Pursuant to Pa. R.A.P. 1925.  A copy of that Opinion/Order is attached hereto in the Appendix as Exhibit "B".  On June 13, 2012, a three judge panel of the Superior Court affirmed the dismissal of the Amended PCRA in a Memorandum authored by Judge Bowers.  A true and correct copy of this Memorandum is attached hereto as Exhibit "C".  None of these decisions have been reported.

B.    Statement of Facts

Since the Amended PCRA was dismissed without holding a hearing, the facts for purposes of this appeal are the well-plead facts included in the Amended PCRA.

18 Pa. C.S.A.§5111 was amended in 2002.  This Act was identified as 2002-82, SB No. 1109.  Article III § 3 of the Pennsylvania Constitution provides as follows:

> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a

6

> general appropriation bill or a bill codifying or compiling the law or a part thereof.

Pa. Const. Art. III § 3.9.  Defendant was found guilty and subsequently sentenced based on violating the provisions of 18 Pa. C.S.A.§5111, which were included in the amendment which was part of Act No. 2002-82.

18 Pa. C.S.A.§5111, as it applies to the Defendant, is illegal and unconstitutional for each of the following reasons:

> (a)   Act No. 2002-82 and SB No. 1109 violates that provision of Article III § 3 providing that no bill shall be passed containing more than one subject.  In particular, the Defendant notes that Act No. 2002-82, SB No. 1109 contains various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, threat to use weapons of mass destruction, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile weapons of mass destruction, persons not to possess firearms, the wiretap act, as well as dealing in proceeds of unlawful activities.

> (b)   The other portions of the Crimes Code included in Act No. 2002-82, SB No. 1109 are neither sufficiently germane nor bear a proper legislative relation to dealing in proceeds of unlawful activities.  See, DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005); Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132 (2009).

> (c)   Act No. 2002-82, SB No. 1109 further violates Article III § 3 in that the subject of Dealing in Proceeds

of Unlawful Activities is not clearly expressed in the title
of the Bill/Act.

Trial counsel had no reasonable strategic basis for failing to litigate the unconstitutionality of 18 Pa. C.S.A.§5111 as set forth above.   Defendant was prejudiced in that if the Act had been declared unconstitutional, he could not have been lawfully prosecuted for the offense and would not have suffered the ignominy of a criminal conviction, subsequent incarceration and present parole supervision.

## IV.   REASONS RELIED UPON FOR ALLOWANCE OF APPEAL

THE LOWER COURT ERRED IN DENYING THE DEFENDANT'S AMENDED PCRA WITHOUT HOLDING A HEARING WHEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO LITIGATE THAT THE ENACTMENT OF 18 Pa. C.S.A.§5111 VIOLATED ARTICLE III § 3 OF THE PENNSYLVANIA CONSTITUTION.

18 Pa. C.S.A.§5111 provides as follows:

### § 5111.  Dealing in proceeds of unlawful activities

(a) Offense defined. – A person commits a felony of the first degree if the person conducts a financial transaction under any of the following circumstances:

(1) With knowledge that the property involved represents the proceeds of unlawful activity, the person acts with the intent to promote the carrying on of the unlawful activity.

(2) With knowledge that the property involved represents the proceeds of unlawful activity and that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of unlawful activity.

(3) To avoid a transaction reporting requirement under State or Federal law.

18 Pa. C.S.A.§5111.

A copy of the Act 2002-82 (S.B. 1109) is attached hereto in the Appendix to this Petition as Exhibit "D".

Article III § 3 of the Pennsylvania Constitution provides as follows:

9

> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

Pa. Const. Art. III § 3.9.

A challenge to the constitutionality of a statute is a question of law and the Court's scope of review is plenary and non-deferential. Commonwealth v. McCoy, 601 Pa. 540, 975 A.2d 586 (2009). The Courts will presume that a statute is constitutional. A statute will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution.

The purpose of Article III § 3 is to encourage an open and accountable government by limiting the practice of inserting a number of distinct and independent subjects into a single bill. Spahn v. Zoning Board of Adjustment, 602 Pa. 83, 977 A.2d 1132, 1149 (2009). In Spahn, the Supreme Court articulated the principles to be applied in the analysis as follows:

> We confirm that "reasonable notice is the keystone of **Article III § 3**." We noted that "bills are frequently subject to amendments as they proceed through the legislative process and not every supplementation of new material is violative of the Constitution. Thus, where the provisions added during the legislative process assisting containing out a bill's main objective or otherwise germane to the bill subject as reflected in its title, the requirements of **Article III § 3** are met." On the other hand, this recognition must be balanced against the fact that "no two subjects are so wide apart that they may not

10

be brought into a common focus, if the point of view be carried back far enough." Recognizing the tension that was created by these competing observations, we focused on whether there was a "single unifying subject to which all provisions of the Act are germane." Applying this test to the gaming bill that was the subject of the challenge in PAGE, we concluded that there was "a single unifying subject - - the regulation of gaming." We then pointed out that "the single topic of gaming does not encompass the limitless number of subjects which could be encompassed under the heading of 'municipalities'."

Spahn, *supra* at 977 A.2d 1148 (*citations deleted*).

The single subject rule is designed to address the following concerns: (1) it curbs the legislative practice known as "log-rolling" which is combining into one bill a variety of distinct subjects which cannot obtain a majority on their own, but can in their amalgamation. (2) It prohibits hiding what would be unpopular legislation by attaching a rider to an otherwise popular bill that is likely to pass. (3) A bill addressing a single subject is more likely to receive a considered review than one covering many topics. Commonwealth v. Neiman, 5 A.3d 353, 355-56 (Pa. Super. 2010).

In this case, Act No. 2002-82 pertained to ten distinct provisions of the Crimes Code, including such diverse topics as double jeopardy, terroristic threats, bomb threats, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile bombs, interception

11

of communications, and possessing or dealing in firearms. Other than pertaining to other portions of the Crimes Code, these topics have nothing to do with dealing in proceeds of unlawful activities. Double jeopardy, in fact, refers to an amendment of Section 110 of the Crimes Code which contains the defense of statutory double jeopardy. This bill can only be construed as referring to a single subject, if that subject would be classified so broadly as crimes and offenses. That cannot pass constitutional muster.

