IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVI LAPP STOLTZFOOS | : | |
|     Plaintiff, | : | Civil Action |
| | : | |
|     v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | No. 13-6747 |
|     Defendants | : | |

## REPORT AND RECOMMENDATION

Richard A. Lloret                                                                                  March 31, 2015
U.S. Magistrate Judge

Before me is a Petition for Writ of Habeas Corpus[1] filed pursuant to 28 U.S.C. §2254. Petitioner Levi Stoltzfoos ("Stoltzfoos") is currently incarcerated at Wernersville Correctional Center, where he is serving an aggregate sentence of two to ten years in a state correctional facility following his conviction of 58 counts of conducting a financial transaction to avoid a reporting requirement under state or federal law in violation of 18 Pa.C.S. § 5111(a)(3). He was also assessed a civil penalty of $540,200.00. Stoltzfoos claims that 18 Pa.C.S. § 5111(a)(3), dealing in proceeds of unlawful activities, is unconstitutional, and argues his trial counsel was ineffective for failing to litigate a constitutional challenge to the statute. I find these claims are meritless and respectfully recommend that his petition for habeas relief be denied.

---

[1] This case was transferred from the Middle District of Pennsylvania pursuant to an Order from the Honorable William W. Caldwell. *See* Order of November 7, 2013, Doc. No. 1, Exhibit 1, at 2. The Petitioner's initial habeas petition is found at "Attachment 1" on the ECF system. Petitioner's brief in support of his habeas petition is found at "Attachment 2" on the ECF system.

1

I.  **FACTUAL AND PROCEDURAL HISTORY**

Stoltzfoos is in prison as the result of crimes he committed in Lancaster County between January 6, 2006 and February 11, 2006. The state Superior Court summarized the facts leading to Stoltzfoos convictions as follows:

> Between January 6, 2006 and February 11, 2006 [Appellant] made fifty-eight cash deposits, totaling five-hundred, forty-one thousand, one-hundred dollars ($541,000.00) to ten different banks. Specifically, the following deposits were made on the given days:
>
> <u>January 6 & 7, 2006:</u>
> 1. Bank of Lancaster County $9,900.00
> 2. Sovereign Bank $9,900.00
> 3. Northwest Savings Bank $9,900.00
> 4. National Penn Bank $9,900.00
> 5. Ephrata National Bank $9,900.00
> 6. M&T Bank $9,900.00
>
> <u>January 14, 2006:</u>
> 7. Coatesville Savings Bank $9,900.00
> 8. Bank of Lancaster County $9,900.00
> 9. Sovereign Bank $9,900.00
> 10. Susquehanna Bancshares, Inc. $9,700.00
> 11. Northwest Savings Bank $9,900.00
> 12. National Penn Bank $9,900.00
> 13. Fulton Savings Bank $9,900.00
> 14. Ephrata National Bank $9,900.00
> 15. M&T Bank $9,900.00
> 16. Graystone Bank $9,900.00
>
> <u>January 19, 2006:</u>
> 17. Northwest Savings Bank $9,900.00
> 18. National Penn Bank $9,900.00
> 19. Ephrata National Bank $9,900.00
> 20. M&T Bank $9,900.00
> 21. Graystone Bank $9,900.00
> 22. Susquehanna Bancshares, Inc. $9,900.00
>
> <u>January 20, 2006:</u>
> 23. Bank of Lancaster County $9,900.00
> 24. Sovereign Bank $9,900.00
> 25. Fulton Savings Bank $9,900.00

January 21, 2006:
26. Coatesville Savings Bank $9,500.00
27. Bank of Lancaster County $9,500.00
28. Sovereign Bank $9,000.00
29. Susquehanna Bancshares, Inc. $9,000.00
30. Northwest Savings Bank $9,500.00
31. National Penn Bank $9,000.00
32. Fulton Savings Bank $9,000.00
33. Ephrata National Bank $9,500.00
34. M&T Bank $9,000.00
35. Graystone Bank $9,000.00

