IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVI LAPP STOLTZFOOS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN E. WETZEL, et al. | : | |
| | : | No. 13-cv-6747 |

ORDER

AND NOW, this 27th day of February 2017, upon careful and independent consideration of Petitioner Levi Lapp Stoltzfoos's Petition for a Writ of Habeas Corpus (Doc. No. 1), the Report and Recommendation of United States Magistrate Judge Richard A. Lloret (Doc. No. 21), and Petitioner's objections thereto (Doc. No. 42), it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation are OVERRULED.
2. The Report and Recommendation is APPROVED and ADOPTED.
3. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.
4. A certificate of appealability SHALL NOT issue, in that the Petitioner has not demonstrated that reasonable jurists would find the correctness of the procedural aspects of this ruling debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
5. The Clerk of Court is directed to close this matter for statistical purposes.

I.  Background

Over the course of several weeks in January and February 2006, Petitioner made cash deposits totaling $541,100 at ten different Pennsylvania banks. R. & R. (Doc. No. 21), at 2. He deposited the money in fifty-eight separate transactions, almost all of which were between nine and ten thousand dollars. *Id.*, at 2–3. In doing so, Petitioner evaded reporting requirements

1

imposed on banks by federal law; the regulations require all cash deposits exceeding ten thousand dollars to be reported. *See* 31 C.F.R. § 1010.311.

A jury convicted Petitioner of fifty-eight counts of dealing in proceeds of unlawful activity, in violation of 18 Pa. Cons. Stat. § 5111(a)(3).[1] R. & R., at 4. Petitioner appealed his conviction, which was affirmed by the Pennsylvania Superior Court in 2010; an appeal to the Pennsylvania Supreme Court was summarily denied. *Id.* Petitioner filed a series of collateral challenges under Pennsylvania's Post Conviction Relief Act, but these were rejected. *Id.*, at 4–5.

A petition for a writ of habeas corpus was filed in this Court in November 2013. Pet. (Doc. No. 1). Magistrate Judge Lloret issued a Report and Recommendation that the petition be dismissed, and this Court approved and adopted that report after the appropriate period had passed without the filing of any objections. April 29, 2015 Order (Doc. No. 23). Petitioner then filed two requests for appointment of counsel, which this Court denied. *See* March 14, 2016 Order (Doc. No. 27); March 28, 2016 Order (Doc. No. 31). An appeal followed, and the Third Circuit summarily vacated and remanded for further consideration of Petitioner's filings. *Stoltzfoos v. Sec'y Pa. Dep't of Corr.*, No. 16-1821 (3d. Cir. Aug. 17, 2016). This Court subsequently appointed counsel to represent Petitioner, and counsel filed objections to the report and recommendation in November 2016. Aug. 23, 2016 Order (Doc. No. 35); Objections to R. & R. (Doc. No. 42).

II.   Legal Standard

When reviewing a Magistrate Judge's report and recommendation, the district court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). But a federal habeas

---

[1] 18 Pa. Cons. Stat. § 5111(a)(3) makes it unlawful for a person to "conduct[] a financial transaction . . . [t]o avoid a transaction reporting requirement under State or Federal law."

court's underlying consideration of a state prisoner's habeas petition is "constrain[ed] . . . with respect to claims adjudicated on the merits in state court" by the standards of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts." *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000).

For questions of law, relief may only be granted if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is contrary to clearly established law if it is "diametrically different" or "mutually opposed" to that law. *Williams*, 529 U.S. at 364. A decision involves an unreasonable application of the law if it either "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," or unreasonably extends or refuses to extend a legal principle from existing Supreme Court precedent. *Williams*, 529 U.S. at 407–08.

Questions of fact also receive highly deferential review. *Lambert v. Blackwell*, 387 F.3d 210, 235–36 (3d Cir. 2004). A state court's factual determinations are presumed to be correct; the petitioner has the burden of rebutting that presumption with clear and convincing evidence. § 2254(e)(1). Relief can only be granted if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

These highly deferential standards of review do not apply if the claim was not "adjudicated on the merits in State court proceedings." § 2254(d). If the state court failed to rule

on the merits of a claim, and that claim was properly preserved by the petitioner, then the federal habeas court reviews that matter de novo. *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

III.  Discussion

Petitioner objects to the Report and Recommendation on two grounds: that the civil penalty imposed by the trial court violates the Eighth Amendment's prohibition on excessive fines, and that 18 Pa. Cons. Stat. § 5111(a)(3) is unconstitutionally overbroad. Both objections are overruled.

A.  Excessive Fines

Petitioner's first objection is that the $540,200 civil penalty is an excessive fine, in violation of the Eighth Amendment to the United States Constitution. This objection fails because the argument was never raised before the magistrate judge. Even if the argument had not been waived, the objection must still fail because the prior state court adjudication was neither "contrary to", nor an "unreasonable application" of, Supreme Court precedent. 28 U.S.C. § 2254.