The Crimes Code is a codification of almost every law which could have been considered a common law crime together with others. Counsel believes that the overwhelming majority of criminal prosecutions for offenses not set forth in the Crimes Code are limited to narcotics offenses, pharmacy violations and motor vehicle offenses. What single subject could cover bombs, proceeds of unlawful activities and double jeopardy? The only possible subject matter which could include these topics is crimes and defenses. That is no more narrow than claiming that a bill referring to the single subject of "municipalities."

In a case where a number of diverse topics which had nothing in common other than referring to municipalities were included in the same bill, the Supreme Court found that such bill was unconstitutionally enacted. See, City of

12

Philadelphia, *et al.* v. Commonwealth of Pennsylvania, 575 Pa. 542, 838 A.2d 566 (2003). See also, DeWeese v. Weaver, 880 A.2d 54 (Pa. Cmwlth. 2005).

The enactment of 18 Pa. C.S.A.§5111 violates the single subject rule set forth in Article III § 3. For this reason, counsel should have filed a motion attacking the constitutionality of this statute.

In order to obtain relief in his PCRA, Defendant must meet the standard for ineffective assistance of counsel, which is well-established.

Counsel is presumed to be effective and the defendant has the burden of proving ineffectiveness. Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294 (2002); Commonwealth v. D'Collanfield, 805 A.2d 1244 (Pa. Super. 2002). To prevail on an ineffectiveness claim, the defendant must plead and prove by a preponderance of the evidence that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and, (3) the ineffectiveness of counsel caused him prejudice. Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203 (2001); Commonwealth v. Miller, 560 Pa. 500, 746 A.2d 592 (2000).

A defendant claiming ineffective assistance must identify acts or omissions by counsel that cannot be considered the result of reasonable, professional judgment. Commonwealth v. McClellan, 2005 Pa. Super. 376, 887 A.2d 291 (2005). A reasonable basis must be something more than a hunch. A blind guess

on the part of counsel is tantamount to providing the defendant no counsel at all. Commonwealth v. Jones, 871 A.2d 1258 (2005).

Prejudice in the context of ineffective assistance of counsel requires a demonstration that there was a reasonable probability that but for counsel's error; the outcome of the proceeding would have been different. Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Commonwealth v. Chambers, 570 Pa. 3, 807 A.2d 872, 883 (2002), *quoting from* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice occurs when the errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.*

Ineffectiveness claims are not limited to complaints of counsel's errors during trial. Section 9543(a)(2)(ii) of the PCRA encompasses all constitutionally cognizable claims of ineffective assistance of counsel. Commonwealth *ex rel.* Dadario v. Goldberg, 565 Pa. 280, 773 A.2d 126 (2001)(claims relating to the guilty plea process are cognizable under the PCRA); See also, Commonwealth v. Hickman, 799 A.2d 136 (Pa. Super. 2002)(erroneous advice concerning boot camp eligibility); Commonwealth v. Whitmore, 2004 Pa. Super. 365, 860 A.2d 1032

14

(2004)(failure to perfect challenge to the discretionary aspects of sentencing); Commonwealth v. Rathfon, 899 A.2d 365 (Pa. Super. 2006).

In this case, Defendant specifically alleged that the statute was unconstitutional, that counsel lacked a reasonable strategic basis and that he was prejudiced. The Lower Court dismissed the PCRA without a hearing finding that the statute was in fact constitutionally enacted.

The Superior Court engaged in no independent analysis and simply affirmed on the basis of the Lower Court's Opinion. This Court should accept allowance of appeal to decide whether a bill which refers to a variety of criminal law topics which have nothing in common violates the single subject rule. This will allow the Court to not only correct the Superior Court's erroneous decision but also clarify this area of the law.

## V.   CONCLUSION

It is respectfully requested that this Court grant allowance of appeal in this case.

RESPECTFULLY SUBMITTED,

EAGER, STENGEL, QUINN & SOFILKA

DATE: 7/5/12

BY:
Vincent J. Quinn
Attorneys for Petitioner
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

16

# **APPENDIX**

EXHIBIT "A" – OPINION AND ORDER OF THE HONORABLE HOWARD F. KNISELY FILED ON SEPTEMBER 30, 2011

EXHIBIT "B" – OPINION OF THE HONORABLE HOWARD F. KNISELY FILED FEBRUARY 3, 2012

EXHIBIT "C" – MEMORANDUM OF THE SUPERIOR COURT AUTHORED BY JUDGE BOWES AND FILED JUNE 13, 2012

EXHIBIT "D" – ACT 2002-82 (S.B. 1109)

**Exhibit A**

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA    :

    :

vs.        :        No. 5995-2006

    :

LEVI LAPP STOLTZFOOS    :

## ORDER

AND NOW, this __30th__ day of September, 2011, upon consideration of Defendant's Amended Motion for PCRA relief, filed on August 29, 2011, it is hereby ordered that said Motion is DENIED.

Defendant is hereby given notice that the Court, pursuant to Pa.R.Crim.P. 907, intends to dismiss Defendant's PCRA motion without an evidentiary hearing unless Defendant shall, within twenty (20) days of the date of this Order, show good cause why the motion should not be dismissed.

I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.

Danette H. Burkholder

Danette K. Burkholder
Acting Clerk of the Courts

Attest:

BY THE COURT:

HOWARD F. KNISELY
JUDGE

Copies to:    Craig Stedman, District Attorney

Andrea F. McKenna, Senior Deputy Attorney General

Vincent Quinn

Levi Lapp Stoltzfoos (via certified mail, return receipt requested)

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA          :

vs.          :          No. 5995-2006

LEVI LAPP STOLTZFOOS          :

## O P I N I O N

BY: KNISELY, J.          September 30, 2011

Before the Court is Defendant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Appointed counsel filed a timely amended PCRA petition on August 29, 2011.  In his petition, Defendant avers counsel was ineffective for failing to litigate the unconstitutionality of the statute under which he was convicted.  Following my independent review of the record, I am satisfied that there are no genuine issues of material fact and no purpose would be served by further proceedings.  As such, the Court hereby issues notice of intent to dismiss Defendant's petition without an evidentiary hearing.  This Opinion and Order are written pursuant to Pa.R.Crim.P. 907.