January 27, 2006:
36. Bank of Lancaster County $9,000.00

January 28, 2006:
37. Coatesville Savings Bank $9,000.00
38. Sovereign Bank $9,000.00
39. Susquehanna Bancshares, Inc. $9,000.00
40. Northwest Savings Bank $9,000.00
41. National Penn Bank $9,000.00
42. Fulton Savings Bank $9,000.00
43. Ephrata National Bank $9,000.00
44. M&T Bank $9,000.00
45. Graystone Bank $9,000.00

February 4, 2006:
46. Coatesville Savings Bank $9,000.00
47. Bank of Lancaster County $9,000.00
48. Sovereign Bank $9,000.00
49. Northwest Savings Bank $9,000.00
50. National Penn Bank $9,000.00
51. Fulton Savings Bank $6,600.00
52. M&T Bank $9,000.00

February 11, 2006:
53. Coatesville Savings Bank $5,200.00
54. Bank of Lancaster County $9,000.00
55. Susquehanna Bancshares, Inc. $9,000.00
56. National Penn Bank $9,900.00
57. Fulton Savings Bank $9,000.00
58. Graystone Bank $10,000.00

> [Appellant] was charged, under Information 5995-2006, with 58 counts of dealing in proceeds of unlawful activity. Prior to trial, the Commonwealth filed its Motion for Court to Take Notice of Federal Law and Regulation. The [court] granted the Commonwealth's motion [on] June 5, 2007. [Appellant] filed his Omnibus Pretrial Motion on May 14, 2007. In relevant part, [Appellant's] motion included a motion to quash counts 1 through 58 based on 18 Pa.C.S. § 5111(a)(3) not containing a *mens rea* element. The [c]ourt heard argument regarding the pretrial motions prior to trial on May 5, 2008. The [c]ourt denied [Appellant's] motion and referred to 18 Pa.C.S. [§] 302(c), which directs the use of an intentional, knowing, or reckless culpability element when the culpability element sufficient to establish a material element of an offense is not prescribed by law. Following trial, a jury convicted Appellant of all fifty-eight (58) counts of dealing in proceeds of unlawful activities. On July 22, 2008, the court sentenced the Appellant to an aggregate term of two (2) to ten (10) years of imprisonment.

*See Commonwealth v. Stoltzfoos*, 30 MDA 2009, at 1-4 (Pa. Super. Oct. 26, 2010) (citations omitted).

On direct appeal, Stoltzfoos was represented by the Lancaster County Public Defender's Office. His sentence was upheld by the Pennsylvania Superior Court on October 26, 2010. Judge Ford-Elliot filed a dissenting opinion, where she found that 18 Pa.C.S. § 5111 was unconstitutionally overbroad and argued "the majority disregards the statute's actual purpose." *See id.* at 3 (Ford-Elliot J., dissenting).

Stoltzfoos sought an appeal to the Pennsylvania Supreme Court which was summarily denied on June 16, 2011. *See Commonwealth v. Stoltzfoos*, 854 MAL 2010 (Pa. June 16, 2011). Stolzfoos then filed for PCRA relief. The lower court, finding that the petition presented no material issues of fact, moved to dismiss the PCRA petition by order of February 3, 2012. Court appointed counsel filed a brief on March 9, arguing trial counsel was ineffective for failing to litigate the constitutionality of 18 Pa.C.S. § 5111[2]. *See* Commonwealth's Response to Habeas Corpus Petition, Doc. No. 12, Appendix F, at 4 ["Com. Resp."]. Stoltzfoos claimed that Act 2002-82, which amended the state's

---

[2] The gist of which centered on 18 Pa.C.S. § 5111 supposed violation of Article III Section 3, also known as the "single subject rule." *See* Com. Resp., at 8 n. 9.

4

Crimes Code, included a number of different topics which had "nothing to do with dealing in proceeds of unlawful activities. *Id.* at 12. As such, it was in violation of the single subject rule. *Id.* In reviewing the trial court's PCRA finding, the Superior Court held that because the lower court found the single subject rule was not violated, his trial court counsel could not be ineffective.[3] *See Commonwealth v. Stoltzfoos*, 2148 MDA 2011, 4-5 (Pa. Super. June 13, 2012). Petitioner appealed his PCRA ruling to the Supreme Court and was denied review on October 31, 2012. *See Commonwealth v. Stoltzfoos*, 517 MAL 2012 (Pa. Oct. 31, 2012).