When a habeas petition is referred to a magistrate judge, Local Rule 72.1(IV)(c) requires the parties to raise "[a]ll issues and evidence" with the magistrate. Arguments that are not presented to the magistrate judge are deemed waived. *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *Stromberg v. Varano*, No. CIV.A. 09-401, 2012 WL 2849266, at *2 n.14 (E.D. Pa. July 11, 2012) (collecting cases). Petitioner first raised the Eighth Amendment excessive fines argument in his Objections to Magistrate Judge's Report and Recommendations (Doc. No. 42). Because this argument was not presented to the Magistrate Judge in the petition for a writ of habeas corpus, Petitioner has waived it. Petitioner suggests that this ground is preserved because his initial petition for a writ of habeas corpus specifically mentioned Eighth Amendment violations, but the petition only

4

mentions the Eighth Amendment in its list of issues previously raised before the Pennsylvania Superior Court. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1-1), at 2. Neither the initial petition nor the Memorandum of Law submitted with it raised Eighth Amendment grounds for habeas relief. *Id.*; Pro Se Memorandum of Law (Doc. No. 1-2).

Even if the Court were to consider Petitioner's Eighth Amendment argument, the objection would still be denied. A fine is any payment to the government required as a punishment for an offense. *United States v. Bajakajian*, 524 U.S. 321, 328 (1998). The Eight Amendment prohibits the imposition of "excessive fines." U.S. Const. amend. XII. The constitutionality of a fine or forfeiture is a question of proportionality—"[i]f the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." *Bajakajian*, 524 U.S. at 336–37. Because "judgments about the appropriate punishment for an offense belong in the first instance to the legislature," a court must look to the maximum punishment set forth in statute to determine the gravity of the offense. *Id.*

The Pennsylvania Superior Court found that the penalty ordered by the trial court was not excessive, and Petitioner has not satisfied AEDPA's deferential standard for granting relief from that judgment. The Pennsylvania Superior Court "correctly identifie[d] the governing legal rule," *Williams*, 529 U.S. at 407, conducting the proportionality analysis required by the United States Supreme Court in *Bajakajian*. *See Com. v. Stoltzfoos*, No. 30 MDA 2009, slip op. at 27–30 (Pa. Super. Ct. Oct. 26, 2010) (Doc. No. 1-7). The Superior Court's decision can only be set aside if it was objectively unreasonable in its application of *Bajakajian* to Petitioner's case. *See Williams*, 529 U.S. at 407–08.

The decision was not objectively unreasonable. The Superior Court considered the gravity of the offense, relying on the legislature's judgment that violations of 18 Pa. Cons. Stat. § 5111 can be punished with a maximum penalty of twenty years in prison and a fine of twice the value of the property involved in the transaction. *Stoltzfoos*, No. 30 MDA 2009, slip op. at 29. It then found that the civil penalty of $540,200, the amount of the deposits that formed the basis for the criminal conviction, was proportional to an offense that gravity. *Id.*, slip op. at 30. Petitioner argues this is objectively unreasonable, pointing to the Supreme Court's holding in *Bajakajian* that a forfeiture of the entire amount of a reporting violation was excessive. *Bajakajian*, 524 U.S. at 339–340. But the offense in *Bajakajian* carried a maximum penalty of only five years, not twenty. *Id.*, at 339 n.14. And the amount forfeited in *Bajakajian* was significantly more than the maximum fine allowed under statute, whereas the civil penalty imposed here was only fifty-percent of the maximum. *Id.* Given these significant factual distinctions between the cases, and the Pennsylvania legislature's statutory judgment as to the seriousness of the offense, the Superior Court's conclusion was not objectively unreasonable.

      B.      Overbreadth

Petitioner also objects to the Magistrate Judge's recommendation that the statute of which Petitioner was convicted, 18 Pa. Cons. Stat. § 5111(a)(3), is not overbroad. As both the Magistrate Judge and Petitioner point out, the question of overbreadth under the federal constitution was never adjudicated in state court, although it was properly raised there by Petitioner. The overbreadth claim is therefore reviewed de novo. *See Appel*, 250 F.3d at 210. Nevertheless, Petitioner's objection fails because the statute does not affect a substantial amount of constitutionally-protected activity.

A law is overbroad if it "sweeps within its prohibitions" constitutionally-protected activity. *Grayned v. City of Rockford*, 408 U.S. 104, 114–15 (1972); *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 226 (3d Cir. 2004). However, only a "substantially overbroad" law can be struck down. *Aiello v. City of Wilmington*, 623 F.2d 845, 860 (3d Cir. 1980). The Third Circuit has a four-factor test to determine whether challenged statute affects a "*substantial* amount of constitutionally protected activity." *Gibson*, 355 F.3d at 226 (emphasis added). The first two factors require a comparison of "the number of valid applications" to the "frequency of conceivably impermissible applications." *Id.* (quoting *Aiello*, 623 F.2d at 860). The other factors to consider are "the nature of the activity or conduct sought to be regulated, and the nature of the state interest underlying the regulation" *Id.* (quoting *Aiello*, 623 F.2d at 860). The party challenging the law bears the burden of showing substantial overbreadth. *Virginia v. Hicks*, 539 U.S. 113, 122 (2003)