## BACKGROUND

Between January 6, 2006 and February 11, 2006, Defendant made 58 cash deposits, totaling $541,100.00, at ten different banks.  The 58 deposits were divided among nine days.  On each occasion, Defendant deposited $10,000.00 or less in cash.  In connection with these

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

deposits, Defendant was charged with 58 counts of dealing in proceeds of unlawful activity.[2]  On

May 9, 2008, a jury found Defendant guilty of all 58 counts.  Only July 22, 2008, this Court

sentenced Defendant to an aggregate term of 2 to 10 years of state imprisonment.  The Court also

imposed a civil penalty of $540,200.00, pursuant to 18 Pa.C.S.A. § 5111(c).

The Court denied Defendant's post-sentence motions on September 9, 2008.  The time to

file a direct appeal lapsed; however, the Court reinstated Defendant's direct appeal rights *nunc*

*pro tunc*.  On direct appeal, Defendant alleged, in part, that Section 5111(a)(3) was

unconstitutionally vague and overbroad.  In an unpublished Memorandum, the Superior Court

affirmed Defendant's judgment of sentence.  On June 16, 2011 the Supreme Court of

Pennsylvania denied Defendant's Petition for Allowance of Appeal.

Defendant timely filed a *pro se* PCRA petition on July 13, 2011.  The Court appointed

Attorney Vincent Quinn as counsel.  Defendant filed an amended PCRA petition on August 29,

2011.

## DISCUSSION

In his amended petition, Defendant alleges ineffective assistance of trial counsel for

failing to litigate the constitutionality of Section 5111 under Article III § 3 of the Pennsylvania

Constitution.  Specifically, Defendant alleges three reasons Section 5111 is illegal and

unconstitutional:

> (1)      Act No. 2002-82 and SB No. 1109 violates that provision of Article III § 3
> providing that no bill shall be passed containing more than one subject.  In
> particular, the Defendant notes that Act No. 2002-82, SB No. 1109 contains

---

[2]  18 Pa.C.S.A. § 5111(a)(3).

various amendments to separate and distinct provisions of the Pennsylvania Crimes Code, including provisions governing statutory double jeopardy, terroristic threats, threat to use weapons of mass destruction, weapons of mass destruction, false alarms to agencies of public safety, false reports to law enforcement authorities, facsimile weapons of mass destruction, persons not to possess firearms, the wiretap act, as well as dealing in proceeds of unlawful activities.

(2)    The other portions of the Crimes Code included in Act No. 2002-82, SB No. 1109 are neither sufficiently germane nor bear a proper legislative relation to dealing in proceeds of unlawful activities.

(3)    Act No. 2002-82, SB No. 1109 further violates Article III § 3 in that the subject of Dealing in Proceeds of Unlawful Activity is not clearly expressed in the title of the Bill/Act.

(Def.'s Am. Mot., 8/29/11, at 3, ¶ 16 (internal citation omitted)).

Initially, I note the standard by which courts resolve challenges to the constitutionality of legislation:

> [O]ur case law makes clear that there is a strong presumption in the law that legislative enactments do not violate our Constitution. *See Pennsylvania School Boards Ass'n., Inc. et al. v. Commonwealth Ass'n. of School Administrators,* 569 Pa. 436, 805 A.2d 476, 479 (2002). This includes the manner by which legislation is enacted. *Id.* Accordingly, a statute will not be declared unconstitutional unless it *clearly, palpably,* and *plainly* violates the Constitution. *Id.* (emphasis supplied). All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. *Commonwealth v. Hendrickson,* 555 Pa. 277, 724 A.2d 315, 317 (1999). Thus, there is a very heavy burden of persuasion upon one who challenges the constitutionality of a statute. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162, 165 (1996). It is with this burden and the extremely deferential standard by which we view constitutional challenges in mind that we turn to the arguments of the parties.

*Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth*, 583 Pa. 275, 292-293, 877 A.2d 383, 393 (2005)[hereinafter *PAGE*].

Article 3, § 3 of the Pennsylvania Constitution, commonly referred to as the single-

3

subject rule, provides:

> § 3. Form of bills.
>
> No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

Pa. Const. Art. 3, § 3. The single-subject rule serves to prevent intentionally disguising the purpose of a bill through a misleading title or by hiding unfavored measures in popular bills that are likely to pass. *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 586 (Pa. 2003). In other words, the purpose of the rule is to provide fair notice to legislators and the public of all proposed enactments and their true effects. *See id.*

Generally, considering bills are frequently amended through the legislative process, the single-subject rule is satisfied where the provisions added "assist in carrying out a bill's main objective or are otherwise 'germane' to the bill's subject as reflected in its title." *Stilp v. Commonwealth*, 588 Pa. 539, 601, 905 A.2d 918, 955 (Pa. 2006)(citing *PAGE, supra*). Indeed, "[f]ew bills are so elementary in character that they may not be subdivided under several heads; and no two subjects are so wide apart that they may not be brought into a common focus." *Payne v. School Dist. of Borough of Coudersport*, 168 Pa. 386, 31 A. 1072 (Pa.1895). However, defining a constitutionally-valid subject too broadly risks stripping the single-subject rule of its purpose. *PAGE, supra*, at 395.

With these principles in mind, the Court turns to Act 82, Senate Bill 1109 ("SB 1109"). SB 1109, printer's no. 1389, was first referred to the Judiciary Committee on October 9, 2001.

4

At that time, SB 1109's short title listed the titles of the sections of the Crimes Code that the bill was amending:

"AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for terroristic threats, for bomb threats, for false alarms to agencies of public safety and for harassment and stalking by communication." *See* S.B. 1109, 2001-2002 Sess. (Pa. 2001)(printer's no. 1389), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm? txtType=PDF&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109&pn=1389. While the sections listed in SB 1109's short title are contained in differing chapters of the Crimes Code, each specific title of the sections amended are listed. *Id.* Also, this version of the bill was a little over three pages long, consisting of the four sections listed in the short title. *Id.*

The history of the bill reveals it was amended several times before the final version of SB 1109, printer's no. 2105, was concurred on by the House in Senate amendments (by a vote of 198-0) and referred to the Senate Rules Committee on June 18, 2002.[3]  The final version, concurred on House amendments by the Senate on June 26, 2002 (by a vote of 50-0), was eighteen pages and included six additional sections of the Crimes Code. *See* S.B. 1109, 2001-2002 Sess. (Pa. 2002)(printer's no. 2105), http://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=PDF&sessYr=2001&sessInd=0&billBody=S&billTyp=B&billNbr=1109&pn=2105.  The titles of the additional sections were added to the bill's short title:

---

[3] The history of SB 1109 is a matter of public record. " *See* S.B. 1109, 2001-2002 Sess. (Pa. 2001), http://www.legis.state.pa.us/cfdocs/billinfo/bill_history.cfm?syear=2001&sind=0& body=S&type=B&bn=1109.

> AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for DOUBLE JEOPARDY, FOR terroristic threats and for bomb threats; providing for weapons of mass destruction; and further providing for false alarms to agencies of public safety, for false reports to law enforcement authorities, FOR DEALING IN PROCEEDS OF UNLAWFUL ACTIVITIES, for facsimile bombs, for interception of communications and for possessing or dealing in firearms.

*Id.*

As in the first version, SB 1109 contained sections that are part of different chapters of the Crimes Code; however, every title of the sections amended by the bill was included in the short title. The bill, totaling eighteen pages and amending ten total sections of the Crimes Code, is not particularly voluminous. *See City of Philadelphia, supra*, at 589 (voluminous legislation under review consisting of 127 pages. Contrary to Defendant's assertion, the bill does not contain topics unrelated to a single subject. Rather, the Court finds that SB 1109 serves the single unifying purpose of amending specified sections of the Crimes Code.

Further, regarding the challenge to the title of SB 1109, the *PAGE* Court explained, "[O]ne who seeks to declare a title unconstitutional under this provision must demonstrate either (1) that the legislators and the public were actually deceived as to the act's contents at the time of passage, or (2) that the title on its face is such that no reasonable person would have been on notice as to the act's contents." *PAGE*, 877 A.2d at 406. Here, no sections of the Crimes Code were contained in the bill that were not listed in the bill's short title. The bill went through multiple revisions before passing in the House and Senate unanimously. There is nothing to suggest that the legislature was deceived as to SB 1109's content at the time of passage and the short title, listing each specific section of the Crimes Code affected by the bill, provided

reasonable notice of the bill's contents.  Thus, the Court finds that SB 1109 complies with the single-subject rule.

As the Court finds as a matter of law that the single-subject rule was not violated, Defendant's trial counsel cannot be deemed ineffective for failing to raise the claim.  *See Commonwealth v. Jones*, 571 Pa. 112, 131, 811 A.2d 994, 1005 (2002)(counsel cannot be deemed ineffective for failing to raise a meritless claim).  As such, Defendant's ineffectiveness claim fails.

Accordingly, the Court enters the following:

**Exhibit B**

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :
                                  :
              vs.                 :          No. 5995-2006
                                  :
LEVI LAPP STOLTZFOOS              :

OPINION

BY: KNISELY, J.                                      February 3, 2012

Defendant Levi Lapp Stoltzfoos has appealed to the Superior Court of Pennsylvania from this Court's November 8, 2011 Order, dismissing Defendant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  On Appeal, Defendant alleges trial counsel was ineffective for failing to litigate the constitutionality of the statute under which he was convicted.  Defendant was found guilty of 58 counts of dealing in proceeds of unlawful activity, codified at 18 Pa.C.S. § 5111.  Specifically, Defendant alleges that Senate Bill 1109, which amended provisions of the Crimes Code, violated the single-subject rule.  He further alleges that trial counsel was ineffective for failing to litigate this claim.  This Court explored this issue in its Opinion and Order of September 30, 2011.  The Court found as a matter of law that the single-subject rule was not violated and, as such, counsel could not be deemed ineffective for failing to raise the claim.  As the Court has already stated its reasons on the record by way of its September 30, 2011 Opinion, the Court submits that Opinion for purposes of Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Attest:

Joshua G. Parsons
Clerk District Court

BY THE COURT:

HOWARD F. KNISELY
JUDGE

Copies to: Craig Stedman, District Attorney;  Andrea F. McKenna, Senior Deputy Attorney General;  Vincent Quinn, Esq.; and Levi Lapp Stoltzfoos (via certified mail, return receipt requested)

---

[1] 42 Pa.C.S. §§ 9541-9546.

# Exhibit C

J-S32011-12

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEVI LAPP STOLTZFOOS, | |
| Appellant | No. 2148 MDA 2011 |

Appeal from the Order Entered of November 8, 2011
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005995-2006

BEFORE:  BOWES, ALLEN, and MUNDY, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 13, 2012**

This is an appeal from the order entered November 8, 2011, dismissing Levi Lapp Stoltzfoos's PCRA petition. We affirm.

A jury found Appellant guilty of fifty-eight counts of dealing in proceeds of unlawful activities. The underlying facts reflect that between January 6, 2006 and February 11, 2006, Appellant completed fifty-eight separate cash deposits at ten different banking facilities, totaling $541,000. The deposits were made in a manner so as to avoid transaction reporting requirements. The trial court sentenced Appellant to an aggregate term of incarceration of two to ten years. Appellant filed a timely post-sentence motion, which the trial court denied. Appellant failed to file a timely notice of appeal, but filed a timely PCRA petition seeking the reinstatement of his direct appeal rights. The PCRA court granted relief and his direct appeal

ensued.  A panel of this Court, with one judge dissenting and another jurist concurring, affirmed Appellant's judgment of sentence.  ***Commonwealth v. Stoltzfoos***, 15 A.3d 542 (Pa.Super. 2010).  Our Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Stoltzfoos***, 23 A.3d 1056 (Pa. 2011).  Since Appellant did not seek review with the United States Supreme Court, his judgment of sentence became final for PCRA purposes ninety days after our Supreme Court's denial of allowance of appeal, on June 16, 2011.  ***See*** U.S. S.Ct.R. 13; 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Appellant timely filed the instant PCRA petition, and the court appointed counsel.  Counsel filed an amended petition contending that trial counsel was ineffective in failing to challenge the constitutionality of the dealing in unlawful proceeds statute as a violation of the single subject rule. The PCRA court issued a Pa.R.Crim.P. 907 notice comprehensively detailing the reasons for its dismissal without a hearing.  Thereafter, the court issued a final order denying Appellant's petition.  This appeal followed.  The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied.  The PCRA court issued a Pa.R.A.P. 1925(a) order indicating that its reasons for the dismissal could be found in its Rule 907 notice of dismissal.  The matter is now ready

- 2 -

for this Court's consideration.  Appellant's sole issue on appeal is "Whether the lower court erred in denying the Defendant's amended PCRA without holding a hearing when trial counsel was ineffective for failing to litigate that the enactment of 18 Pa.C.S.A § 5111 violated Article III § 3 of the Pennsylvania Constitution."  Appellant's brief at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa.Super. 2010).  This review is limited to the findings of the PCRA court and the evidence of record.  ***Id***.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  ***Id***.  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  ***Id***.  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa.Super. 2011).  However, we afford no such deference to its legal conclusions.  ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007).  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.  ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

Instantly, Appellant's underlying claim presents a question of law, *i.e.*, whether the dealing in unlawful proceeds statute violates the single subject

- 3 -

J-S32011-12

rule of the Pennsylvania Constitution.  The single subject rule is contained within the Pennsylvania Constitution and provides, "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or bill codifying or compiling the law or a part thereof."   Pa.Const. Art. III § 3.   Only if the statute is unconstitutional can his ineffectiveness claim succeed.  ***Commonwealth v. Dennis***, 784 A.2d 179 (Pa.Super. 2001).