This petition followed. Petitioner argues three points: 1) 18 Pa.C.S. § 5111(a)(3) is unconstitutional, 2) his counsel was ineffective for failing to challenge the legality of the statute, and 3) the statute violates the single subject rule. *See* Habeas Petition, Doc. No. 1, Attachment 1, at 6-9 ["Habeas Petition"]; *see also* Com. Resp. at 9-10. Upon review of the Petition and the Commonwealth's response, I ordered supplemental briefing on the overbreadth issue. *See* Order of February 25, 2015, Doc. No. 17. The Commonwealth filed a supplemental brief on March 18, 2015. *See* Commonwealth's Supplemental Brief, Doc. No. 19.

## II. STANDARD OF REVIEW

This petition for habeas corpus has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 2254 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). It is a well settled that a state prisoner must exhaust all of his claims by "giv[ing] the state

---

[3] "The PCRA court opined that the bill amended ten sections of the Crimes Code and did not 'contain topics unrelated to a single subject. Rather, the Court finds that [the bill] serves the single unifying purpose of amending specified sections of the Crimes Code." *See Commonwealth v. Stoltzfoos*, 2148 MDA 2011, 5 (Pa. Super. June 13, 2012) (citing PCRA Court Rule 907 Notice, 9/30/11, at 6).

5

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). *See also* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of the state judicial proceedings. *See Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille*, 109 S.Ct. at 1059 (1989). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. See *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993)) ("[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court").

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the U.S. Supreme Court held that federal courts should not reach an alleged violation of federal law on habeas review if the state court's decision rests on an independent and adequate state ground.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011). The doctrine applies whether the default occurred at trial, on appeal, or during collateral proceedings. *Edward v. Carpenter*, 529 U.S. 446, 451

(2000); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007) (state appellate rule establishing time limits for reopening an appeal); *Cotto v. Herbert*, 331 F.3d 217 (2d Cir. 2003) (examination of state contemporaneous objection rule).

A failure to exhaust claims can lead to procedural default. As the Court of Appeals explained in *Rolan v. Coleman,* 680 F.3d 311, 317 (3d Cir. 2012), *cert. denied,* 133 S.Ct. 669 (2012):

> [p]rocedural default occurs when a claim has not been fairly presented to the state courts (i.e., is unexhausted) and there are no additional state remedies available to pursue, *see Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001); or when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule, *see McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

*Rolan*, 680 F.3d at 317. With regard to claims that are not procedurally defaulted, I must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d) (2006).

### III.   DISCUSSION

Here, Stoltzfoos has filed a habeas corpus petition challenging the constitutionality of the statute under which he was convicted, and asserts an ineffective assistance of counsel claim based on an alleged failure to challenge that statute. I will split the first claim into two sections, the first discussing overbreadth allegations and the second dealing with the "single-subject rule."

### a.  18 Pa.C.S. § 5111(a)(3) is not overbroad.

With regards to the first argument, the Commonwealth initially wrote that "the state courts were never put on notice that Stoltzfoos was submitting a federal claim."

7

Com. Resp. at 20. In support of this statement, the Commonwealth argued that "the argument that followed [in Stoltzfoos' brief to the Superior Court] consisted solely of a discussion of state case law and the state constitution." *See id.* (citing Com. Resp. Appendix A.2 at 50-53). This would mean that the Petitioner never put the state courts on notice that he was pursuing a federal claim. *Id.*