Section 5111 makes it illegal to conduct a financial transaction "to avoid a transaction reporting requirement under State or Federal law"—a practice known as structuring. 18 Pa. Cons. Stat. § 5111(a)(3). This statute cannot be overbroad because it does not affect constitutionally-protected activity. Petitioner fails to identify any constitutionally-protected conduct impinged by the structuring prohibition. In his pro se Memorandum of Law, Petitioner argues that the statute violates his expectation of privacy in his banking records. Pro Se Memorandum of Law (Doc. No 1-2), at 8. This does not establish constitutionally-protected activity. First, an expectation of privacy in banking *records* does not make the banking activity at issue here constitutionally-protected. And second, even if it did, Petitioner's objection asserts overbreadth in violation of the federal constitution, which unlike Pennsylvania's constitution, does not protect the privacy of banking records. *Compare United States v. Miller*, 425 U.S. 435,

7

442 (1976) (finding no "legitimate expectation of privacy" in the contents of bank records), *with Com. v. DeJohn*, 403 A.2d 1283, 1291 (Pa. 1979) ("[U]nder Art. I, § 8, of the Pennsylvania Constitution bank customers have a legitimate expectation of privacy in records pertaining to their affairs kept at the bank.").

Nor has Petitioner shown, under the *Gibson* factors, that § 5111 affects a substantial amount of alleged constitutionally-protected activity. Comparison of the first two factors suggests that the number of valid applications is likely to be significantly higher than "conceivably impermissible applications." *Gibson*, 355 F.3d at 226. Petitioner argues that avoiding reporting requirement is a facially innocent activity, like arranging one's affairs to minimize taxes. But structuring transactions to avoid triggering a financial institution's reporting requirements is fundamentally different than tax avoidance or other similar kinds of legal structuring of private transactions. Tax avoidance seeks to obtain a legal benefit for the taxpayer, keeping him or her from incurring an obligation to pay higher taxes. But the currency transaction reports at issue here do not impose any obligation on the depositor—only on the financial institution. *See* 31 C.F.R. § 1010.311 ("Each *financial institution* . . . shall file a report of each . . . transaction in currency of more than $10,000." (emphasis added)). Additionally, the benefits a depositor receives from structuring are likely to be unlawful. Individuals engaged in structuring "are not people trying to minimize their taxes by finding such loopholes as the law allows. They are people who are trying to conceal the existence of a large amount of cash from the government." *United States v. Davenport*, 929 F.2d 1169, 1173 (7th Cir. 1991). Such efforts to cover up illegal proceeds or deceive taxing authorities are not legitimate reasons to structure. Petitioner has not demonstrated any other legitimate rationale for structuring, and without one,

there are little or no "conceivably impermissible applications" of a law banning the practice. *Gibson*, 355 F.3d at 226.

The remaining two *Gibson* factors also argue against finding substantial overbreadth. Petitioner points to the title of § 5111 to argue that "the nature of the activity or conduct sought to be regulated," *id.*, is "proceeds of unlawful activities." 18 Pa. Cons. Stat. § 5111. He argues that the subsection that prohibits structuring, § 5111(a)(3), is overbroad because it encompasses all funds, not just the proceeds of unlawful activities. Pet.'s Objs., at 13–14. But the scope of the prohibition is consistent with its aims. Requiring financial institutions to report all cash transactions over ten thousand dollars provides the government with information needed to prevent money laundering, tax evasion, and other related crimes. Anti-structuring laws protect this mechanism, preventing anyone from "defeating the goal of the requirement that large cash deposits be reported to the Internal Revenue Service by breaking their cash hoard into enough separate deposits to avoid activating the requirement." *Davenport*, 929 F.2d at 1173. Making it illegal for anyone to structure their transaction to avoid reporting, regardless of the legality of the funds, ensures the viability of this reporting mechanism.

A prohibition on structuring is thus a valuable tool in the government's efforts to combat crimes related to illegal proceeds. This demonstrates that the state's interest in the law—the fourth *Gibson* factor—also weighs against overbreadth.

In sum, Petitioner has failed to show that § 5111 is substantially overbroad. He has been unable to identify any activities impinged upon by the statute that are constitutionally-protected. Even if the Court were, for the sake of argument, to accept banking activity as constitutionally-protected, the *Gibson* factors all weigh against finding that a substantial amount that activity is affected. "The overbreadth doctrine is 'strong medicine' that is used 'sparingly and only as a last

resort.' *New York State Club Ass'n. v. City of New York*, 487 U.S. 1, 14 (1988) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)). As a result, the burden of demonstrating it should be used falls on Petitioner. *Id.* He has failed to meet it.

IV.     Conclusion

For these reasons, Petitioner's objections are overruled. The Court approves and adopts Judge Lloret's Report and Recommendation, and dismisses the petition for a writ of habeas corpus.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.