Appellant argues that Act No. 2002-82, the bill containing the applicable dealing in proceeds of unlawful activities statute, "pertained to ten distinct provisions of the Crimes Code[.]" Appellant's brief at 12.  He asserts that the bill can only be classified as referring to a single subject if the subject would be classified broadly as crime and offenses.  According to Appellant, a bill wherein the subject matter encompasses the topic of crime generally is analogous to bills which have been struck down because their alleged single subject referred to municipalities.  Since the bill in question covered topics including double jeopardy, terroristic threats, bomb threats, weapons of mass destruction, possession of firearms, and wiretapping, as well as dealing in proceeds of unlawful activities, he submits that the bill violated Article III § 3.

The Commonwealth responds by adopting the learned PCRA court's discussion of the constitutionality of the applicable law.  The PCRA court opined that the bill amended ten sections of the Crimes Code and did not

- 4 -

"contain topics unrelated to a single subject.   Rather, the Court finds that [the bill] serves the single unifying purpose of amending specified sections of the Crimes Code."  PCRA Court Rule 907 Notice, 9/30/11, at 6.  The court added that the title of the bill contained each specific section of the Crimes Code that was being amended.  Accordingly, the PCRA court held that as a matter of law, the single subject rule was not violated and consequently counsel was not ineffective in failing to assert such a claim.  We agree and find the learned PCRA court decision dispositive of Appellant's issue. Accordingly, we affirm on the basis of the well-reasoned September 30, 2011 opinion of the Honorable Howard F. Knisely.

Order affirmed.

Judgment Entered.

*Mary A. Draybll*

Interim Deputy Prothonotary

Date: 6/13/2012

**Exhibit D**

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

9.8.0.2.V2PENNSYLVANIA 2002 LEGISLATIVE SERVICE
One Hundred Eighty-Fifth Regular Session of the General Assembly

Copr. © West Group 2003.  All rights reserved.

Additions are indicated by Text; deletions by
~~Text~~.  Changes in tables are made but not highlighted.

ACT NO. 2002-82
S.B. No. 1109
CRIMES AND OFFENSES--TERRORISTIC THREATS, BOMBS, FIREARMS, AND FALSE REPORTS

AN ACT Amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes, further providing for double jeopardy, for terroristic threats and for bomb threats;  providing for weapons of mass destruction; and further providing for false alarms to agencies of public safety, for false reports to law enforcement authorities, for dealing in proceeds of unlawful activities, for facsimile bombs, for interception of communications and for possessing or dealing in firearms.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

Section 1. Sections 110(1)(ii), 2706(b), (c) and (d) and 2715 of Title 18 of the Pennsylvania Consolidated Statutes are amended to read:

<< PA ST 18 Pa.C.S.A. § 110 >>

§ 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

* * *

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and ~~was~~ occurred within the ~~jurisdiction of a single court~~ same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense;  or

* * *

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

<< PA ST 18 Pa.C.S.A. § 2706 >>

§ 2706. Terroristic threats

* * *

(b) Restitution.  ~~If the building, place of assembly or facility of public trans-portation is owned or occupied by a school district, the~~ A person convicted of vio-lating this section shall, in addition to any other sentence imposed or restitution ordered under 42 Pa.C.S. § 9721(c) (relating to sentencing generally), be sentenced to pay ~~the school district~~ restitution in an amount equal to the cost of the evacu-ation, including, but not limited to ~~the~~, fire and police response;  emergency med-ical service or emergency preparedness response;  and transportation of ~~students and staff~~ an individual from the building, place of assembly or facility.

(c) Preservation of private remedies.  No judgment or order of restitution shall debar ~~the school district~~ a person, by appropriate action, to recover from the of-fender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

(d) Grading.  An offense under subsection (a) constitutes a misdemeanor of the first degree~~,~~ unless the threat causes the occupants of the building, place of as-sembly or facility of public transportation to be diverted from their normal or customary operations, in which case the offense constitutes a felony of the third degree.

* * *

<< PA ST 18 Pa.C.S.A. § 2715 >>

§ 2715. ~~Bomb threats~~ Threat to use weapons of mass destruction

(a) Offense defined.  A person who intentionally:

~~(1) places or sets a bomb;~~

~~(2) causes the placement or setting of a bomb;~~

(3) reports without factual basis of knowledge the existence or potential exist-ence of a ~~bomb~~ weapon of mass destruction;  or

(4) threatens by any means the placement or setting of a ~~bomb~~ weapon of mass de-struction;  commits an offense under this section.  A separate offense shall occur for each ~~placement or setting of a bomb or each~~ report or threat to place or set a ~~bomb~~ weapon of mass destruction.

(b) Penalty.  An offense under this section shall be graded as follows:

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

(1) Except as set forth in paragraph (2), a misdemeanor of the first degree ~~for a first offense;  or~~.

(2) If the report or threat causes the occupants of a building, place of assembly or facility of public transportation to be diverted from their normal or customary operations, a felony of the third degree ~~for a second or subsequent offense~~.

(3) A felony of the second degree if the offense occurs during a declared state of emergency and the report or threat causes disruption to the operations of any person, business entity or governmental agency where the weapon of mass destruction is reported to exist or threatened to be placed or set.