This is incorrect. The Superior Court brief cites two United States Supreme Court opinions along with a substantive discussion of privacy rights in a lengthy footnote. *Id.* In one citation, Stoltzfoos argues that Pennsylvania recognizes a privacy right in an individual's financial records. *Id.* at 51; c*ompare Commonwealth v. DeJohn*, 403 A.2d 1283, 1291 (Pa. 1979) (noting that under Article I, Section 8 of the Pennsylvania Constitution, bank customers are entitled to "privacy in records pertaining to their affairs kept at the bank") *with United States v. Miller*, 425 U.S. 435, 440 (1976) (refusing to acknowledge a right to privacy in bank records). The second citation discusses the standards for infringing upon a constitutional right. *See* Comp. Resp. App. A.2 at 52 (citing *Carey v. Pop. Serv.*, 431 U.S. 678, 686 (1977) (holding that where a law infringes upon a constitutional right, the law is "justified only by compelling state interest, and must be narrowly drawn to express those interests")). The Commonwealth recognized in later briefing on the PCRA appeal that "[i]t is a matter of record that trial counsel did not raise [the constitutionality of 18 Pa.C.S. § 5111(a)(3)], but instead raised the claims that the statute violated the *federal constitution* in that it was overbroad and void for vagueness. (These constitutional claims were rejected on direct appeal)." *See* Com. Resp. Appendix G. at 5 (citing *Commonwealth v. Stoltzfoos*, No. 30 MDA 2009 (Pa. Super. Oct. 25, 2010) (Ford-Eliot, J., dissenting)) (emphasis added).

8

I ordered supplemental briefing on the issue.[4] The Commonwealth filed a brief on the subject on March 18, 2015.

### i.     The standard of review for the overbreadth claim is *de novo.*

If a state court has adjudicated a raised claim on the merits, no relief can be granted by the federal courts unless that decision resulted in an unreasonable application of "clearly established Federal law." *See* Com. Supp. Br. at 4 (citing 28 U.S.C. § 2254(d)(1)). An adjudication on the merits may occur at any level in the state courts, but that ruling "must fully resolve the claim." *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). This requires the state court's resolution of that claim to have a preclusive effect. *See id.* (citations omitted).

The Court of Appeals for the Third Circuit held in *Chadwick v. Janecka*, 312 F.3d 597 (3d Cir. 2002) that if a claim has not been decided by the state courts, "the restrictive standards of §2254(d) [do] not apply." *See* 312 F.3d at 605 (citations omitted). Thus, I am left to decide the federal overbreadth claim under the *de novo* standard of review. *See Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001) (citing *Weeks v. Angelone*, 176 F.3d 249, 258 (4th Cir. 1999) *aff'd*, 528 U.S. 225 (2000) ("When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo.")).

---

[4] As the Commonwealth notes in its supplemental brief, "[t]he state court elected not to address the federal constitutional argument, however, and instead dismissed the claim on state grounds." *See* Com. Supp. Br. at 5.

9

### ii. Even under a *de novo* review standard, Stoltzfoos' challenge is meritless.

I see no merit in the argument that 18 Pa.C.S. § 5111(a)(3) is so inadequately tailored that it infringes or prohibits constitutionally protected conduct. 18 Pa.C.S. § 5111(a)(3) prohibits structuring "financial transactions"[5] in order to avoid state and/or federal reporting requirements. Stoltzfoos argues this provision is statutorily overboard because someone seeking to deposit honest, hard-working funds but still trying to avoid transaction reporting requirements would be unfairly punished under this law. *See* Petitioner's Memorandum of Law, at 6-7. As the Commonwealth summarizes, the Petitioner "contends that there is no compelling state interest in punishing a person who knowingly evades the reporting requirements and the statute prohibits constitutionally protected activity." *See* Com. Supp. Br. at 7.

In *Broadrick v. Oklahoma*, 413 U.S. 601 (1973), the United States Supreme Court elaborated the standards for evaluating overbreadth issues. Any overbreadth claims must "not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* at 615. There are two main concerns in evaluating an overbreadth claim: 1) limitations of language and 2) the measure of deference a court should give elected representatives. *See id.* at 607-08, 613.

Invalidating a statute for overbreadth is a rare action and can only be used as a last resort. *See Broadrick*, 413 U.S. at 613. Nor is it something courts should "casually employ." *See Los Angeles Police Dept. v. United Reporting Publishing Corp.*, 528 U.S. 32, 39 (1999). The burden rests squarely on the defendant to demonstrate the presence

---

[5] A financial transaction, defined by the statute, requires "[a] transaction involving the movement of funds by wire or other means or involving one or more monetary instruments." *See* 18 Pa.C.S. § 5111(f).