(c) Emergency response costs. ~~In~~ A person convicted of violating this section shall, in addition to any ~~fines, fees, costs~~ other sentence imposed or restitution ~~provided for by law, the court may order a person convicted~~ ordered under ~~this section to reimburse the State, county or municipal corporation for the costs incurred incident to a bomb threat for emergency response resources reasonably necessary to protect life and property.~~ 42 Pa.C.S. § 9721(c) (relating to sentencing generally), be sentenced to pay restitution in an amount equal to the cost of the evacuation, including, but not limited to, fire and police response;  emergency medical service or emergency preparedness response;  and transportation of an individual from the building, place of assembly or facility.

(c.1) Preservation of private remedies.  No judgment or order of restitution shall debar a person, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

(c.2) Application of section.  This section shall not apply to lawful conduct by a party to a labor dispute as defined in the act of June 2, 1937 (P.L. 1198, No. 308), known as the Labor Anti-Injunction Act, or to any constitutionally protected activity.

(d) ~~Definition~~ Definitions.  As used in this section, the ~~term "bomb" means an~~ following words and phrases shall have the meanings given to them in this subsection:

"Biological agent."  A natural or genetically engineered pathogen, toxin, virus, bacteria, prion, fungus or microorganism which causes infections, disease or bodily harm.

"Bomb."  An explosive device used for unlawful purposes.

"Chemical agent."  Any of the following:

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

(1) A nerve agent, including tabun (GA), sarin (GB), soman (GD), GF and VX.

(2) A choking agent, including phosgene (CG) and diphosgene (DP).

(3) A blood agent, including hydrogen cyanide (AC), cyanogen chloride (CK) and arsine (SA).

(4) A blister agent.  This paragraph includes:

(i) Mustard (H).

(ii) Sulfur mustard (HD).

(iii) HN-1.

(iv) HN-2.

(v) Sulfur mustard (HN-3).

(vi) An arsenical, such as lewisite (L).

(vii) An urticant, such as CX.

(viii) An incapacitating agent, such as B2.

(5) Any other chemical element or compound which causes death or bodily harm.

"Nuclear agent."  A radioactive material.

"Weapon of mass destruction."  A bomb, biological agent, chemical agent or nuclear agent.

Section 2. Title 18 is amended by adding a section to read:

<< PA ST 18 Pa.C.S.A. § 2716 >>

§ 2716. Weapons of mass destruction

(a) Unlawful possession or manufacture.  A person commits an offense if the person, without lawful authority to do so, intentionally, knowingly or recklessly possesses or manufactures a weapon of mass destruction.

(b) Use.  A person commits an offense if the person, without lawful authority to do so, intentionally, knowingly or recklessly sells, purchases, transports or caus-

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

es another to transport, delivers or causes to be delivered or uses a weapon of mass destruction and if such action causes any of the following:

(1) Illness or injury to another individual.

(2) Damage to or disruption of a water or food supply or public natural resources, including waterways, State forests and parks, surface water, groundwater and wildlife.

(3) Evacuation of a building, place of assembly or facility of public transportation.

(c) Grading.

(1) A first offense under subsection (a) constitutes a felony of the second degree. A subsequent offense under subsection (a) constitutes a felony of the first degree.

(2) An offense under subsection (b)(1) constitutes a felony of the first degree. If the offense results in the death of an individual, the defendant shall be sentenced to life imprisonment.

(3) An offense under subsection (b)(2) or (3) constitutes a felony of the first degree.

(d) Restitution. A person convicted of violating this section shall, in addition to any other sentence imposed or restitution ordered under 42 Pa.C.S.§ 9721(c) (relating to sentencing generally), be sentenced to pay restitution in an amount equal to the cost of the evacuation, including, but not limited to, fire and police response; emergency medical service or emergency preparedness response; and transportation of an individual from the building, place of assembly or facility.

(e) Preservation of private remedies. No judgment or order of restitution shall debar a person, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

(f) Possession. For purposes of this section, an individual shall not be deemed to be in possession of an agent if the individual is naturally exposed to or innocently infected or contaminated with the agent.

(g) Enforcement.

(1) In addition to the authority conferred upon the Attorney General under sections 205 and 206 of the act of October 15, 1980 (P.L. 950, No. 164), known as the Commonwealth Attorneys Act, the Attorney General has the authority to investigate

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

and to institute criminal proceedings for a violation of this section committed:

 (i) anywhere in this Commonwealth;

 (ii) in different counties; or

 (iii) in this Commonwealth and another jurisdiction.

 (2) Each district attorney has the authority to investigate and to institute criminal proceedings for a violation of this section.

 (h) Jurisdiction. No person charged with a violation of this section shall have standing to challenge the authority of the Attorney General under subsection (g)(1). If a challenge is made in violation of this subsection, the challenge shall be dismissed, and no relief shall be available in the courts of this Commonwealth to the person making the challenge.

 (i) Definitions. As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

 "Biological agent." A natural or genetically engineered pathogen, toxin, virus, bacteria, prion, fungus or microorganism which causes infections, disease or bodily harm.

 "Bomb." An explosive device used for unlawful purposes.

 "Chemical agent." Any of the following:

 (1) A nerve agent, including tabun (GA), sarin (GB), soman (GD), GF and VX.

 (2) A choking agent, including phosgene (CG) and diphosgene (DP).

 (3) A blood agent, including hydrogen cyanide (AC), cyanogen chloride (CK) and arsine (SA).

 (4) A blister agent. This paragraph includes:

 (i) Mustard (H).

 (ii) Sulfur mustard (HD).

 (iii) HN-1.

 (iv) HN-2.

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

(v) Nitrogen mustard (HN-3).

(vi) An arsenical, such as lewisite (L).

(vii) An urticant, such as CX.

(viii) An incapacitating agent, such as B2.

(5) Any other chemical element or compound which causes death or bodily harm.

"Nuclear agent." A radioactive material.

"Weapon of mass destruction." A biological agent, bomb, chemical agent or nuclear agent.

Section 3. Sections 4905 and 4906 of Title 18 are amended to read:

<< PA ST 18 Pa.C.S.A. § 4905 >>

§ 4905. False alarms to agencies of public safety

A person who (a) Offense defined. A person commits an offense if he knowingly causes a false alarm of fire or other emergency to be transmitted to or within any organization, official or volunteer, for dealing with emergencies involving danger to life or property commits a misdemeanor of the first degree.

(b) Grading. An offense under this section is a misdemeanor of the first degree unless the transmission of the false alarm of fire or other emergency occurs during a declared state of emergency and the false alarm causes the resources of the organization to be diverted from dealing with the declared state of emergency, in which case the offense is a felony of the third degree.