10

of substantial facial overbreadth. *See Virginia v. Hicks*, 539 U.S. 113, 122 (2003) (citing *New York State Club Assn., Inc. v. New York*, 487 U.S. 1, 14 (1988)); *see also Free Speech Coalition, Inc. v. Holder*, 957 F. Supp. 2d 564, 593 (E.D. Pa. 2013).

Our Circuit Court outlines four factors necessary to make a facial overbreadth determination. These include "1) the number of valid applications, 2) the historic or likely frequency of conceivably impermissible applications, 3) the nature of the activity or conduct sought to be regulated, and 4) the nature of the state interest underlying the regulation." See *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 226 (3d Cir. 2004). The first two *Gibson* factors must be compared to each other. *Id.*

> The Commonwealth examines these first two factors side-by-side, noting that
>
> Evaluating this language against the *Gibson* factors, it is clear that [18 Pa.C.S. §5111(a)(3)] does not reach a substantial amount of constitutionally protected conduct. The statute does not punish someone for making a routine cash deposit. Instead, it was enacted in order to prevent one from evading established banking reporting requirements, which, in this case involved completion of Currency Transaction Reports ("CTRs") for a cash transaction exceeding $10,000.

*See* Com. Supp. Br. at 9. The aim of enacting these rules was not to punish regular depositors, but individuals seeking to "split up a cash hoard in such a way as to defeat the government's efforts to identify money launderers." *See id.* (citing *United States v. Davenport*, 929 F.2d 1169, 1172-73 (7th Cir. 1991); *cf.* Courtney J. Linn, *Redefining the Bank Secrecy Act: Currency Reporting and the Crime of Structuring*, 50 SANTA CLARA L. REV. 407, 436-49 (2010) (discussing the purpose and intent of the federal anti-structuring statute). There is no ordinary economic purpose served by breaking up deposits into $9,000 or $9,900 increments. The only common-sense purpose of this activity is to avoid the $10,000 reporting requirement. There is no dispute that avoidance of reporting was what motivated Stoltzfoos here.

11

Next, the Commonwealth concedes that the title of the statute demonstrates that it was aimed at punishing individuals who conducted financial transactions with money derived from unlawful activities. Com. Supp. Br. at 10. According to the Commonwealth, however, the title of the statute is not dispostive. *See id.* They note that "the statute at 18 Pa. C.S. [§]5111(a)(3) clearly defines the conduct that it seeks to prohibit, namely, engaging in a transaction specifically designed to avoid state or federal reporting requirements. It does not require that the funds at issue be derived from criminal activity." *See id.* at 11. Further, the action of structuring the transaction is the "thrust" of the statute, not the source of the funds themselves. *Id.*

Petitioner argues that *Ratzlaf v. United States*, 510 U.S. 135 (1994) and *United States v. Ismail*, 97 F.3d 50 (4th Cir. 1996) support his position. In *Ratzlaf*, the Supreme Court found that the "willfulness" language in that iteration of the federal structuring statute required proof the defendant knew 1) the bank's duty to report cash transactions of $10,000 or more *and* 2) his duty not to avoid triggering that transaction. *See* 510 U.S. at 146-47. As the Commonwealth notes, this version of the federal transaction reporting requirement was amended by Congress in 1996 to remove any reference to "willfulness." *See* Com. Supp. Br. at 12 (citing Pub. L. No. 103-325 § 411, 108 Stat. 2160, 2253 (1994) *codified at* 31 U.S.C.A. § 5322(a) (1996)). More importantly, *Razlaf* interpreted a federal statute, not the Pennsylvania statute at issue here. It has nothing to do with the question of whether the Pennsylvania statute is overbroad.

Petitioner's reliance on *Ismail* is similarly misplaced. That Fourth Circuit case summarized the changes in *Ratzlaf*, noting that Congress "within months of the *Ratzlaf* opinion, eased the government's burden by enacting legislation that removes the 'willfulness' requirement with respect to the crime of structuring. Thus, in the future,

12

the Government will not have to prove that defendants knew that structuring is illegal to establish a violation of § 5324." *See* 97 F.3d at 56 (citations omitted). The Petitioner cites to *Ismail* favorably, trying to piece together an argument that the case lends some credence to his position. *See* Habeas Petition, at 9. As this conduct occurred in 2006 and was a violation of Pennsylvania, not federal, law, *Ismail* is of no help to the Petitioner.