<< PA ST 18 Pa.C.S.A. § 4906 >>

§ 4906. False reports to law enforcement authorities

(a) Falsely incriminating another. A Except as provided in subsection (c), a person who knowingly gives false information to any law enforcement officer with intent to implicate another commits a misdemeanor of the second degree.

(b) Fictitious reports. A Except as provided in subsection (c), a person commits a misdemeanor of the third degree if he:

(1) reports to law enforcement authorities an offense or other incident within

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

their concern knowing that it did not occur;  or

(2) pretends to furnish such authorities with information relating to an offense or incident when he knows he has no information relating to such offense or incident.

(c) Grading.  If the violation of subsection (a) or (b) occurs during a declared state of emergency and the false report causes the resources of the law enforcement authority to be diverted from dealing with the declared state of emergency, the offense shall be graded one step greater than that set forth in the applicable subsection.

Section 4. Section 5111(a) of Title 18 is amended and the section is amended by adding a subsection to read:

<< PA ST 18 Pa.C.S.A. § 5111 >>

§ 5111. Dealing in proceeds of unlawful activities

(a) Offense defined.  A person commits a felony of the first degree if the person, knowing that the property involved in a financial transaction represents the proceeds of unlawful activity, conducts a financial transaction which involves the proceeds of unlawful activity under any of the following circumstances:

(1) With knowledge that the property involved represents the proceeds of unlawful activity, the person acts with the intent to promote the carrying on of the unlawful activity.

(2) Knowing With knowledge that the property involved represents the proceeds of unlawful activity and that the transaction is designed in whole or in part:

(i) to conceal or disguise the nature, location, source, ownership or control of the proceeds of unlawful activity, or

(ii) to avoid.

(3) To avoid a transaction reporting requirement under State or Federal law.

* * *

(e.1) Venue.  An offense under subsection (a) may be deemed to have been committed where any element of unlawful activity or of the offense under subsection (a) occurs.

* * *

Section 5. Sections 5516, 5708(1) and 6105(b) of Title 18 are amended to read:

Copr. © West 2008 No Claim to Orig. Govt. Works

Case 5:13-cv-06747-LDD   Document 12-10   Filed 03/21/14   Page 49 of 57   Page 9
2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

<< PA ST 18 Pa.C.S.A. § 5516 >>

§ 5516. Facsimile ~~bombs~~ weapons of mass destruction

(a) Offense defined.  A person commits an offense if the person intentionally, knowingly or recklessly manufactures, sells, purchases, transports or causes another to transport, delivers or causes another to deliver, possesses or uses a facsimile ~~bomb with the intent to do~~ weapon of mass destruction and by such action, causes any of the following:

(1) ~~Terrify, intimidate, threaten~~ Terrifying, intimidating, threatening or ~~harass~~ harassing an individual.

(2) ~~Cause alarm~~ Alarm or reaction on the part of any of the following:

(i) A public or volunteer organization that deals with emergencies involving danger to life or property.

(ii) A law enforcement organization.

(3) Serious public inconvenience not limited to the evacuation of a building, place of assembly or facility of public transportation.

(b) Grading.  An offense under this section is a ~~misdemeanor~~ felony of the ~~second~~ third degree.

(b.1) Restitution.  A person convicted of violating this section shall, in addition to any other sentence imposed or restitution ordered under 42 Pa. C.S.§ 9721(c) (relating to sentencing generally), be sentenced to pay restitution in an amount equal to the cost of the evacuation, including, but not limited to, fire and police response;  emergency medical service or emergency preparedness response;  and transportation of an individual from the building, place of assembly or facility.

(b.2) Preservation of private remedies.  No judgment or order of restitution shall debar a person, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

(b.3) Enforcement.

(1) In addition to the authority conferred upon the Attorney General under sections 205 and 206 of the act of October 15, 1980 (P.L. 950, No. 164), known as the Commonwealth Attorneys Act, the Attorney General has the authority to investigate and to institute criminal proceedings for a violation of this section committed:

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

   (i) anywhere in this Commonwealth;

   (ii) in different counties;  or

   (iii) in this Commonwealth and another jurisdiction.

   (2) Each district attorney has the authority to investigate and to institute criminal proceedings for a violation of this section.

  (b.4) Jurisdiction.  No person charged with a violation of this section shall have standing to challenge the authority of the Attorney General under subsection (g)(1). If a challenge is made in violation of this subsection, the challenge shall be dismissed, and no relief shall be available in the courts of this Commonwealth to the person making the challenge.

  (c) ~~Definition~~ Definitions.  As used in this section, the ~~term "facsimile bomb" means a~~ following words and phrases shall have the meanings given to them in this subsection:

  "Facsimile biological agent."  A material or substance which:

   (1) resembles in appearance and external qualities a natural or genetically engineered pathogen, toxin, virus, bacteria, prion, fungus or microorganism which causes infections, disease or bodily harm;  but

   (2) does not have the capacity to cause infectious disease or bodily harm.

  "Facsimile bomb."  A device which:

   (1) resembles in appearance and external qualities an explosive or incendiary device;  but

   (2) does not have the capability to cause an explosion or fire.

  "Facsimile chemical agent."  A material or substance which does not have the capacity to cause death or bodily harm but which resembles in appearance and external qualities any of the following:

   (1) A nerve agent, including tabun (GA), sarin (GB), soman (GD), GF and VX.

   (2) A choking agent, including phosgene (CG) and diphosgene (DP).

   (3) A blood agent, including hydrogen cyanide (AC), cyanogen chloride (CK) and arsine (SA).

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

(4) A blister agent.   This paragraph includes:

(i) Mustard (H).

(ii) Sulfur mustard (HD).

(iii) HN-1.

(iv) HN-2.

(v) Nitrogen mustard (HN-3).

(vi) An arsenical, such as lewisite (L).

(vii) An urticant, such as CX.

(viii) An incapacitating agent, such as B2.

(5) Any other chemical element or compound which causes death or bodily harm.

"Facsimile nuclear agent."  A device, material or substance which:

(1) resembles in appearance and external qualities a radioactive material;  but

(2) is not radioactive.

"Facsimile weapon of mass destruction."  A facsimile biological agent, facsimile bomb, facsimile chemical agent or facsimile nuclear agent.