The 58 different deposits over a five week period admittedly were designed to circumvent federal and state reporting requirements. Stoltzfoos himself, in correspondence with this court, claims that he was seeking to "avoid" these reporting requirements: "While it is true I avoided the paperwork (in fact [,] I tried to avoid the paperwork), it is also true that I did not know you could not avoid the paperwork." *See* Letter to United States Magistrate Judge Richard A. Lloret, Doc. No. 16, at 1.[6] Even under the *de novo* review afforded to the Petitioner, he is not entitled to relief.

### iii. Overbreadth as it applies to Due Process rights is similarly inapplicable.

A law may be overbroad if it "prohibits constitutionally protected conduct." *Grayned v. Rockford*, 408 U.S. 104, 114 (1972). Overbreadth concerns are founded on the possibility that third parties may not exercise constitutionality protected rights due to apprehension over criminal sanctions arising from overbroad statutes. *See Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 629, 634 (1980). The overbreadth doctrine usually applies to First Amendment cases implicating non-commercial speech. *Id.*

Stoltzfoos's habeas petition alleges violations of his privacy rights because Pennsylvania acknowledges "a legitimate expectation of privacy in banking records." *See*

---

[6] I note that ignorance of the law is usually no defense to criminal charges. *See Cheek v. United States*, 498 U.S. 192, 199 (1991).

13

Habeas Petition, Exhibit B, at 9 (citing *Commonwealth v. DeJohn*, 403 A.2d 1283, 1291 (Pa. 1979)). In his initial appeal brief to the Pennsylvania Superior Court, Petitioner discussed the overbreadth doctrine in the context of the Fifth and Fourteen Amendments to the United States Constitution. *See* Com. Resp. Appendix A.2 at 50 n. 13. The Supreme Court has acknowledged protected privacy rights in a variety of contexts. *See id.* (citing *H.L. Matheson*, 450 U.S. 398, 434 (1981) (Marshall, Brennan, and Blackmun, JJ., dissenting); *United States v. Caldwell*, 408 U.S. 665, 716-19 (1972) (Douglas, J. dissenting)).

The United States Supreme Court does not acknowledge a privacy right in bank records. *See United States v. Miller*, 425 U.S. 435, 442-43 (1976). "[U]nder Article I, Section 8 of the Pennsylvania Constitution bank customers have a legitimate expectation of privacy in records pertaining to their affairs kept at the bank." *See DeJohn*, 403 A.2d at 1291. The court in *DeJohn* was careful to explain that banks "could always be compelled to turn over customer's records when served with a valid search warrant or some other type of valid legal process, such as a lawful subpoena." *Id.* Assuming that Petitioner is arguing that a privacy right acknowledged under Pennsylvania law may generate a federal due process claim – an assumption not addressed by Petitioner - Petitioner's claim collapses because there was no breach of his privacy rights under Pennsylvania law. Search warrants factored into investigating, and later charging, the Petitioner with crimes under 18Pa.C.S. § 5111(a)(3). *See* Com. Resp. Appendix B, at 3 (internal citations omitted) (emphasis added). Regardless of Pennsylvania's recognized privacy interest in bank records, investigating agents secured search warrants of various accounts and executed those warrants in the course of investigating Stoltzfoos' conduct. *See id.* at 3 (noting search warrants executed on

14

various financial institutions); 5 (noting search warrants executed on Petitioner's residence).

The statute in question does not suffer from overbreadth arising from a federal privacy right, because there is no federal right of privacy in banking records. *See Miller*, 425 U.S. at 443. While privacy rights are recognized in Pennsylvania pursuant to the *Commonwealth v. DeJohn*, 403 A.3d 1283 (Pa. 1979) decision, those rights are not immune from judicially-approved search warrants. *See Commonwealth v. Rekasie*, 778 A.2d 624, 627-28 (Pa. 2001). Petitioner's argument that the statute is overbroad because it potentially impinges on his privacy rights in bank records is without merit.