<< PA ST 18 Pa.C.S.A. § 5708 >>

§ 5708. Order authorizing interception of wire, electronic or oral communications

The Attorney General, or, during the absence or incapacity of the Attorney General, a deputy attorney general designated in writing by the Attorney General, or the district attorney or, during the absence or incapacity of the district attorney, an assistant district attorney designated in writing by the district attorney of the county wherein the interception is to be made, may make written application to any Superior Court judge for an order authorizing the interception of a wire, electronic or oral communication by the investigative or law enforcement officers or agency having responsibility for an investigation involving suspected criminal activities when such interception may provide evidence of the commission of any of the following offenses, or may provide evidence aiding in the apprehension of the perpetrator or perpetrators of any of the following offenses:

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

(1) Under this title:

Section 911 (relating to corrupt organizations)

Section 2501 (relating to criminal homicide)

Section 2502 (relating to murder)

Section 2503 (relating to voluntary manslaughter)

Section 2702 (relating to aggravated assault)

Section 2706 (relating to terroristic threats)

Section 2709(b) (relating to harassment and stalking)

**Section 2716 (relating to weapons of mass destruction)**

Section 2901 (relating to kidnapping)

Section 3121 (relating to rape)

Section 3123 (relating to involuntary deviate sexual intercourse)

Section 3124.1 (relating to sexual assault)

Section 3125 (relating to aggravated indecent assault)

Section 3301 (relating to arson and related offenses)

Section 3302 (relating to causing or risking catastrophe)

Section 3502 (relating to burglary)

Section 3701 (relating to robbery)

Section 3921 (relating to theft by unlawful taking or disposition)

Section 3922 (relating to theft by deception)

Section 3923 (relating to theft by extortion)

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

Section 4701 (relating to bribery in official and political matters)

Section 4702 (relating to threats and other improper influence in official and political matters)

Section 5512 (relating to lotteries, etc.)

Section 5513 (relating to gambling devices, gambling, etc.)

Section 5514 (relating to pool selling and bookmaking)

Section 5516 (relating to facsimile weapons of mass destruction)

Section 6318 (relating to unlawful contact or communication with minor)

* * *

<< PA ST 18 Pa.C.S.A. § 6105 >>

§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

* * *

(b) Enumerated offenses.  The following offenses shall apply to subsection  (a):

Section 908 (relating to prohibited offensive weapons).

Section 911 (relating to corrupt organizations).

Section 912 (relating to possession of weapon on school property).

Section 2502 (relating to murder).

Section 2503 (relating to voluntary manslaughter).

Section 2504 (relating to involuntary manslaughter) if the offense is based on the reckless use of a firearm.

Section 2702 (relating to aggravated assault).

Section 2703 (relating to assault by prisoner).

Section 2704 (relating to assault by life prisoner).

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

Section 2709 (relating to harassment and stalking) if the offense relates to stalking.

Section 2716 (relating to weapons of mass destruction).

Section 2901 (relating to kidnapping).

Section 2902 (relating to unlawful restraint).

Section 2910 (relating to luring a child into a motor vehicle).

Section 3121 (relating to rape).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3125 (relating to aggravated indecent assault).

Section 3301 (relating to arson and related offenses).

Section 3302 (relating to causing or risking catastrophe).

Section 3502 (relating to burglary).

Section 3503 (relating to criminal trespass) if the offense is graded a felony of the second degree or higher.

Section 3701 (relating to robbery).

Section 3702 (relating to robbery of motor vehicle).

Section 3921 (relating to theft by unlawful taking or disposition) upon conviction of the second felony offense.

Section 3923 (relating to theft by extortion) when the offense is accompanied by threats of violence.

Section 3925 (relating to receiving stolen property) upon conviction of the second felony offense.

Section 4912 (relating to impersonating a public servant) if the person is impersonating a law enforcement officer.

Section 4952 (relating to intimidation of witnesses or victims).

Copr. © West 2008 No Claim to Orig. Govt. Works

2002 Pa. Legis. Serv. Act 2002-82 (S.B. 1109) (PURDON'S)
(Publication page references are not available for this document.)

Section 4953 (relating to retaliation against witness or victim).

Section 5121 (relating to escape).

Section 5122 (relating to weapons or implements for escape).

Section 5501(3) (relating to riot).

Section 5515 (relating to prohibiting of paramilitary training).

Section 5516 (relating to facsimile weapons of mass destruction).

Section 6110.1 (relating to possession of firearm by minor).

Section 6301 (relating to corruption of minors).

Section 6302 (relating to sale or lease of weapons and explosives).

Any offense equivalent to any of the above-enumerated offenses under the prior
laws of this Commonwealth or any offense equivalent to any of the above-enumerated
offenses under the statutes of any other state or of the United States.

\* \* \*
Section 6. This act shall take effect in 60 days.

Approved June 28, 2002.

PA LEGIS 2002-82

END OF DOCUMENT

Copr. © West 2008 No Claim to Orig. Govt. Works

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY  that I have this day served a true and correct copy of the foregoing

Brief for Appellant upon the person set forth below and in  the manner indicated:

    By First Class Mail, Postage Pre-Paid:

        Craig Stedman, Esquire
        Office of the District Attorney
        Lancaster County Courthouse
        50 North Duke Street
        P.O. Box 83480
        Lancaster, PA  17608-3480


EAGER, STENGEL, QUINN & SOFILKA

Date: 3/12/12        By: _____
                         Vincent J. Quinn, Esquire
                         Attorney for Appellant
                         Atty. I.D. No. 26113
                         1347 Fruitville Pike
                         Lancaster, PA  17601
                         (717) 290-7971

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT


COMMONWEALTH OF PENNSYLVANIA    :
                                :
                -v-             :        2148 MDA 2011
                                :
LEVI LAPP STOLTZFOOS            :


## AMENDED CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that I have this day served a true and correct copy of the

Petition for Allowance of Appeal upon the person set forth below and in the manner

indicated:

By First Class Mail, Postage Pre-Paid:

> Andrea F. McKenna
> Senior Deputy Attorney General
> Office of the Attorney General
> 16[th] Floor, Strawberry Sqare
> Harrisburg, PA 17120


EAGER, STENGEL, QUINN & SOFILKA

DATE: 7/12/12

BY: _____

Vincent J. Quinn
Attorneys for Petitioner
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971
Atty. I.D. No. 26113

*RECEIVED*

JUL 16 2012

*Appeals & Legal
Services Section*