### b. Petitioner's challenge to 18 Pa.C.S. § 5111(a)(3) on single-subject rule grounds is solely grounded in state law considerations.

Found in the Pennsylvania Constitution, the single subject rule states that "[n]o bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or bill codifying or compiling the law or a part thereof." Pa. Const. Art. III § 3. The Commonwealth argues that Stoltzfoos' claim that 18 Pa. C.S. § 5111(a)(3) violates that rule is grounded solely in state law and fails to present a cognizable federal claim. *See* Com. Resp. at 20-21. In *Priester v. Vaughn*, 382 F.3d 394 (3d Cir. 2004) the Court of Appeals held that a court conducting a review of a habeas claim cannot disrupt state court determinations of state law questions.

In *Priester*, the petitioner was charged and convicted of first degree murder following a shooting at a playground. *Id.* 396. One of petitioner's arguments was that the jury instruction regarding accomplice liability was incorrect and this unfairly burdened the petitioner's Due Process right to conviction upon proof beyond a reasonable doubt. *Id.* at 402. The state courts determined that the instructions to the jury during the

15

murder trial were correct as a matter of state law. *Id.* The Court of Appeals for the Third Circuit held that because the issue of jury instructions had been "squarely addressed" by the Pennsylvania Supreme Court, the Third Circuit could not reexamine those determinations on state law questions. *Id.* (citing *Commonwealth v. Thompson*, 674 A.3d 217, 222-23 (Pa. 1996); *Commonwealth v. Chester*, 587 A.3d 1367, 1384 (Pa. 1991)).

Here, the Superior Court, upon review of Stoltzfoos' PCRA application, sided with the PCRA trial court, holding there was no violation of the single subject rule. Instead, 18 Pa.C.S. § 5111(a)(3) "serve[d] the single unifying purpose of amending specified sections of the Crimes Code." *See Commonwealth v. Stoltzfoos*, 2148 MDA 2011, at 5 (Pa. Super. June 13, 2012) (citations omitted). The Superior Court continued that "the PCRA court held that as a matter of law, the single subject rule was not violated. . . ." *Id.* Given the findings by the state courts on this state law doctrine and the holding in *Priester*, Stoltzfoos' argument is without merit.

### c. Petitioner's ineffective assistance of counsel claim is without merit

Stoltzfoos' final claim is that his attorney was ineffective. His argument consumes just a few lines at the end of his memorandum. He argues that "after submitting all of the evidence to counsel of record, and demanding that counsel challenge the constitutionality of the statute that this Petitioner's [sic] was charged under and counsel's failure to do so, denied this Petitioner his constitutional right of Equal Protection of the Law and the right to Due Process." *See* Petition for Writ of Habeas Corpus and Memorandum of Law, Doc. No. 1, Attachment 2, at 9. The Commonwealth argues that this portion of the memorandum is insufficient and that "merely asserting legal conclusions does not fulfill the requirements of Rule 2(c) of the Rules Governing

16

Section 2254 Cases." *See* Com. Resp. at 22. While I agree with the Commonwealth that these allegations are insufficient to raise a colorable federal claim, and recommend they be dismissed because they are insufficiently pled, I will also provide some explanation why Petitioner's challenge must fail, even if he were to elaborate his pleadings.

The Commonwealth argues that Stoltzfoos' ineffective assistance claim is unexhausted. *See id.* I agree. I have discussed exhaustion requirements earlier in this Report and Recommendation, but recite some of the standards briefly. An application for a writ of habeas corpus cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(1). The burden of demonstrating exhaustion rests on the petitioner. *See Toulson v.* Beyer, 987 F.2d 984, 987 (3d Cir. 1993). Exhaustion requirements are meant to give state courts the first chance to review any federal constitutional challenges to state convictions. *See Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992). These claims must be fairly presented to the state courts to allow the chance for those courts to correct any constitutional violations. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A fair presentation requires a petitioner to present these claims through "one complete round of the State's established appellate review process." *See O'Sullivan v. Boerkel*, 526 U.S. 838, 842 (1999).

Stoltzfoos' ineffective assistance of counsel argument is as unclear as it is brief.[7] Petitioner is incorrect in asserting that his counsel at trial "failed" to challenge the constitutionality of the statute. According to briefing in the Superior Court, his counsel *did* challenge the constitutionality of the statute. *See* Com. Resp., Appendix D, at 5. His

---

[7] His argument regarding the ineffective assistance claim states, in total, that "after submitting all of the evidence to counsel of record, and demanding that counsel challenge the constitutionality of the state that this Petitioner's [sic] was charged under and counsel's failure to do so, denied his constitutional right of Equal Protection of the Law and right to Due Process." *See* Habeas Br. at 9.

17

counsel argued during a preliminary hearing at the trial court level that the statute was overbroad in that it "did not criminalize only those who were depositing the proceeds of unlawful activities. . . ." *Id.* (citation omitted). The trial court rejected those arguments. *Id.* at 6. During a review of the Petitioner's PCRA petition, the Superior Court denied Stoltzfoos' ineffectiveness claim. That claim was grounded in his counsel's failure to challenge the constitutionality of the dealing in unlawful proceeds statute on single-subject rule grounds. *See Commonwealth v. Stoltzfoos*, No. 2148 MDA 2011, at 6 (Pa. Super. June 13, 2012). The lone claim argued during the PCRA litigation was that "trial counsel was ineffective for failing to litigate that the enactment of 18 Pa. C.S.A. § 5111 violated [the single subject rule] of the Pennsylvania Constitution." See Com. Resp. Br., Appendix F, at 4. Stoltzfoos' failure to raise an ineffectiveness claim, based on counsel's failure to make an overbreadth argument, in the PCRA petition means the claim is unexhausted, having not been presented to the state court. Of course, such a claim, had it been presented, would have been as meritless then as it would be now, since counsel obviously did make an overbreadth challenge to the statute in the criminal proceeding.

Stoltzfoos' ineffective assistance of counsel claim, if based on the single-subject rule, could only succeed if the statute itself were deemed unconstitutional. *Commonwealth v. Dennis*, 784 A.2d 179, 182 (Pa. Super. 2001). Counsel cannot be deemed ineffective for failing to assert meritless arguments. *Commonwealth v. Gaskins*, 692 A.2d 224, 228 (Pa. Super. 1997). Federal law is the same: "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). In disposing of the single-subject attack, the Superior Court held that because the statute was constitutional, as a matter of state law, there could be no ineffectiveness claim. *See*

18

*Commonwealth v. Stoltzfoos*, No. 2148 MDA 2011, at 5-6 (Pa. Super. June 13, 2012). As I have pointed out previously, there can be no review of this state law determination here. Even if the issue were somehow litigable here, the AEDPA requires wide deference to state court conclusions. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The state court's application of the *Strickland* standard must be "unreasonable," not just incorrect, before relief can be granted. *Id.* at 129 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The Pennsylvania court's application of *Strickland* was not unreasonable. It was correct. Hence, Stoltzfoos can have no ineffective assistance claim based on the single-subject rule.

In summary (a) an ineffectiveness claim based on overbreadth is both unexhausted and obviously meritless, and (b) an ineffectiveness claim based on the single-subject rule is meritless, both because it would require me to overturn the Pennsylvania court's interpretation of its own law, something I cannot do, and because the denial of Stoltzfoos' ineffectiveness claim was not an unreasonable determination by the Pennsylvania courts.

As I mentioned, I also agree with the Commonwealth's argument that Stoltzfoos' ineffective assistance argument does not even present a federal question. "A passing reference to equal protection and due process, without more, does not constitute a federal question." *See* Com. Resp. at 23.

### R E C O M M E N D A T I O N

I recommend that Stoltzfoos' habeas petition be dismissed with prejudice. I further recommend that no certificate of appealability issue, under 28 U.S.C. § 2253(c)(1)(A), because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner may file objections to this

19

Report and Recommendation within fourteen days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See *Leyva v. Williams*, 504 F.3d 357, 364 (3d Cir. 2007).

**BY THE COURT:**


 *s/Richard A. Lloret*_____
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**